SCOTT SCHOOLS (SCSBN 9990)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

CYNTHIA STIER (DCBN 423256)
Assistant United States Attorneys
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7534
FAX: (415) 436-7234
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DIANA JING JING HOJSAK,<br>a/k/a JING JING LU,<br><br>Defendant. | No. CR 07- 0325 - PJH<br><br>**STIPULATION AND ~~[PROPOSED]~~ ORDER REGARDING EXCLUSION OF TIME** |

The defendant came before the Court for a status hearing on October 3, 2007. The matter was set over until November 14, 2007, at 2:30 p.m. before the Court for a status hearing. The parties agreed, and the Court found, that the time between October 3, 2007 and November 14, 2007, is properly excluded under the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(8)(A) and (h)(B)(ii) and (iv). The parties agreed, and the Court found that, that the case was complex, due to the nature of the crime, and that counsel for the defendant needed additional time to review discovery recently provided by the United States. Due to the complexity of this matter, failure to grant the requested continuance would unreasonably deny the defense the reasonable time necessary for effective preparation. The parties agree that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the

defendants in a speedy trial.

DATED: October 3, 2007

/s/ Cynthia Stier
CYNTHIA STIER
Assistant United States Attorney

ORDER

For the foregoing reasons, and as stated on the record at the October 3, 2007, hearing in this matter, the Court HEREBY ORDERS the period between October 3, 2007 and November 14, 2007, excluded from the speedy trial calculation under Title 18, United States Code, Sections 3161(h)(8)(A) and (h)(B)(ii) and (iv). The Court finds that the failure to grant the requested continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, given the complexity of this case and the need for continuity of counsel. The Court finds that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases.

IT IS SO ORDERED.

DATED: 10/9/07

