CHRISTOPHER J. CANNON, State Bar No. 88034
Sugarman & Cannon
44 Montgomery Street, Suite 2080
San Francisco, CA 94104
Telephone: 415-362-6252
Facsimile: 415-677-9445

Attorney for Defendant DIANA JING JING HOJSAK,
a/k/a JING JING LU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DIANA JING JING HOJSAK,<br>a/k/a JING JING LU,<br><br>Defendant. | No. CR 07-0325-PJH<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DEPOSE A FOREIGN WITNESS** |

## I.   INTRODUCTION

The Fifth and Sixth Amendments to the Constitution of the United States guarantee Diana Hojsak's right to a full and fair trial, which includes the right to call witnesses who will provide testimony helpful to the defense. <u>Washington v. Texas</u>, 388 U.S. 14, 17-19 (1967). Fed. R. Crim. P. 15 and 18 U.S.C. § 3503 authorize the deposition of foreign witnesses at any place convenient to the parties and the witnesses.

Critical events leading to an agreement between Hojsak and a business associate, Michael Yell, occurred beyond the jurisdiction and subpoena range of this Court. Yell can

establish that Hojsak had assets prior to incurring U.S. Tax Liability; he can establish that payments made to Yell were for legitimate business expenses, and those payments reduced the tax liability of Allied Telecom International and Diana Hojsak. Moreover, Yell can establish that he owed money to Hojsak, prior to Hojsak's arrival in the United States, and subsequent payments made by Yell to Hojsak were repayments on that loan.

Because Yell is a key witness for Hojsak's defense and he is not available in the United States, his deposition must be taken to present his testimony at trial. Accordingly, Hojsak respectfully requests that the Court order the deposition of Michael Yell, on a date convenient to counsel and the Assistant United States Attorney.

## II.   ARGUMENT

### A.   THIS COURT IS EMPOWERED TO ORDER THE DEPOSITIONS SOUGHT BY THE DEFENDANT PURSUANT TO FED.R. CRIM. P. 15 AND 18 U.S.C. § 3503

Hojsak seeks to depose a foreign national in Singapore or another Asian country, so that the deposition may be introduced into evidence at his trial. Hojsak seeks an order from this Court to authorize this deposition pursuant to Federal Rule of Criminal Procedure 15. Rule 15 provides, in pertinent part:

> Whenever due to exceptional circumstances of the case, it is in the interest of justice that the testimony of a prospective witness of a party be taken and reserved for use at trial the court may upon motion of such party and notice to the parties order that testimony of such witness to taken by deposition and that any designated book, paper, document, record, recording, or other material not privileged be produced at the same time an place.

See also 18 U.S.C. § 3503.

Originally, Rule 15 set forth three specific conditions which had to be satisfied before the court could order the taking of a deposition on the motion of a defendant. This rule, however, was amended in 1975 to substitute an "exceptional circumstances" standard in lieu of the three specific conditions. Since Rule 15 was amended, it has been noted that "in most instances it is probably true that facts that would have satisfied the three conditions of the old rule would qualify as extraordinary circumstances." Fed. Prac. & Proc. Crim. 2d (Wright & Miller) 241, p. 6. See also Furlow v. United States, 644 F.2d 764, 767 (9th Cir. 1981), cert. denied, 454 U.S. 871 (1981).

"Although there is no mechanical rule for determining when depositions should be allowed, the generally accepted requirements are that the testimony of the prospective witness is material and that the witness is unavailable." 8 Moores' Federal Practice 15.02[1] (2d ed. 1980); accord, United States v. Sun Myung Moon, 93 F.R.D. 558, 559 (S.D.N.Y. 1982). Thus, Hojsak is entitled to an order for the deposition once it is demonstrated that the testimony is material, and that "exceptional circumstances" exist to take and preserve the testimony for use at trial.

**B.   THE PROSPECTIVE WITNESSES ARE UNAVAILABLE WITHIN THE MEANING OF RULE 15.**

To be entitled to an order for deposition under Rule 15 and § 3503, Hojsak must only show that "due to exceptional circumstances ... it is in the interest of justice that the testimony of a prospective witness ... be taken and preserved." United States v. Sines, 761 F.2d 1434, 1439 (9th Cir. 1985). The defendant is not required to show conclusively that the prospective witnesses are unavailable. Id. In Sines, the defendant challenged the

district court's order authorizing the taking of a witness' deposition in Thailand, asserting that the government, who had sought the deposition, had failed to make an adequate showing under Rule 15 and § 3503, that the witness would be "unavailable" for trial. The defendant argued that the government had failed to explore "all possible avenues to obtain [the witness] for trial" and as such the district court erred in authorizing the taking of the deposition. Id.

The Ninth Circuit Court of Appeals rejected this argument and upheld the district court's ruling finding that Rule 15 and § 3503:

> do not require any conclusive showing of 'unavailability' before a deposition can be taken in a criminal case ... it would be unreasonable and undesirable to require the government [or the defendant' to assert with certainty that a witness will be unavailable for trial months ahead of time, simply to obtain authorization to take his deposition.

Sines, 761 F.2d. at 1439.

Due to the witness' incarceration in Thailand, which precluded him from traveling to the United States to testify at trial, the district court was found not to have abused its discretion in concluding that the situation amounted to "exceptional circumstances" and that it would be in the "interest of justice" for the government to be permitted to take his deposition so that the testimony could be presented at trial. Id.; see also United States v. Wilson, 601 F.2d 95 (3d Cir. 1979) (sufficient justification for taking of deposition was made by showing that witness was in a foreign country from which he could not be extradited and that it was doubtful that he would be returned to the United States for trial and that his testimony would have been exculpatory).

However, the prospective witness need not be incarcerated in a foreign country in order to demonstrate "exceptional circumstances" within the meaning of Rule 15 and § 3503. In United States v. Sun Myung Moon, 93 F.R.D. 558 (S.D.N.Y. 1982), the defendant sought to take the depositions of 120 witnesses who resided in Japan. The court deemed these persons to be unavailable, for purposes of Rule 15 deposition, due to the fact that "[t]hese individuals are neither presently residing in the United States, nor subject to the subpoena power of this court and are purportedly unable, or unwilling, for various reasons, to come to the United States." Id. at 559-560; see also United States v. Stroop, 21 F.R.D. 269 (E.D.N.C 1988.)

Hojsak has likewise demonstrated, through the declaration of counsel, "exceptional circumstances" require the deposition of an individual outside of the United States. Because Yell does not reside in the United States, he is not, as a foreign national, subject to the subpoena power of this Court. Yell is unwilling to come to the United States to be deposed or to testify at trial.

It is recognized in this circuit that a foreign national's reluctance or refusal to attend a trial in the United States present sufficient justification for the taking of that witness' deposition. United States v. Sindona, 636 F.2d 792 (9th Cir. 1980), cert. denied, 451 U.S. 912 (1980). In Sindona, four Italian citizens were solicited by the government to testify voluntarily at the defendant's trial. Id. at 803. The witnesses initially indicated that they would voluntarily attend but later two of the witnesses refused to attend the trial and the two remaining witnesses had failed to procure the necessary travel documents. The government sought and was granted an order to depose the four witnesses in Milan, Italy.

Id. The defendant challenged the order for depositions on appeal but the district court's ruling was affirmed with a finding the district court had been provided with sufficiently exceptional circumstances justifying the order. Id. at 803. The court affirmed the trial judge's decision that filing that none of the four witnesses were subject to subpoena, and two had specifically refused to come to the United States. Id. at 803. Moreover, the remaining two witnesses had not yet obtained the necessary travel documents. Id. Accordingly, there was ample reason to fear that all four witnesses would fail to appear at trial. Id. at 804.

The prospective witness in this case, a foreign national with important exculpatory testimony, is not subject to the subpoena power of this court and has indicated that he is unwilling to come to the United States to provide his testimony.

### C. THE TESTIMONY OF THE PROSPECTIVE WITNESSES IS MATERIAL AND JUSTIFIES THE TAKING OF THE DEPOSITIONS.

To establish the materiality of a potential witness' testimony, the defendant is required to tender only that the testimony would be material to some defense. United States v. Hagedorn, 253 F. Supp. 969, 971 (D.C.N.Y. 1966); United States v. Bronston, 321 F. Supp. 1269 (D.C.N.Y. 1971). A lowered materiality threshold is appropriate where a deposition of a foreign national is involved. See U.S. v. Steele, 685 F.2d 793, 808 (3d Cir. 1982). Rule 15 does **not** require the defendant to demonstrate that the preferred testimony would exonerate him before he or she would be entitled to take the witness' deposition. See, e.g., United States v. Broker, 246 F.2d 328, 329 (2d Cir. 1957) cert.

denied, 355 U.S. 837; United States v. Whiting, 308 F.2d 537, 541 (2d Cir. 1962) cert. denied, 372 U.S. 909.

Hojsak is accused of tax evasion for the tax years 2000 and 2001. The defense anticipates that Michael Yell will testify that Diana Hojsak had assets prior to her arrival in the United States. He will testify that he owed Hojsak several million dollars and that the payments made by Yell to Hojsak, were repayments of that loan. He will further testify that payments made by Hojsak to Yell, were for legitimate business expenses and accordingly, those payments reduced the tax liability of Ms. Hojsak. See Declaration of Counsel.

Yell also has stated that he is unwilling to travel to this Country for a deposition, but he is willing to be deposed in Asia, specifically in Singapore, or Hong Kong. Yell's testimony will establish that the $1.7 million dollars transferred to HSBC was not income to Hojsak, but was rather a legitimate business expense. Accordingly, Yell's testimony is critical and central to Lu's defense.

Hojsak has a right to present a defense. Rock v. Arkansas, U.S. 483 U.S. 44 (1987) ("The right to testify is also found in the Compulsory Process Clause of the Sixth Amendment, which grants a defendant the right to call 'witnesses in his favor,' a right that is guaranteed in the criminal courts of the States by the Fourteenth Amendment." quoting Washington v. Texas, 388 U.S. 14, 17-19 (1967). That right includes the right to call witnesses in her favor. Here, the desired testimony is crucial to prove the legitimacy of transfers to HSBC. Therefore, exceptional circumstances require the deposition of Yell.

### III.   CONCLUSION

Hojsak has shown sufficiently exceptional circumstances requiring the deposition of Yell. Accordingly, Hojsak respectfully requests that the Court enter an order pursuant to Rule 15 and § 3503 authorizing her to take this deposition as soon as it can be practicably arranged.

Dated:  November 19, 2007          Respectfully submitted,

/s/

Christopher J. Cannon