SCOTT N. SCHOOLS (SC 9990)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

CYNTHIA STIER (DCBN 423256)
Assistant United States Attorney
  9th Floor Federal Building
  450 Golden Gate Avenue, Box 36055
  San Francisco, California  94102
  Telephone: (415) 436-7000
Assistant United States Attorney
    E-Mail: cynthia.stier@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DIANA LU<br>a/k/a Diana Jing Jing Hojsak,<br>a/k/a Jing Jing Lu,<br>a/k/a Diana Hojsak,<br><br>    Defendant. | No. CR-07-0325-PJH<br><br>**UNITED STATES' OPPOSITION TO MOTION TO DEPOSE A FOREIGN WITNESS**<br><br>Date: December 19, 2007<br>Time: 2:30 p.m. |

### INTRODUCTION

Defendant, Diana Lu, has moved this Court, pursuant to Rule 15(a) of the Federal Rules of Criminal Procedure, for an order authorizing the taking of the oral deposition of Michael Yell (hereinafter, "Yell") in "Singapore or another Asian country" in order to preserve his testimony for trial. Defendant contends that Yell is "unwilling to come to the United States to be deposed or to testify at trial." The United States opposes this request on the grounds that Defendant has failed to establish that "exceptional circumstances" exist which prevent Yell from testifying at trial. Specifically, Defendant has not shown that Yell is unavailable or that his testimony is material.

**MEMORANDUM OF LAW**

The taking of depositions in criminal cases is generally disfavored. <u>United States v. Drogoul</u>, 1 F.3d 1546, 1551 (11th Cir.1993). In particular, because of the absence of procedural protections afforded parties in the United States, foreign depositions are suspect and, consequently, not favored. Id. However, Rule 15(a) of the Federal Rules of Criminal Procedure permits depositions in a criminal matter "[w]henever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial...." A determination to grant or deny a motion for Fed.R.Cr.P.15 depositions is within this Court's discretion. <u>Drogoul</u>, 1 F.3d at 1552; <u>United States v. Ramos</u>, 45 F.3d 1519, 1522 (11th Cir.1995); <u>United States v. Marteau</u>, 162 F.R.D. 364, 365 (M.D. Fla. 1995).

The moving party bears the burden of showing the existence of 'exceptional circumstances' which justify the order of a Rule 15(a) deposition. <u>United States v. Marteau</u>, 162 F.R.D. at 367. Although the district court should consider "the particular circumstances of each case to determine whether the 'exceptional circumstances' requirement has been satisfied, courts generally have held that four factors should be balanced: whether (1) the witness is unavailable; (2) the testimony is material; (3) injustice would result from the absence of the material testimony to be provided; and (4) countervailing factors would make the deposition unfair to the opposing party. See <u>United States v. Kelley</u>, 36 F.3d 1118, 1125 (D.C. Cir. 1994); <u>United States v. Omene</u>, 143 F.3d 1167, 1170 (9th Cir. 1998); <u>United States v. Thomas</u>, 62 F.3d 1332, 1340-41 (11th Cir. 1995), *cert. denied*, 516 U.S. 1166 (1966).

1.) Availability of the Witnesses

Defendant alleges that "Yell does not reside in the United States, he is not, as a foreign national, subject to the subpoena power of this Court [and] Yell is unwilling to come to the United States to be deposed or to testify at trial." Memorandum, p. 5, lines 15-18. In support, Defendant submits the Declaration of her attorney, Christopher Cannon who states that "Michael Yell is unwilling to travel to the United States to provide testimony" but gives no reason for

Yell's unwillingness to come to the United States.

A potential witness is unavailable for purposes of Rule 15(a) when a "substantial likelihood exists that the proposed proponent will not testify at trial." United States v. Drogoul, 1 F.3d at 1553. Defendant must also show that they have made a good faith effort to produce the witnesses to testify at trial. United States v. Oudovenko, WL 253027 (E.D. N.Y 2001) Although a court may accept the representations of counsel with respect to the unavailability of a witness, *see* United States v. Sindona, 636 F.2d 792, 804 (2d Cir. 1980), *cert. denied*, 451 U.S. 912 (1981), "[c]onclusory statements of unavailability by counsel are insufficient." United States v. Chusid, 2000 WL 1449873 (S.D.N.Y. 2000)(*citing* United States v. Whiting, 308 F.2d 537, 541 (2d Cir. 1962). Defendant offers no more than conclusory statements by counsel that Yell is unavailable.

The Treasury Enforcement Communications System shows that "Michael Jon Yell" traveled from Australia to the United States eight times since September 2001. Michael Jon Yell made four trips to California during 2006 and 2007, one as recently as November 2007. Moreover, on his Arrival Information in October 2004, Michael Jon Yell listed Defendant's home in San Francisco as his address while in the United States. See Declaration of Andrea Bishop, Exhibit 1.

In order to establish Yell's unavailability, Defendant should be required to explain the reason for Yell's unwillingness to testify at trial. Given the fact that Yell frequently travels to the United States, and sometimes stays at Defendant's house, Defendant may be able to prevail upon this witness to travel to the United States to testify in her defense. United States v. Oudovenko, supra.

In the event that Yell provides an explanation of his unavailability, the parties and the Court may be able to fashion accommodations so that he can testify at trial. In United States v. Sandoval, 1997 WL 458424 (N.D. Ill. 1997), Sandoval indicated that the witnesses he sought to depose were outside the court's subpoena powers (Mexico) and unable or unwilling to travel to trial for various reasons; the first would not travel without a travel permit, the second potential

1  witness had family obligations; and the third simply stated he would not travel to the United
2  States to testify.  The court found that curative measures were available for the witness who
3  needed a travel permit;  that the court might be able to accommodate the second witnesses'
4  schedule; and lastly, that it was necessary for the third witness to set forth his reasons for his
5  unavailability in order for the court to evaluate whether he is unavailable within the meaning of
6  Rule 15(a).  United States v. Sandoval, supra; *see also*, United States v. Zuno-Arce, 44 F.3d
7  1420,1425 (trial court properly focused on unavailability, good faith effort to obtain the
8  witnesses' presence at trial)
9  　　The government urges this Court to require the Defendant to submit an affidavit from Yell
10  setting forth the reasons he is unavailable to travel to the United States for trial.  In this manner,
11  the Court can determine whether such reasons justify a finding that he is unavailable and also,
12  whether the reason he is unavailable is capable of being remedied.
13  　　　　　　　　　　　　2.)  Materiality of the Testimony
14  　　The 1974 Amendments provides that the principal objective of a Rule 15(a) deposition is to
15  preserve evidence for use at trial.  The primary consideration guiding whether the absence of a
16  particular witness' testimony would produce injustice is the materiality of that testimony to the
17  case.  United States v. Des Marteau, 162 F.R.D. at 368 (quoting United States v. Drogoul, 1 F.3d
18  at 1552).  "Material" is a term of art that means "material to the party moving to depose.  United
19  States v. Ramos, 45 F.3d at 1523.  To make this showing of materiality, the movant must make
20  known to the court and opposing counsel the "thrust of the evidence..."  United States v. Ramos,
21  supra.
22  　　Defendant is charged with evading taxes on her personal 2000 and 2001 income tax returns
23  (26 U.S.C. §7201) and for filing false tax returns for her wholly owned corporation,
24  Allied Telecom International, Inc. (hereinafter, "ATI") for the same tax years (26 U.S.C.
25  §7206(1).  These charges relate to unreported items of income.  The undisclosed income is
26  commission payments from Yagtze Fibre Optical and Cable Company (hereinafter, "YOFC")
27  which was not reported on Defendant's personal income tax returns nor were they reported as
28

US Opposition to Defendants'
Motion for Foreign Depositions,
US v. Lu, CR 070325-PJH

4

gross receipts on ATI's tax returns.

Defendant submits that Yell's testimony is material based on the following:

(1) Yell made payments for legitimate business expenses which reduced the tax liability of Allied Telecom International and Diana Hojsak (Memorandum in Support of Motion to Depose a Foreign Witness, p. 2, lines 1-3);

(2) Yell can testify that Diana Hojsak had assets prior to her arrival in the United States (Memorandum, p. 7, lines 5-6);

(3) Yell owed Hojsak several million dollars and that the payments made by Yell to Hojsak were repayments of that loan (Memorandum, p. 7, lines 6-7);

(4) Payments made by Hojsak to Yell were for legitimate business expenses and accordingly, those payments reduce the tax liability of Ms. Hojsak (Memorandum, p. 7, lines 7-10).

The anticipated testimony of Yell as described by the Defendant does not appear relevant to the charges relating to unreported income (commissions).  Business expenses paid by Yell does not affect the unreported commission payments from YOFC that were not included on Defendant's personal tax returns nor reported as gross receipts on ATI's tax returns.  Moreover, whether Defendant received millions of dollars from Yell in the form of loan repayments or some other form does not appear to have any relationship to commission payments from YOFC, another source, that were omitted from ATI's gross receipts.  As to the evasion charges, monies exchanged between Yell and Defendant are immaterial to whether Defendant reported YOFC commission monies on her federal income tax returns.

For these reasons, the government urges this Court to require the Defendant to submit an affidavit from Yell setting forth the substance of his testimony in more detail to permit a further analysis of the issue of materiality to the charges.

         3.) Whether countervailing factors would make the deposition unfair to the opposing party

Rule 15(a) provides ..."If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including

1  any book, paper, document, record, recording, or data." In the event that the Court orders the
2  deposition of Yell, the United States would request an Order for Yell to produce documents at
3  the deposition, including all documents relevant to the facts to which he will testify.

## CONCLUSION

For the reasons stated above, the Court should deny Defendants' motion. In the alternative, the government requests that the Court order Defendant to submit an affidavit from Yell stating the reason(s) he is unavailable to testify at trial and to set forth the substance of his testimony in more detail to permit a further analysis of the issues of availability and materiality.

DATED: December 5, 2007.          /s/ Cynthia Stier
                                  CYNTHIA STIER
                                  Assistant United States Attorney

US Opposition to Defendants'
Motion for Foreign Depositions,
US v. Lu, CR 070325-PJH