CHRISTOPHER J. CANNON, State Bar No. 88034
Sugarman & Cannon
44 Montgomery Street, Suite 2080
San Francisco, CA  94104-6702
Telephone: 415/362-6252
Facsimile: 415/677-9445

Attorney for Defendant DIANA JING JING HOJSAK LU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. CR 07-0325-PJH |
| | ) | |
| Plaintiff, | ) | **MOTION FOR RELEASE OF FUNDS** |
| | ) | |
| v. | ) | |
| | ) | |
| DIANA JING JING HOJSAK, a/k/a JING JING LU, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Diana Hojsak is a multitalented business woman whose job is to connect the United States and Chinese markets. She is currently the CEO of IGI, an international firm engaging in cross-cultural business consulting, publishing, design and promoting global brands. IGI recently launched its new endeavor, an upscale fashion line inspired by the best influences from the West and East. This complete line of clothing includs business attire, evening gowns, separates, handbags and accessories.

Ms. Hojsak is charged with evading her taxes for the tax years 2001 and 2002.  At that time she, on behalf of ATI, acted as a sales agent for optical fiber company in the China market.  Prior to that time, she had leveraged her knowledge of both China and the West into a variety of lucrative positions in the international telecom industry.  Her life is literally an open book and is chronicled in the autobiography <u>Daughter of the Yellow River</u>.

Ms. Hojsak knew she was under investigation for a year before she was indicted, retained counsel prior to indictment and surrendered when indicted.  Upon her surrender, bail was set at the amount of $250,000.00 which was secured by her home in San Francisco.

Almost contemporaneously with her indictment, Ms. Hojsak settled a civil case with YOFC, a Chinese Optical Fiber Company.  Although the details of that settlement are confidential, some of those details were discussed in chambers with the court.  Again, many of the details of that litigation are set out in Ms. Hojsak's book.  At the time, of her initial appearance, the government expressed concern that Ms. Hojsak would literally take the money from her settlement and leave the United States.  Obviously, this has not happened. Since her indictment, she has been working hard at IGI and attempting to recover from the financial reversals caused by her civil litigation.  In order to assuage the government's concern's that she would literally take the money and run, Ms. Hojsak agreed to deposit a substantial portion of the settlement from her civil litigation into counsel's trust account.  Ms. Hojsak did so.  She is now applying to this court for permission to use those funds in her business.

MOTION FOR RELEASE OF FUNDS

As indicated above, Ms. Hojsak is in the process of launching a new fashion line. Counsel was recently privileged to view the debut of the line. From the locale of the launch[1], to the cut of the clothing, to the carriage of the models on the runway, it is clear that the launch of this fashion line is an expensive venture. Ms. Hojsak would like to use her funds to fund her new clothing line since hoped for alternative sources of funding are unavailable. The use of these funds will strengthen, rather than weaken, Ms. Hojsak's ties to the Bay Area, because the funds will be used to finance a serious, ongoing business. While some of the money will be used to pay for the production of the clothing in China, most of the money will be spend on marketing and promotion and other activities in the United States. We will be happy to provide the Court, for the Court's review and not for the government's review, an under seal monthly report of individual expenditures to satisfy any potential that the funds would be used to assist in flight for the United Sates. In fact, the opposite is true, Ms. Hojsak wishes to use her funds to expand her business and thus strengthen her ties to the United States.

Ms. Hojsak's business, as detailed in her autobiography, her work with IGI and her current fashion venture all depend upon Ms. Hojsak's ability to use her knowledge of Chinese and American societies to combine their features for profit. Ms. Hojsak is unlikely to permanently return to China, because such a return, with the accompanying inability to come back to the United States would devastate her business which depends upon access to both China and the United States. Instead, as indicated above, Ms. Hojsak

---

[1] The Four Seasons in San Francisco

MOTION FOR RELEASE OF FUNDS

1  is actively attempting to expend her business and has launched a new fashion line, here in
2  the United States.
3      Ms. Hojsak is neither a flight risk nor a danger, as demonstrated by her surrender in
4  this case, the posting of her home, and her return to the United States following permitted
5
6  overseas travel.  At this point she respectfully seeks access to her funds so that she may use
7  them to continue her business

11  Date: December 12, 2007                    /S/ Christopher Cannon
12                                             Christopher J. Cannon
                                               Counsel for Diana Hojsak Lu
13
14
        SO ORDERED.
15
16
17
18  Date:                                      _____