CHRISTOPHER J. CANNON, State Bar No. 88034
Sugarman & Cannon
44 Montgomery Street, Suite 2080
San Francisco, CA 94104
Telephone: 415-362-6252
Facsimile: 415-677-9445

Attorney for Defendant DIANA JING JING HOJSAK,
a/k/a JING JING LU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DIANA JING JING HOJSAK,<br>a/k/a JING JING LU,<br><br>　　　　Defendant. | No. CR 07-0325-PJH<br><br>**REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DEPOSE A FOREIGN WITNESS** |

## I.    INTRODUCTION

The government contends that the defense has failed to show that Michael Yell is unavailable and that his testimony would be favorable. The government is wrong on both counts. Moreover, we now have a signed declaration from Mr. Yell which details why he is unavailable and his testimony is exculpatory.

/   /

/   /

### A. MICHAEL YELL IS UNAVAILABLE WITHIN THE MEANING OF RULE 15.

As we indicated in our opening brief, a defendant is not required to show conclusively that the prospective witnessed can not come to the United States. United States v. Sines, 761 F.2d. 1434, 1439 (9th Cir. 1985). A foreign national's reluctance or refusal to attend a trial in the United States presents sufficient justification for the taking of that witness' deposition. United States v. Sindona, 636 F.2d 792 (9th Cir. 1980), cert. denied, 451 U.S. 912 (1980).

Diana Hojsak has due process right to present a defense. Rock v. Arkansas, U.S. 483 U.S. 44 (1987). The prospective witness in this case, Michael Yell is a foreign national with important exculpatory testimony. Because he is not subject to the subpoena power of this court, the only way we can insure that the jury will hear his important exculpatory testimony is through a deposition. Because he is not subject to the subpoena power of this court, Yell is the gate keeper of his own testimony. He can not be compelled. His decision to testify and the circumstances under which he will testify are matters in his own power. It does not matter whether we believe his reasons for not coming to the United States are strong or weak, because he can not be compelled. His reasons, whatever they may be, are sufficient. No one wants to be involved in tax litigation. Yell has set out the conditions under which he agrees to be involved. This Court should order his deposition.

**B.    THE TESTIMONY OF MICHAEL YELL IS MATERIAL AND IMPORTANT.**

The government claims:

> The anticipated testimony of Yell as described by the Defendant does not appear relevant to the charges relating to unreported income (commissions). Business expenses paid by Yell does not affect the unreported commission payments from YOFC that were not included on Defendant's personal tax returns nor reported as gross receipts on ATI's tax returns. Moreover, whether Defendant received millions of dollars from Yell in the form of loan repayments or some other form does not appear to have any relationship to commission payments from YOFC, another source, that were omitted from ATI's gross receipts. As to the evasion charges, monies exchanged between Yell and Defendant are immaterial to whether Defendant reported YOFC commission monies on her federal income tax returns. GB at 5.

While we are thankful for the government's partial statement of its theory of the case, the indictment charges in Counts One that Ms. Hojsak stated:

> that defendant's taxable income for the tax year 2000 was the sum of $24,915.00 and the tax due owing was the sum of $3,739, whereas, as she then and there well believed, her taxable income for the said year was in excess of that hereto stated and that upon said additional taxable income some additional tax was due and owing to the United States of America.

Similarly Count Two charges that she filed a tax return for 2001 which stated:

> that defendant's taxable income for the tax year 2001 was the sum of $0 and the tax due and owing was the sum of $0, whereas, as she then and there well believed, her taxable income for the said tax year was in excess of that hereto stated and that upon said additional taxable income some additional tax was due and owing to the United States of America

Michael Yell's anticipated testimony is specifically relevant and exculpatory as to counts one and two because it will: one, demonstrate the existence of expenses that reduced Diana Hojsak's income and two, will demonstrate the existence of assets that were used to support her business and standard of living.

## II.     CONCLUSION

This is a tax evasion case.  The defense has procured a witness who can testify as to both the existence of non taxable assets and as to the existence of taxable expenses.  Diana Hojsak has a right under the due process clause to present that evidence in her own defense and accordingly, through counsel respectfully requests that the Court enter an order pursuant to Rule 15 and § 3503 authorizing her to take this deposition as soon as it can be practicably arranged.

Dated:  December 12, 2007              Respectfully submitted,

                                                              /s/Christopher Cannon
                                                              Christopher J. Cannon