1 | SCOTT SCHOOLS (SCBN 9990)
United States Attorney

2

3 | BRIAN J. STRETCH (CBN 163973)
Chief, Criminal Division

4 | CYNTHIA STIER (DCBN 423256)
Assistant United States Attorneys

5 |   450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102-3495

6 |   Telephone: (415) 436-7000
  FAX: (415) 436-7234

7 | Attorneys for Plaintiff

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SAN FRANCISCO DIVISION

| | | | |
|---|---|---|---|
| 11 | UNITED STATES OF AMERICA, | ) | No. CR 07- 0325 - PJH |
| 12 | Plaintiff, | ) | |
| 13 | v. | ) | **OPPOSITION TO MOTION FOR RELEASE OF FUNDS** |
| 14 | | ) | |
| 15 | DIANA JING JING HOJSAK, a/k/a JING JING LU, | ) | **Date: January 2, 2008, 1:30 p.m.** |
| 16 | | ) | |
| 17 | Defendant. | ) | |
| 18 | | ) | |

19 | **PROCEDURAL POSTURE**

20 On May 24, 2007, Defendant was indicted by a Grand Jury for two counts of tax evasion and

21 two counts of subscribing to false federal tax returns of her wholly owned corporation, Allied

22 Telecom International ("ATI").

23 On June 7, 2007, Defendant was released upon the condition that she post a $250,000 bond

24 secured by property located at 111 Chestnut Street, San Francisco, California, and that the

25 proceeds of a civil settlement payable to the Defendant, be withheld pending further order of this

26 Court.

27 Defendant now seeks an Order from this Court to release those settlement proceeds in order

28 to fund her new business, a clothing line. The United States opposes this request on the grounds

1  that the continued retention of the settlement funds is the least restrictive means to assure

2  Defendant's continued appearance in this case.  18 U.S.C. §3142.

3                    **Declining Contacts With the United States**

4                                 **Business**

5      Defendant is a Chinese citizen who came to the United States in 1997.[1]  In April 1998, she

6  incorporated ATI, her wholly owned business.  Although ATI was incorporated in California, it

7  had an office in China.  ATI's main business was its contract with YOFC, a Chinese company

8  that manufactured fiber optic cable.  ATI had a contact with YOFC to sell the fiber optics to

9  Chinese clients. ATI had no US clients.  Defendant had a dispute with YOFC and sued them in

10  San Francisco Superior Court. The litigation was lengthy and finally resulted in a settlement in

11  May of 2007.  The terms of the settlement required YOFC to make a payment to the Defendant.

12  Motion for Release of Funds, p. 2, lines 14-20.  Prior to making the payment, Defendant was

13  indicted in this case and the United States became aware of the settlement.

14      On June 7, 2007, the Magistrate released the Defendant upon the condition that she post  a

15  $250,000 bond secured by real property located at 111 Chestnut Street in San Francisco, and that

16  the proceeds from the YOFC settlement payable to the Defendant be held pending further order

17  of this Court.

18      Defendant is now the CEO of Image Global Impact ("IGI") which is in the process of

19  launching a new fashion line.[2]  Motion for Release of Funds, page 1, lines 22-25;  page 3, line 1.

20  Defendant seeks this Court's order to release the settlement funds in order to fund IGI's new

21  clothing line .  Motion for Release of Funds, p. 3, lines 5-6.

22      Defendant refers to IGI as "an international firm." Motion, p. 1, line 22.  The clothing for

23  IGI's  "new fashion line" is manufactured in Shenzhen, China.  Defendant intends to use

24  settlement proceeds, in part, to fund manufacturing. Motion, p. 3, line 10;  See Exhibit 1, Diana

25  _____

26      [1]Defendant married Walter Hojsak in 1997 and the couple divorced in December 2000.

27      [2]ATI is no longer in business.

28  *US v. Diana Hojsak*, Opp. To
Motion for Release of Funds,
No. CR 07- 0325 - PJH

1   Business and Personal Travel, entry for August 5, 2007 "Visiting manufacturing (IGI clothing

2   line for US market)"

3       Defendant has extensive international contacts, mainly in China.[3]  Prior to the indictment,

4   Defendant's passport reveals nine overseas trips between January 2006 and March 2007.  During

5   this period, her litigation with YOFC in San Francisco was ongoing.

6       Subsequent to indictment, Defendant requested that she be allowed to continue her

7   international travel in order to conduct business.  Defendant traveled to Hong Kong and Paris in

8   connection with the "clothing line" and "meeting designers."  See Diana Business and Personal

9   Travel Plan July - Dec. 2007.  Attached as Exhibit 1.  The United States did not oppose this

10  travel because the settlement funds secure Defendant's future appearances.

11                          **Liquidation of Real Property**

12      Defendant became aware that she was being investigated by the Internal Revenue Service

13  Criminal Investigation Division approximately May 2006.  Motion for Release of Funds, p. 2,

14  line 9.  Three months later, in  August 2006, Defendant sold a parcel of real property.  See

15  Certified Copy of Grant Deed, Exhibit 2 hereto.  Thereafter, in February 2007, Defendant

16  refinanced her only other known parcel of real property, located at 111 Chestnut Street, San

17  Francisco, withdrawing $1,000,000.00.[4]  See Certified Copy of First Page of Deed of Trust,

18  Exhibit 3 hereto.  Defendant provided an appraisal of that property indicating its value as

19  $1,350,000.  The United States is not aware of the balance on any other deed of trust with respect

20  to the Chestnut property.  However, the foregoing does evidence that Defendant has liquidated

21  most of her real property in the United States within nine months of becoming aware of a

22  criminal investigation of her US tax liability.

23  //

24

25      [3]Defendant's parents reside outside the US, most likely in China.  See Exhibit 1

26      [4]The Chestnut Street property is the property posted to secure Defendant's $250,000

27  bond.

28  *US v. Diana Hojsak*, Opp. To
Motion for Release of Funds,
No. CR 07- 0325 - PJH

1

**Passport and Names**

2    Defendant is not a citizen of the United States.  Because she does not have a United States

3  passport it is difficult to restrict her travel. Defendant also employs multiple names, including

4  Diana Hojsak, Diana Lu, Jing Jing Lu, Diana Jing Jing Hojsak, and Diana A. Hojsak.  The

5  number of names makes it difficult to ensure that she remains in the US.

6

**DISCUSSION**

7

**Retention of the Settlement Funds Assures Defendant's Presence**

8    If the judicial officer determines that the release on personal recognizance or unsecured bond

9  will not reasonably assure the appearance of the person as required ... the judicial officer shall

10  order pretrial release "subject to least restrictive further condition, or combination of conditions,

11  that such judicial officer determines will assure the appearance of the person."  18 U.S.C. §3142

12  (c)(1)(B).

13    The United States requests that this Court retain the conditions of release currently in place. .

14  As shown above, Defendant's contacts in the US are declining:  (1) Defendant's lengthy civil

15  litigation with YOFC in San Francisco is over; (2) Although Defendant contends that she has a

16  US business, her fashion business is a collapsible business which can easily relocate; (3) IGI has

17  extensive business contacts in China, including the manufacturing of the clothing line in which

18  Defendant intends to spend the settlement proceeds; (3) Defendant has substantial contacts

19  overseas as evidenced by her nine trips in the fifteen month period prior to her indictment and her

20  extensive travel subsequent to the indictment; (4) Defendant liquidated her real property

21  receiving well over $1,000,000.000 within nine months of becoming aware that she was being

22  criminally investigated; and (5) Defendant, who uses multiple names,  does not have a United

23  States passport so it is difficult to restrict her travel.

24  //

25  //

26  //

27  //

28
*US v. Diana Hojsak*, Opp. To
Motion for Release of Funds,
No. CR 07- 0325 - PJH

4

1

**CONCLUSION**

2      For the reasons set forth above, the United States opposes the Motion to Release the

3 Settlement Funds. Pursuant to Section 3142, the retention of this fund is the least restrictive

4 further condition that assures the presence of the Defendant at future judicial proceedings.

5

6 DATED: December 21, 2007                  /s/ Cynthia Stier
                                            CYNTHIA STIER
7                                           Assistant United States Attorney

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
   *US v. Diana Hojsak*, Opp. To
   Motion for Release of Funds,
   No. CR 07- 0325 - PJH