UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DIANA HOJSAK,<br>a/k/a Diana Jing Jing Hojsak,<br>a/k/a Jing Jing Lu,<br>a/k/a Diana Lu,<br><br>　　　　Defendant. | No. CR-07-0325-PJH<br><br>[PROPOSED] ORDER AUTHORIZING DEPOSITION UPON ORAL EXAMINATION PURSUANT TO FED.R.CRIM.P. 15(a) |

THIS MATTER came before this Court for a status conference on January 23, 2008, at which the parties represented their agreement to take the deposition of Michael Jon Yell pursuant to Rule 15(a) of the Fed.R.Crim.Pro. The Court having considered the pleadings on file in this matter, and the arguments of the parties presented at the hearing, and for good cause shown,

THE COURT HEREBY ORDERS that the deposition upon oral examination of Michael Jon Yell, go forward upon the following terms and conditions:

　　A.　　The deposition of Michael Jon Yell (hereinafter, "Yell") shall commence on April 21, 2008, and continue until completion.

　　B.　　The deposition shall take place in San Francisco, California, at a place agreed to by both parties. Counsel for both the United States and Defendant shall be provided an opportunity to orally examine the witness during the deposition.

     C.     The deposition shall be recorded by videotape and stenographic means as authorized by Fed.R.Civ.P. 30(b)(2).  Counsel for the Defendant shall make arrangements for both the videographer and stenographer.

     D.     Objections shall be preserved in a manner consistent with Fed.R.Crim.P. 15(g) and Fed.R.Civ.P. 30(c).

     E.     The parties agree to make available or produce to each other all documents or other tangible evidence expected to be shown to the to the deponent at the time of the deposition whether or not introduction of the document into evidence is anticipated.  The parties agree to complete this exchange no less than seven calendar days prior to the deposition occurring.

     F.     A party may use all or part of the deposition as provided by the Fed. Rules of Evidence.

     G.     Pursuant to Rule 15(a)(1), Yell is to produce at the deposition the following documents:

**DOCUMENTS TO BE PRODUCED BY MICHAEL YELL**

**Documents for Production by Michael Yell Re: Loan from Diana Hojsak referenced in the December 10, 2007 Declaration of Michael Yell**

The Declaration of Michael Yell dated December 10, 2007, states "[p]rior to my signing my consulting agreement with ATI, I owed Diana Lu several million dollars."  For purposes of this request, the term "loan" refers to the pre-existing debt owed Diana Lu prior to signing the consulting agreement with ATI.

For purposes of this request, all references to Lu mean Diana Hojsak, Diana Lu, Jing Jing Lu, and Jing Jing Hojsak.

For purposes of this request, ATI means Allied Telecom International, Inc.

     1.     A copy of all agreements regarding the "loan" including drafts.

     2.     All documents including but not limited to promissory notes, agreements, loan documents, minutes, or any other document that references the "loan."

     3.     All transmittals including emails, faxes, correspondence, notes and letters, between Yell and Lu referencing the "loan."

4. The original of all documents responsive to Nos. 1, 2 and 3, above.

5. All bank records, including wire transfers, cancelled checks, cashier checks, bank checks, deposit and withdrawal items, evidencing the receipt or deposit of any portion of the "loan."

6. Any and all accounting records, including book entries, journals, ledgers or other accounting records to show the receipt of the loan or any portion of the "loan."

7. All documents, including bank records (wire transfers, cancelled checks, cashier checks, bank checks, deposit and withdrawal items), accounting records (book entries, journals, ledgers or other accounting records) regarding the disbursement of the proceeds of the "loan."

8. All bank records, including wire transfers, cancelled checks, cashier checks, bank checks, deposit and withdrawal items, evidencing the repayment, or partial repayment of the "loan."

9. Any and all accounting records, including book entries, journals, ledgers or other accounting records to show the repayment, or partial repayment, of the "loan."

10. Any and all documents, including agreements, records, promissory notes, loan documents, minutes, or any other document referencing any other loan which Yell (or Yell's business) received from Lu, ATI, or any business in which Lu had an interest.

11. Any and all documents, agreements, records, promissory notes, loan documents, minutes, or any other document referencing any loan made by Yell (or Yell's business) to Lu, to ATI or to any other business in which Lu had an interest.

12. The original of all documents responsive to Nos. 6, 7, 9, 10 and 11.

**Documents for Production by Michael Yell Re: Consulting Agreement with ATI referenced in the December 10, 2007 Declaration of Michael Yell**

The Declaration of Michael Yell dated December 10, 2007, states "ATI owed me substantial sums for consulting services." For purposes of this request, the term "consulting agreement" refers to the consulting agreement for which ATI owed substantial sums for consulting services.

///

US v. Hojsak, Case No. 07-0325 PJH,
[Proposed] Order Authorizing Deposition Upon Oral
Examination Pursuant to Fed.R.Crim.P.15(a)          3

1 | For purposes of this request, all references to Lu mean Diana Hojsak, Diana Lu, Jing Jing Lu, and Jing Jing Hojsak.

For purposes of this request, ATI means Allied Telecom International, Inc.

13. The "consulting agreement."

14. All drafts of the "consulting agreement."

15. All transmittals between Yell (or Yell's business) and Lu (or ATI) regarding the "consulting agreement" including emails, faxes, correspondence, notes and letters.

16. Any and all bills, invoices or other billing documents between Lu (or ATI) and Yell regarding the "consulting agreement."

17. All transmittals between Yell and Lu (or ATI) regarding any other consulting agreement, including emails, faxes, correspondence, notes, letters, and the consulting agreement.

18. All agreements regarding any business transaction between Yell and Lu not covered by Nos. 13, 15, and 17, above.

19. The original of all documents responsive to Nos. 13, 14, 15, 16, 17 and 18, above.

20. Any and all checks between Lu (or ATI) and Yell regarding the "consulting agreement," any other consulting agreement or other business arrangement.

21. Any and all records, including book entries, journals, ledgers or other accounting records evidencing payments between Lu and/or ATI and Yell regarding the "consulting agreement," any other consulting agreement or other business arrangement.

22. Any and all bills, invoices or other billing statements or documents between Yell and Lu and/or ATI regarding the "consulting agreement," any other consulting agreement or other business arrangement.

23. All bank records, including wire transfers, cancelled checks, cashier checks, bank checks, deposit and withdrawal items, evidencing payments between Lu and Yell regarding the "consulting agreement," any other consulting agreement or other business arrangement.

24. All tax returns evidencing the receipt of monies paid to Yell for the "consulting agreement," or any other consulting agreement or other business arrangement.

///

US v. Hojsak, Case No. 07-0325 PJH,
[Proposed] Order Authorizing Deposition Upon Oral
Examination Pursuant to Fed.R.Crim.P.15(a)            4

Re: General

25. Any and all records relating to Yell's consulting business(es) to include but not limited to the company name, formation documents, license fees paid, client list, and services provided.

26. All bank account records for Yell's consulting business with ATI or Lu.

27. Copies of all canceled checks made payable by Yell (or his business) to ATI or Lu.

28. All records related to the payment of income and/or business taxes to the Australian government by Yell or his business from 2000 through 2002.

29. Current and canceled passport and visa applications of Yell.

30. Any and all documents, including copies of checks, from Lu (or ATI) or their representative showing payments to Yell from May 2006 to the date of the deposition, April 21, 2008.

H. Michael Yell is directed to provide writing exemplars at his deposition.

SO ORDERED.

Dated: _____                              _____
                                                  PHYLLIS J. HAMILTON
                                                  UNITED STATES DISTRICT JUDGE