```
1  JOSEPH RUSSONIELLO (CSBN 44332)
   United States Attorney
2  THOMAS MOORE (ASBN 4305-O78T)
   Assistant United States Attorney
3  Chief, Tax Division
   CYNTHIA STIER (DCBN 423256)
4  Assistant United States Attorney
    9th Floor Federal Building
5    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
6   Telephone: (415) 436-7000

7  Attorneys for the United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>    Plaintiff, )<br>  )<br>  v. )<br>  )<br>  )<br>DIANA JING JING HOJSAK, )<br>a/k/a JING JING LU, )<br>  )<br>  )<br>    Defendant. )<br>_____ )<br>  ) | No. CR 07- 0325 - PJH<br><br>**OPPOSITION TO SECOND MOTION**<br>**TO RELEASE OF FUNDS**<br><br>Date:  March 12, 2008<br>Time: 1:30 p.m.<br>Place: Courtroom G, 15th Floor |

**PROCEDURAL POSTURE**

On May 24, 2007, Defendant was indicted on two counts of tax evasion and two counts of subscribing to false federal tax returns of her wholly owned corporation, Allied Telecom International ("ATI").

On June 7, 2007, Defendant was released upon the condition that she post a $250,000 bond secured by property located at 111 Chestnut Street, San Francisco, California, and that the proceeds of a civil settlement payable to the Defendant, be withheld pending further order of this Court. This Court granted in part Defendant's prior request to release the settlement funds and ordered that $200,000 be released. Defendant now seeks the release of the remaining funds.

The United States opposes Defendant's request because retention of the remaining funds is the least intrusive means of ensuring Defendant's appearance at trial which is scheduled to commence on May 19, 2008.

### International Contacts

In its prior opposition to the release of settlement funds, the United States established that Defendant, who is not a United States citizen, has extensive international contacts, mainly in China[1]  Prior to indictment, Defendant's passport reveals nine overseas trips between January 2006 and March 2007.  Subsequent to indictment, Defendant requested that she be allowed to continue her international travel.  The United States did not oppose this travel because the settlement funds were in place to secure Defendant's future court appearances.

### Real Property

In her first Motion to Release Settlement Funds, Defendant stated that she became aware of the Internal Revenue Service criminal investigation in May 2006.  Motion for Release of Funds, p. 2, line 9.  Thereafter, in August 2006, she sold one parcel of real property.  See Certified Copy of Grant Deed, Exhibit 2 to Opposition to Motion to Release Funds.  Defendant received $137,067.51 from that sale.  See Seller's Closing Statement, Exhibit A to Second Motion to Release Funds.  Thereafter, in February 2007, Defendant refinanced her only other known parcel of real property, located at 111 Chestnut Street, San Francisco, receiving $134,729.  See Borrower Final Closing Statement, Exhibit B to Second Motion to Release Funds.  Defendant has provided an appraisal of that property indicating its fair market value at $1,350,000, sufficient to secure the $250,000 bond.  The United States does not dispute that the appraisal establishes that the property adequately secures the bond.

### Passport and Names

Defendant is not a citizen of the United States.  Because she does not have a United States passport it is difficult to restrict her travel. Defendant also employs multiple names, including Diana Hojsak, Diana Lu, Jing Jing Lu, Diana Jing Jing Hojsak, and Diana A. Hojsak.  The

---

[1]Defendant's parents reside outside the US, most likely in China.  See Exhibit 1

*US v. Diana Hojsak*, Opp. To
Motion for Release of Funds,
No. CR 07- 0325 - PJH                    2

number of names makes it difficult to ensure that she remains in the US.  The United States allowed Defendant to travel because the settlement funds ensured her continuing appearances in court.

## DISCUSSION

### Retention of the Settlement Funds Assures Defendant's Presence

If the judicial officer determines that the release on personal recognizance or unsecured bond will not reasonably assure the appearance of the person as required ... the judicial officer shall order pretrial release "subject to least restrictive further condition, or combination of conditions, that such judicial officer determines will assure the appearance of the person." 18 U.S.C. §3142 (c)(1)(B).

The United States requests that this Court retain the conditions of release currently in place. The reason for the release conditions were to ensure Defendant's presence at future court appearances.  Her trial is scheduled for May 19, 2008, less than three months away.  Defendant contends that the funds should be released because she has thus far appeared in all scheduled court appearances.  The government argues that retention of the settlement funds has ensured her appearance and is the least restrictive means to ensure her appearance at trial.

## CONCLUSION

For the reasons set forth above, and those set forth in its prior Opposition to Motion to Release Funds, the government contends that retention of the remainder of the settlement fund is the least restrictive further condition to ensure Defendant's presence at her May 19, 2008 trial.

DATED: February 28, 2008                /s/ Cynthia Stier
                                        CYNTHIA STIER
                                        Assistant United States Attorney

*US v. Diana Hojsak*, Opp. To
Motion for Release of Funds,
No. CR 07- 0325 - PJH                   3