JOSEPH RUSSONIELLO (CSBN 44332)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
CYNTHIA STIER (DCBN 423256)
Assistant United States Attorney
 9th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone: (415) 436-7000

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TROY HOLLAND, ) <br> ) <br> Defendant. ) <br> ) | No.   CR-00-40130-CW <br><br> UNITED STATES' RESPONSE TO MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE |

   Troy Holland has filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  His petition raises four grounds for relief.  First, Holland argues that he was provided ineffective assistance of counsel.  Second, he asserts that the government did not establish fraud "amount of fraud was not proven beyond a reasonable doubt before a jury or admitted by Defendant.  Third, he argues that the proper guidelines were not used in calculating his sentence.  Fourth, he argues that the Court failed to properly consider the factors set forth at 18 U.S.C. §3553(a) in sentencing him.  By Order entered February 8, 2008, this Court ordered the United States to file and serve upon the Defendant an answer.  This Response is filed in accordance with this Court's Order.

//

//

**A. Holland's conviction and sentencing.**

On March 15, 2004, Holland was sentenced to a sixty month term of imprisonment for twenty-seven counts of willfully aiding or assisting in the filing of false federal income tax returns in violation of 26 U.S.C. §7206(2).

On August 1, 2005, the Court of Appeals for the Ninth Circuit affirmed the conviction but remanded for further sentencing proceedings, specifically instructing the district court to establish a new payment schedule for restitution and for the Court to determine whether the judge would have imposed a materially different sentence had she known the Guidelines were advisory pursuant to United States v. Ameline, 409 F.3df 1073, 1083 (9th Cir. 2005)(en banc).

Following the Ninth Circuit instructions, the district court resentenced Holland and revised its restitution order and reimposed a term of imprisonment of sixty months and a three-year period of supervised release. However, the Court's oral pronouncement of the sentence was ambiguous. On November 7, 2005, the district court entered an amended judgment sentencing Holland to a sixty month term of imprisonment and three years of supervised release.

On October 3, 2006, the Ninth Circuit vacated the district court's order of supervised release and remanded for the district court to correct the term of supervised release. The parties agreed that the three-year term of supervised release imposed by the district court was not authorized by law and that a one -year period of supervised release was allowable pursuant to 18 U.S.C. §3583(b).

On October 30, 2006, the district court entered a second Amended Judgment imposing the same judgment except for a one-year term of supervised release.

On January 4, 2008, Defendant filed a Motion pursuant to 28 U.S.C. §2255 to vacate, set aside or correct his sentence.

On February 8, 2008, the Court ordered the United States to file an answer to Defendant's motion.

//

**B. Holland's Petition is Untimely.**

Under §2255, a defendant in custody on a federal offense may move in the district court in which he was convicted to have his sentence vacated, set aside, or corrected "upon the grounds that the sentence was imposed in violation of the Constitution and laws of the United States." Relief under §2255 is available only if the defendant is "in custody," which includes time served on supervised release, Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir. 2002), but does not include orders to pay fines or restitution which are not confinement. See United States v. Thiele, 314 F.3d 399, 402-03, and n.3 (9th Cir. 2002).

Section 2255 of the United States Code (28 U.S.C.) provides in relevant part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by government action in violation of the constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims could have been discovered through due diligence.

Accordingly, Section 2255 allows a motion to be filed within one year of the latest of the four events specified above. In his Petition, Holland does not allege any of the factors set forth in events 2, 3 or 4: he does not allege that he was impeded from making a §2255 motion; that his motion was made pursuant to a newly recognized right by the Supreme Court; or that the facts upon which his Petition rests were not discoverable through due diligence. Therefore, the sole grounds to adjudge the timeliness of the Petition is set forth in (1) the date that conviction became final. Holland was required to file it within one year from that date.

//

//

**C. Defendant had until one year from the date that his conviction became final to file his 2255 motion.**

In this case, Defendant filed a Notice of Appeal from the District Court's judgment twice, on March 24, 2004 and November 8, 2005. Pursuant to a mandate from the Court of Appeals for the Ninth Circuit, on October 30, 2006, the district court entered a Second Amended Judgment.

The Court of Appeals for the Ninth Circuit has addressed the issue of when a conviction becomes final when the sentencing follows a remand. In United States v. Colvin, 204 F.2d 1221, 1225 (9th Cir. 2000), the Court held that in cases in which a sentence is reversed, either wholly or partially, the judgment does not become final and the §2255 statute does not begin to run until an amended judgment is entered and the time for appealing the amended judgment has passed.

The time to file an appeal from a judgment in a criminal case is governed by Rule 4(b) of the Federal Rules of Appellate Procedure. That section provides that a Defendant's Notice of Appeal must be filed in the district court within 10 days after the later of (1) the entry of either the judgment or the order being appealed or (2) the filing of the government's notice of appeal.

In this case, the government did not file a Notice of Appeal. Pursuant to Rule 4(b), Defendant had ten days from October 30, 2006, or until November 9, 2006, to file a Notice of Appeal. Defendant did not file a Notice of Appeal from the Second Amended Judgment. Accordingly, in this case, the conviction became final on November 9, 2006. Defendant had one year from that date, up until November 9, 2007, to file his §2255 motion. The motion was filed on January 4, 2008, almost two months after the statutory period to file the motion had passed.

//
//
//
//

**D.  CONCLUSION**

For the reasons set forth above, the United States opposes the Motion to Release the Settlement Funds. Pursuant to Section 3142, the retention of this fund is the least restrictive further condition that assures the presence of the Defendant at future judicial proceedings.

DATED: February 28, 2008                         /s/ Cynthia Stier
                                                 CYNTHIA STIER
                                                 Assistant United States Attorney

# CERTIFICATE OF SERVICE

I, **KATHY TAT** declare:

That I am a citizen of the United States of America and employed in San Francisco County, California; that my business address is Office of United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102; that I am over the age of eighteen years, and am not a party to the above-entitled action.

I am employed by the United States Attorney for the Northern District of California and discretion to be competent to serve papers. The undersigned further certifies that I caused a copy of the following:

UNITED STATES' RESPONSE TO MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

to be served this date upon the party(ies) in this action by placing a true copy thereof in a sealed envelope, and served as follows:

_X___ **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____ **PERSONAL SERVICE (BY MESSENGER/HAND DELIVERED)**

____ **FACSIMILE (FAX)** No.: _____

to the parties addressed as follows:

Troy Holland
Federal Satellite Low - La Tuna
P.O. Box 6000
Anthony, NM 88021

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **February 28, 2008** at San Francisco, California.

      /s/ Kathy Tat
**KATHY TAT**
**Legal Assistant**