JOSEPH RUSSONIELLO (CSBN 44332)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
CYNTHIA STIER (DCBN 423256)
Assistant United States Attorney
 9th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone: (415) 436-7000

Attorneys for United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DIANA LU<br>a/k/a Diana Jing Jing Hojsak,<br>a/k/a Jing Jing Lu,<br>a/k/a Diana Hojsak,<br><br>　　　　Defendant. | No. CR-07-0325-PJH<br><br>**UNITED STATES' MOTION TO MODIFY COURT'S ORDER TO DEPOSE MICHAEL JON YELL**<br><br>Date: May 21, 2008<br>Time: 1:30 p.m. |

## INTRODUCTION

Defendant, Diana Hojsak was charged with violations of 26 U.S.C. §7201, attempting to evade her personal income taxes for 2000 and 2001; and for filing false income tax returns for her corporation, Allied Telecom International, Inc. ("ATI") for the same tax years, in violation of 26 U.S.C. §7206(1). These charges stem from Defendant's receipt of commission payments from Yangtze Optical and Fibre Company, Ltd. ("YOFC"). The commission payments were not reported as gross receipts on ATI's tax returns or as income on Defendant's individual income tax returns.

The YOFC commission payments were sent by wire to the Defendant's personal bank account at Hong Kong Shanghai Banking Corporation ("HSBC") in China. From that account, the funds traveled to the HSBC bank account of Michael Jon Yell ("Yell"), then back to the

Defendant. Defendant previously moved this Court for authorization to depose Yell on the grounds that he would provide exculpatory testimony. By Order entered January 24, 2008, this Court granted Defendant's Motion to Depose Yell, an Australian citizen. In connection with that Motion, Defendant submitted her counsel's Declaration as well as Yell's Declaration. See Declaration of Christopher Cannon (Docket Entry #23) and Declaration of Michael Yell (Docket No. 29). ll would provide exculpatory testimony. These Declarations represent that Yell would testify that the funds flowing from Defendant's HSBC bank account into Yell's HSBC bank account were payments for consulting fees owed to Yell by ATI. The Declarations further state that these same funds traveled from Yell's HSBC bank account back to the Defendant as a repayment toward a prior debt that Yell owed to the Defendant. See Declarations of Christopher Cannon and Michael Yell.

The January 24, 2008 Order authorized Yell's deposition on April 21, 2008, in San Francisco, California. The Order also required Yell to produce documents at the deposition, including his tax returns, to support the statements in his declaration (1) that ATI paid him consulting income and (2) he owed a debt of several million dollars to the Defendant.

Defense counsel agreed to forward the Rule 15 Order to Yell as he was unwilling to discuss the production of documents with a representative of the United States. The United States thereafter requested the assistance of the Australian authorities pursuant to Article 25 of the Double Tax Convention between Australia and the United States to obtain the documents described in the Rule 15 Order.

In connection with this request, Yell met with Australian authorities on April 10, 2008 and informed them that the facts set forth in his Declaration were not accurate. Yell informed the authorities that (1) ATI did not owe him consulting income; and (2) he had no knowledge about the funds flowing through his HSBC account until very recently. Yell stated that he authorized the Defendant as a signatory on the HSBC account in order to hide funds from her ex-husband during her divorce. See Declaration of Andrea Bishop, Exhibit 1 hereto.

Yell also told the Australian authorities that he does not intend to appear at the deposition scheduled for April 21, 2008. This has been confirmed by counsel for the defense. In the event

1  that Yell's deposition does not occur on April 21, 2008, the United States seeks this Court's
2  authorization to depose Yell in Singapore or Australia.[1]

**MEMORANDUM OF LAW**

The taking of depositions in criminal cases is generally disfavored. United States v. Drogoul, 1 F.3d 1546, 1551 (11th Cir.1993). In particular, because of the absence of procedural protections afforded parties in the United States, foreign depositions are suspect and, consequently, not favored. Id. However, Rule 15(a) of the Federal Rules of Criminal Procedure permits depositions in a criminal matter "[w]henever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial…." A determination to grant or deny a motion for Fed.R.Cr.P.15 depositions is within this Court's discretion. Drogoul, 1 F.3d at 1552; United States v. Ramos, 45 F.3d 1519, 1522 (11th Cir.1995); United States v. Marteau, 162 F.R.D. 364, 365 (M.D. Fla. 1995).

The moving party bears the burden of showing the existence of 'exceptional circumstances' which justify the order of a Rule 15(a) deposition. United States v. Marteau, 162 F.R.D. at 367. Although the district court should consider "the particular circumstances of each case to determine whether the 'exceptional circumstances' requirement has been satisfied, courts generally have held that four factors should be balanced: whether (1) the witness is unavailable; (2) the testimony is material; (3) injustice would result from the absence of the material testimony to be provided; and (4) countervailing factors would make the deposition unfair to the opposing party. See United States v. Kelley, 36 F.3d 1118, 1125 (D.C. Cir. 1994); United States v. Omene, 143 F.3d 1167, 1170 (9th Cir. 1998); United States v. Thomas, 62 F.3d 1332, 1340-41 (11th Cir. 1995), *cert. denied*, 516 U.S. 1166 (1966).

//
///
///

---

[1] Yell is in the process of moving to Singapore. See Bishop Declaration.

1.) Availability of the Witnesses

Yell does not reside in the United States, has indicated that he is unlikely to appear at the April 21, 2008 deposition, and is not subject to the subpoena power of this Court. See Bishop Declaration and Memorandum of Defendant in Support of Motion to Depose Yell, p. 5, lines 15-18.

A potential witness is unavailable for purposes of Rule 15(a) when a "substantial likelihood exists that the proposed proponent will not testify at trial." United States v. Drogoul, 1 F.3d at 1553. The proponent must show that they have made a good faith effort to produce the witnesses to testify at trial. United States v. Oudovenko, WL 253027 (E.D. N.Y 2001) Although a court may accept the representations of counsel with respect to the unavailability of a witness, *see* United States v. Sindona, 636 F.2d 792, 804 (2d Cir. 1980), *cert. denied*, 451 U.S. 912 (1981), "[c]onclusory statements of unavailability by counsel are insufficient." United States v. Chusid, 2000 WL 1449873 (S.D.N.Y. 2000)(*citing* United States v. Whiting, 308 F.2d 537, 541 (2d Cir. 1962).

Yell is not a citizen of the United States and has indicated that he is no longer willing to voluntarily come to the United States to testify.

2.) Materiality of the Testimony

The 1974 Amendments provides that the principal objective of a Rule 15(a) deposition is to preserve evidence for use at trial. The primary consideration guiding whether the absence of a particular witness' testimony would produce injustice is the materiality of that testimony to the case. United States v. Des Marteau, 162 F.R.D. at 368 (quoting United States v. Drogoul, 1 F.3d at 1552). "Material" is a term of art that means "material to the party moving to depose. United States v. Ramos, 45 F.3d at 1523. To make this showing of materiality, the movant must make known to the court and opposing counsel the "thrust of the evidence..." United States v. Ramos, supra.

Defendant is charged with evading taxes on her personal 2000 and 2001 income tax returns (26 U.S.C. §7201) and for filing false tax returns for her wholly owned corporation, Allied Telecom International, Inc. (hereinafter, "ATI") for the same tax years (26 U.S.C.

1  §7206(1). These charges relate to unreported items of income. The undisclosed income is
2  commission payments from YOFC which were not reported on Defendant's personal income tax
3  returns nor were they reported as gross receipts on ATI's tax returns.
4      Defendant submitted Declarations which represent that Yell would testify that
5  commission payments from ATI were paid to Yell's HSBC bank account and that those same
6  funds exited his bank account as a loan repayment. See Cannon and Yell Declarations (Docket
7  Entry Nos. 23 and 29). Yell thereafter informed Australian authorities that his bank account was
8  used by Defendant as a nominee account to hide funds from her ex-husband. See Bishop
9  Declaration. Under either version, Yell's testimony is material to this case.

**CONCLUSION**

For the reasons stated above, the United States seeks authorization from this Court to compel Yell's testimony at a deposition in either Singapore or Australia.

DATED: April 18, 2008.

        /s/ Cynthia Stier
        CYNTHIA STIER
        Assistant United States Attorney

US Motion to Modify Court's
Order to Depose Michael Jon
Yell, US v. Hojsak, CR 070325-PJH     5