CHRISTOPHER J. CANNON, State Bar No. 88034
Sugarman & Cannon
44 Montgomery Street, Suite 2080
San Francisco, CA 94104
Telephone: 415-362-6252
Facsimile: 415-677-9445

Attorney for Defendant DIANA JING JING HOJSAK,
a/k/a JING JING LU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>DIANA JING JING HOJSAK,<br>a/k/a JING JING LU,<br><br>    Defendant. | No. CR 07-0325-PJH<br><br>**REPLY TO GOVERNMENT'S MOTION TO MODIFY COURT'S ORDER TO DEPOSE MICHAEL JON YELL AND REQUEST FOR DISCOVERY** |

## I.   INTRODUCTION

The defense earlier filed a motion to depose Michael Yell believing that Michael Yell possessed exculpatory evidence, and that there was no way to compel his testimony. Apparently, the government is even more powerful than previously known. Unlike the defense, which understood it does not have the power to compel the testimony and/or deposition of Michael Yell, the government has taken the position that under the Double Tax Convention between the United States and Australia, it has the power to compel Yell to appear for an interview; produce documents and appear at a deposition. This

discrepancy between the power of the defendant Hojsak and the government is staggering, and may well amount to a violation of Hojsak's due process right to a fair trial. Accordingly, in an attempt to level the playing field, this Court should require the government to produce to the defense the statements that Yell has already provided to the Australian authorities at the behest of the United States, any documents either Yell or the Australian authorities have provided to the government, and all communication between the Australian authorities and the government relating to Yell, Diana Hojsak, or any other individual connected to this case. We also have a specific <u>Brady</u> request that the government, which apparently has the ability to obtain assistance from Australia, provide us with any information it has, or it can obtain from Australia, regarding any potential tax liability or criminal exposure which Yell may have and which may have influenced both his decision to talk to the Australian authorities and the contents of his conversation. Only after the defense has reviewed this information, will the defense be in a position to take a position on the government's request for a compelled deposition of Yell.

One thing is clear, both the government and the defense would like to speak to Yell, but at this time only the government has the ability to compel that conversation. The defense believes Yell would be able to provide exculpatory information and believed it would be able to produce Yell for a deposition in the United States. The government then intervened, and Yell declined to be deposed voluntarily, but apparently spoke to the Australian Taxing Authorities, at the insistence of the United States government. The government's version of that interview is at least partially inconsistent with Yell's earlier declaration. That inconsistency may well be due to Yell's apprehension of his own

REPLY TO GOVERNMENT'S MOTION TO MODIFY COURT'S ORDER TO DEPOSE MICHAEL JON YELL AND REQUEST FOR DISCOVERY
No. CR 07-0325-PJH

Page 2 of 3

potential tax difficulties, and the defense should have the opportunity to review the same information the government has been able to review before taking a formal position on whether to join or oppose the government's request for a compelled deposition of Yell, a decision which may well impact on Ms. Hojsek's right to confront and cross examine the witnesses against her at trial.

Accordingly, the defense requests that the government produce all statements of Yell, all information which may impeach his testimony, specifically including any claim that he may have Australian civil or criminal tax liability which could be affected by his testimony; and all communication between Australian and United States authorities regarding this case. Since the intervention of the government and the ATO, Yell has gone from a desired defense witness to a witness sought by the government. Diana Hojsak is entitled to know what led to this change of position.

Dated:  April 23, 2008				Respectfully submitted,

						/s/Christopher Cannon___