1  JOSEPH RUSSONIELLO (CSBN 44332)
   United States Attorney
2  THOMAS MOORE (ASBN 4305-O78T)
   Assistant United States Attorney
3  Chief, Tax Division
   CYNTHIA STIER (DCBN 423256)
4  Assistant United States Attorney
   9th Floor Federal Building
5   450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
6   Telephone: (415) 436-7000

7  Attorneys for United States

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  UNITED STATES OF AMERICA,          )    No. CR-07-0325-PJH
                                       )
13          Plaintiff,                 )
                                       )
14              v.                     )    UNITED STATES' PROPOSED JURY
                                       )    INSTRUCTIONS
15  DIANA LU                           )
    a/k/a Diana Jing Jing Hojsak,      )
16  a/k/a Jing Jing Lu,                )    Date: May 19, 2008
    a/k/a Diana Hojsak,                )    Time: 8:30 a.m.
17                                     )
            Defendant.                 )
18  _____  )

19        The United States of America, by and through its counsel, Joseph Russoniello, United

20  States Attorney, and Cynthia Stier, Assistant U.S. Attorney, hereby requests that the following

21  jury instructions be given by the Court in this case. Furthermore, during the course of the trial,

22  the government requests leave to offer such other and additional instructions as may become

23  appropriate.

24                                          Respectfully submitted,

25                                          JOSEPH RUSSONIELLO
                                            United States Attorney
26

27                                          CYNTHIA STIER
                                            Assistant United States Attorney
28

1
<u>TABLE OF INSTRUCTIONS</u>

2
**PRELIMINARY INSTRUCTIONS**

3     1    DUTY OF JURY

4     2    THE CHARGE--PRESUMPTION OF INNOCENCE

5     3    WHAT IS EVIDENCE

6     4    WHAT IS NOT EVIDENCE

7     5    EVIDENCE FOR LIMITED PURPOSE

8     6    DIRECT AND CIRCUMSTANTIAL EVIDENCE

9     7    RULING ON OBJECTIONS

10    8    CREDIBILITY OF WITNESSES

11    9    CONDUCT OF THE JURY

12    10   NO TRANSCRIPT AVAILABLE TO THE JURY

13    11   TAKING NOTES

14    12   OUTLINE OF TRIAL

15
**INSTRUCTIONS DURING THE COURSE OF TRIAL**

16    13   CAUTIONARY INSTRUCTION--FIRST RECESS

17    14   BENCH CONFERENCES AND RECESSES

18    15   STIPULATIONS OF FACT

19
**INSTRUCTIONS AT END OF CASE**

20    16   DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

21    17   CHARGES AGAINST DEFENDANT NOT EVIDENCE--

22           PRESUMPTION OF INNOCENCE--BURDEN OF PROOF

23    18   DEFENDANT'S DECISION NOT TO TESTIFY

24    19   DEFENDANT'S DECISION TO TESTIFY

25    20   REASONABLE DOUBT - DEFINED

26    21   WHAT IS EVIDENCE

27    22   WHAT IS NOT EVIDENCE

28    23   DIRECT AND CIRCUMSTANTIAL EVIDENCE

24    CREDIBILITY OF WITNESSES

25    EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS
      AND STATEMENTS OF OTHERS

26    SEPARATE CONSIDERATION OF MULTIPLE COUNTS

27    STATEMENTS BY DEFENDANT

28    CREDIBILITY OF WITNESSES -- INCONSISTENT
      STATEMENT

29    SUMMARY EXPERT WITNESS

30    SUMMARIES NOT RECEIVED IN EVIDENCE

31    CHARTS AND SUMMARIES IN EVIDENCE

32    DUTY TO DELIBERATE

33    CONSIDERATION OF EVIDENCE

34    USE OF NOTES

35    JURY CONSIDERATION OF PUNISHMENT

36    VERDICT FORM

37    COMMUNICATION WITH COURT

38    "ON OR ABOUT" EXPLAIN-ED

**OFFENSES UNDER TITLE 26**

**§7201          Tax Evasion**

39    STATUTORY LANGUAGE OF 26 U.S.C. § 7201

40    §7201 EVASION OF PAYMENT -NATURE OF THE
      CHARGES

41    §7201 EVASION - TAX DEFICIENCY NEED NOT BE
      SUBSTANTIAL

42    EXISTENCE OF A TAX DEFICIENCY

43    AFFIRMATIVE ACT - EXPLAINED

**§7206(1)          Filing of a False Tax Return**

44    STATUTORY LANGUAGE OF 26 U.S.C. $7206(1)

45    FLING A FALSE TAX RETURN - ELEMENTS

Additional Instructions

46    MATERIAL - DEFINED

47    INCOME-DEFINED

48    WILLFULLY--DEFINED

1          COURT'S INSTRUCTION NO._____

2       GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

3                DUTY OF JURY

4        Ladies and gentlemen: You now are the jury in this case, and I want to take a few

5   minutes to tell you something about your duties as jurors and to give you some instructions.

6   These are preliminary instructions. At the end of the trial I will give you more detailed

7   instructions.  Those instructions will control your deliberations.

8

9        You should not take anything I may say or do during the trial as indicating what I

10  think of the evidence or what your verdict should be.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  Authority:

28  Ninth Circuit Model Jury Instructions, 1.1 (2003).

5

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

THE CHARGE--PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The indictment charges four counts. The charges against the defendant are contained in the superseding indictment. The superseding indictment is simply the description of the charges made by the government against the defendant, it is not evidence of anything.

Counts 1 through 2 charge defendant Diana Hojsak with willfully attempting to evade the payment of federal income taxes she owed for the years 2000 and 2001, in violation of 26 U.S.C. § 7201.

Counts 3 through 4 charge defendant Diana Hojsak with willfully making and subscribing false federal income tax returns for Allied Telecom International ("ATI") for the tax years 2000 and 2001, all in violation of 26 U.S.C. § 7206(1).

The defendant has pleaded not guilty to the charges outlined above and is presumed innocent unless and until proved guilty beyond a reasonable doubt. The defendant has the right to remain silent and never has to prove innocence or present any evidence.

Authority:

Ninth Circuit Model Jury Instructions, 1.2 (2003) (modified to include summary of charges).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

<u>WHAT IS EVIDENCE</u>

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

Authority:

Ninth Circuit Model Jury Instructions, 1.3 (2003).

7

COURT'S INSTRUCTION NO . _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

<u>WHAT IS NOT EVIDENCE</u>

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Authority:
Ninth Circuit Model Jury Instructions, 1.4 (2003).

1                           COURT'S INSTRUCTION NO._____

2                   GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

3                          EVIDENCE FOR LIMITED PURPOSE

4          Some evidence is admitted for a limited purpose only. When I instruct you that an

5   item of evidence has been admitted for a limited purpose, you must consider it only for that

6   limited purpose and for no other.

27  Authority:

28  Ninth Circuit Model Jury Instructions, 1.5 (2003).

9

COURT'S INSTRUCTION NO.____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

<u>DIRECT AND CIRCUMSTANTIAL, EVIDENCE</u>

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as turned on garden hose, may explain the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in light of reason, experience, and common sense.

Authority:

Ninth Circuit Model Jury Instructions, 1.6 (2003).

COURT'S INSTRUCTION NO.____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

<u>RULING ON OBJECTIONS</u>

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

Authority:

Ninth Circuit Model Jury Instructions, 1.7 (2003).

1    COURT'S INSTRUCTION NO. ____

2    GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

3    <u>CREDIBILITY OF WITNESSES</u>

4    In deciding the facts in this case, you may have to decide which testimony to believe

5    and which testimony not to believe. You may believe everything a witness says, or part of it,

6    or none of it.

7    In considering the testimony of any witness, you may take into account:

8    1. the opportunity and ability of the witness to see or hear or know the things testified

9    to;

10    2. the witness's memory;

11    3. the witness's manner while testifying;

12    4. the witness's interest in the outcome of the case and any bias or prejudice;

13    5. whether other evidence contradicted the witness's testimony;

14    6. the reasonableness of the witness's testimony in light of all the evidence; and

15    7. any other factors that bear on believability.

16    The weight of the evidence as to a fact does not necessarily depend on the number of

17    witnesses who testify.

18

19

20

21

22

23

24

25

26

27    Authority:

28    Ninth Circuit Model Jury Instructions, 1.8 (2003).

COURT'S INSTRUCTION NO.____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

<u>CONDUCT OF THE JURY</u>

I will now say a few words about your conduct as jurors.

Until the trial is over:

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Authority:

Ninth Circuit Model Jury Instructions, 1.9 (2003).

COURT'S INSTRUCTION NO.____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 10

<u>NO TRANSCRIPT AVAILABLE TO THE JURY</u>

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Authority:

Ninth Circuit Model Jury Instructions, 1.10 (2003).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

<u>TAKING NOTES</u>

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [court room] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

Authority:

Ninth Circuit Model Jury Instructions, 1.1 1 (2003).

15

1          COURT'S INSTRUCTION NO._____

2          GOVERNMENT'S PROPOSED INSTRUCTION NO. 12

3                    OUTLINE OF TRIAL

4          The next phase of the trial will now begin. First, each side may make an opening

5    statement. An opening statement is not evidence. It is simply an outline to help you

6    understand what that party expects the evidence will show. A party is not required to make an

7    opening statement.

8          The government will then present evidence and counsel for the defendant may cross-

9    examine. Then, the defendant may present evidence and counsel for the government may

10   cross-examine.

11         After the evidence has been presented, [I will instruct you on the law that applies to

12   the case and the attorneys will make closing arguments] [the attorneys will make closing

13   arguments and I will instruct you on the law that applies to the case].

14         After that, you will go to the jury room to deliberate on your verdict.

27   Authority:

28   Ninth Circuit Model Jury Instructions, 1.12 (2003).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 13

<u>CAUTIONARY INSTRUCTION--FIRST RECESS</u>

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the bailiff to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

Authority:

Ninth Circuit Model Jury Instructions, 2.1 (2003).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 14

<u>BENCH CONFERENCES AND RECESSES</u>

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Most often these conferences will involve determination as to whether evidence is admissible under the rules of evidence. It is appropriate to take these matters up outside the presence of the jury. Should I conclude that a more prolonged discussion is necessary, I may excuse you from the courtroom.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority:

Ninth Circuit Model Jury Instructions, 2.2 (2003).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 15

<u>STIPULATIONS OF FACT</u>

(if applicable)

    The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

Authority:

Ninth Circuit Model Jury Instructions, 2.4 (2003); United States v. Houston, 547 F.2d 104, 107 (9th Cir . 1976).

19

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 16

<u>DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW</u>

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return-that is a matter entirely up to you.

Authority:

Ninth Circuit Model Jury Instructions, 3.1 (2003).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 17

CHARGES AGAINST DEFENDANT NOT EVIDENCE--PRESUMPTION OF

INNOCENCE– BURDEN OF PROOF

(applicable if the jury receives a copy of the superseding indictment for deliberations)

The superseding indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to test or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

Authority:

Ninth Circuit Model Jury Instructions, 3.2 (2003); United States v. Utz, 886 F.2d 1148, 1151-52 (9th Cir. 1989) (permissible to give each juror a copy of the indictment if judge cautions jury that indictment is not evidence), cert. denied, 497 U.S. 1005 (1990).

COURT'S INSTRUCTION NO.\_\_\_\_

GOVERNMENT'S PROPOSED INSTRUCTION NO. 18

<u>DEFENDANT'S DECISION NOT TO TESTIFY</u>

(if applicable)

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that a defendant did not testify.

Authority:

Ninth Circuit Model Jury Instructions, 3.3 (2003).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 19

<u>DEFENDANT'S DECISION TO TESTIFY</u>

(if applicable)

Defendant Diana Hojsak has testified. You should treat this testimony just as you would the testimony of any other witness.

Authority:

Ninth Circuit Model Jury Instructions, 3.4 (2003).

23

COURT'S INSTRUCTION NO.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 20

<u>REASONABLE DOUBT--DEFINED</u>

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Authority:

Ninth Circuit Model Jury Instructions, 3.5 (2003).

1

COURT'S INSTRUCTION NO. _____

2

GOVERNMENT'S PROPOSED INSTRUCTION NO. 21

3

<u>WHAT IS EVIDENCE</u>

4

The evidence from which you are to decide what the facts are consists of:

5

(1) the sworn testimony of any witness;

6

(2) the exhibits which have been received into evidence; and

7

(3) any facts to which all the lawyers have stipulated.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Authority:

26

27

Ninth Circuit Model Jury Instructions, 3.6 (2003); &g United States v. Mikaelian, 168 F.3d
380, 389 (9th Cir.) (material facts to which the parties voluntarily stipulate are to be treated
as "conclusively established") (citing United States v. Houston, 547 F.2d 104, 107 (9th Cir.
1976)), amended by 180 F.3d 1091 (1999).

28

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 22

<u>WHAT IS NOT EVIDENCE</u>

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Authority:

Ninth Circuit Model Jury Instructions, 3.7 (2003).

COURT'S INSTRUCTION NO.____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 23

<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in light of reason, experience, and common sense.

Authority:

Ninth Circuit Model Jury Instructions, 3.8 (2003).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 24

<u>CREDIBILITY OF WITNESSES</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Authority:

Ninth Circuit Model Jury Instructions, 3.9 (2003).

1

COURT'S INSTRUCTION NO. _____

2

GOVERNMENT'S PROPOSED INSTRUCTION NO. 25

3

EVIDENCE OF OTHER ACTS OF DEFENDANT

4

OR ACTS AND STATEMENTS OF OTHERS

5        You are here only to determine whether the defendant is guilty or not guilty of the

6   charges in the superseding indictment as charged. Your determination must be made only

7   from the evidence in the case. The defendant is not on trial for any conduct or offense not

8   charged in the superseding indictment. You should consider evidence about the acts,

9   statements, and intentions of others, or evidence about other acts of the defendant, only as

10  they relate to this charge against this defendant.

27  Authority:

28  Ninth Circuit Model Jury Instructions, 3.10 (2003).

COURT'S INSTRUCTION NO.____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 26

SEPARATE CONSIDERATION OF MULTIPLE COUNTS

Two separate crimes are charged against the defendant. The charges have been joined for trial. You must decide the case of the defendant on each crime charged separately. Your verdict on any count as to the defendant should not control your verdict on any other count.

All of the instructions apply to each count [unless a specific instruction states that it applies only to a specific [count]].

Authority:

Ninth Circuit Model Jury Instructions, 3.14 (2003).

COURT'S INSTRUCTION NO.____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 27

<u>STATEMENTS BY DEFENDANT</u>

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

Authority:

Ninth Circuit Model Jury Instructions, 4.1 (2003).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 28

<u>CREDIBILITY OF WITNESSES--INCONSISTENT STATEMENT</u>

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

Authority:

1 Devitt, Blackmar, Wolff & O'Malley, <u>Federal Jury Practice and Instructions</u>, § 15.06 (4th ed. 1992); <u>United States v. Ragghianti</u>, 560 F.2d 1376, 1381 (9th Cir. 1977).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 29

SUMMARY EXPERT WITNESS

You have also heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons

During the trial you heard the testimony of Nick Connors, who was described to you as the summary expert in the areas of income tax examination, computation of gross income, calculation of income tax filing requirements for the Form 1040 [and any other areas of expertise that are determined through qualification of Mr. Connors at trial].

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority:

Ninth Circuit Model Jury Instructions, 4.17 (2003) (modified for summary/expert witness).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 30

<u>SUMMARIES NOT RECEIVED IN EVIDENCE</u>

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Authority:

Ninth Circuit Model Jury Instructions, 4.18 (2003).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3 1

<u>CHARTS AND SUMMARIES IN EVIDENCE</u>

Certain charts and summaries have been received into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

Authority:

Ninth Circuit Model Jury Instructions, 4.19 (2003).

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 32

<u>DUTY TO DELIBERATE</u>

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of  you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:

Ninth Circuit Model Jury Instructions, 7.1 (2003).

36

1                         COURT'S INSTRUCTION NO. ___

2              GOVERNMENT'S PROPOSED INSTRUCTION NO. 33

3                  <u>CONSIDERATION OF EVIDENCE</u>

4        Your verdict must be based solely on the evidence and on the law as I have given it to

5 you in these instructions. However, nothing that I have said or done is intended to suggest

6 what your verdict should be-that is entirely for you to decide.

27 Authority:

28 Ninth Circuit Model Jury Instructions, 7.2 (2003).

1   COURT'S INSTRUCTION NO. _____

2   GOVERNMENT'S PROPOSED INSTRUCTION NO. 34

3   <u>USE OF NOTES</u>

4         Some of you have taken notes during the trial. Whether or not you took notes, you

5   should rely on your own memory of what was said. Notes are only to assist your memory.

6   You should not be overly influenced by the notes.

27  Authority:

28  Ninth Circuit Model Jury Instructions, 7.3 (2003).

38

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 35

<u>JURY CONSIDERATION OF PUNISHMENT</u>

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Authority:

Ninth Circuit Model Jury Instructions, 7.4 (2003).

COURT'S INSTRUCTION NO. ____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 36

VERDICT FORM

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.] After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

Authority:

Ninth Circuit Model Jury Instructions, 7.5 (2003).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 37

<u>COMMUNICATION WITH THE COURT</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone-including me-how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Authority:

Ninth Circuit Model Jury Instructions, 7.6 (2003).

COURT'S INSTRUCTION NO. ____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 38

<u>"ON OR ABOUT" EXPLAINED</u>

The superseding indictment charges that offenses were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

Authority:

Devitt, Blackrnar, Wolff & O'Malley, <u>Federal Jury Practice and Instructions</u>, § 13.05 (4th ed. 1992) (Modified).

1    COURT'S INSTRUCTION NO. ____

2    GOVERNMENT'S PROPOSED INSTRUCTION NO. 39

3    STATUTORY LANGUAGE OF *6* 7201-- ATTEMPT TO EVADE OR DEFEAT TAX

4    Title 26, United States Code, Section 7201 provides in part, that:

5    Any person who willfully attempts in any manner to evade or defeat any tax imposed

6    by this title or the payment thereof shall . . . be guilty of an offense against the United States.

27    Authority:

28    26 U.S.C. § 7201.

43

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 40

§ 7201 EVASION OF PAYMENT - NATURE OF THE CHARGES

Counts 1 and of the superseding indictment charges defendant with willfully attempting to evade the payment of federal income taxes she owed for the years 2000 and 2001 in violation of 26 U.S.C. § 7201.

In order for the defendant to be found guilty of that charge, you must find each of the following elements beyond a reasonable doubt: 1) a tax deficiency existed for those years 2) Defendant willfully attempted to evade the payment of taxes owed for those tax years; (3) defendant committed at least one affirmative act after January 1, 2000 to evade the payment of taxes owed.

Authority:

United States v. Carlson, 235 F.3d 466,470-71 (9th Cir. 2000).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 41

§7201 TAX EVASION - TAX DEFICIENCY NEED NOT BE SUBSTANTIAL


In order for you to find that a tax deficiency existed for the tax years 2000 and 2001, the tax need not be substantial.

Authority:

United States v. Marashi, 913 F.2d 724,735-736 (9th Cir. 1990).

45

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 42

<u>EXISTENCE OF A TAX DEFICIENCY</u>

A tax due and owing may be ascertained in three ways: by the taxpayer reporting the amount of tax due and owing; by the IRS examining the taxpayer and assessing the tax; or if the taxpayer fails to file a return and the government can prove a tax deficiency the deficiency arises on the date the return was due.

Authority:

<u>United States v. Voorhies</u>, 658 F.2d 710,715 (9th Cir. 1981).

46

1

COURT'S INSTRUCTION NO. ___

2

GOVERNMENT'S PROPOSED INSTRUCTION NO. 43

3

AFFIRMATIVE ACT - EXPLAINED

4  A failure to act is not an attempt to evade one's taxes. But any affirmative act, "the
5  likely effect of which would be to mislead or to conceal" one's tax liability, is an attempt to
6  evade taxes.  An affirmative act involves two parts: first, the formation of an intent to evade
7  or defeat a tax; and secondly, willfully performing some act to accomplish the intent to evade
8  or defeat that tax.  An affirmative "willful attempt" to evade or defeat income tax may be
9  inferred from conduct whose likely effect would be to mislead or conceal. Examples of such
10  conduct include concealment of assets or covering up sources of income, handling of one's
11  affairs to avoid making the records usual in transactions of the kind, a consistent pattern of
12  under reporting income, and failure to include all of one's income in the records provided to a
13  taxpayer's return preparer.

14  Other examples of affirmative acts of evasion of payment of tax include placing assets
15  in the name of others, causing debts to be paid through and in the name of others, and using
16  bank accounts in the names of others.

17

18

19

20

21

22

23

24

25  Authority:

26

27  Spies v. United States, 317 U.S. 492.499 (1943);United States v. Daniel, 956 F.2d 540. 543
   (6th Cir. 1992): United States v. Masat. 896 F.2d 88.97 (5th Cir 1990): United States v. Stone,
   770 F. 2d 842.845 (9th Cir. 1985); United States v. Pawlack, 352 F. Suvp. 794,798
28  (D.C.N.Y. 1972); United States v. Garavaalia, 566 F. 2d 1056, 1059 (6th Cir. 1977).

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 44

STATUTORY LANGUAGE

§7206(1)-- FILING OF A FALSE TAX RETURN

Title 26, United States Code, Section 7206(1) provides in part, that:

"Any person who **. . .** willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter"

Shall be guilty of an offense against the United States.

Authority:

26 U.S.C. §7206(2).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 45

§7206(1) -FILING A FALSE TAX RETURN--ELEMENTS

Counts 3 and 4 of the superseding indictment charge defendant Diana Hojsak with willfully attempting to evade the payment of federal income taxes she owed for the years 2000 and 2001, in violation of 26 U.S.C. § 7201.

In order for a defendant to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

(1) the defendant made and subscribed to income tax returns that she knew contained false information as to a material matter

(2) the return contained a written declaration that it was being signed subject to the penalties of perjury; and

(3) in filing the false tax return, the defendant acted willfully.

Authority:

United States v. Marabelles, 724 F. 2d 1374, 1380 (9th Cir. 1984).

49

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 46

MATERIAL - DEFINED

A "material" matter is one that is likely to affect the calculation of tax due and payable, or one which has a natural tendency to affect or influence the IRS in carrying out the functions committed to it by law, such as monitoring and verifying tax liability. A return that omits material items necessary to the computation of taxable income is not true and correct regardless of the mount of the discrepancy.

Authority:

United States v. Strand, 617 F. 2d 571, 574 (10th Cir. 1980); United States v. Fawaz, 881 F. 2d 259,264 (2nd Cir. 1984); United States v. Holland, 880 F. 2d 1091, 1096 (9th Cir. 1989).

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 47

<u>INCOME- DEFINED</u>

The term "income" is a broad concept that includes any economic gain from whatever source.  The essence of income is the accrual of some gain, profit, or benefit to the taxpayer.

Federal income taxes are levied upon income derived from compensation for personal services of every kind and in whatever form paid, whether as wages, commissions, or money earned for performing services, or dealings in property. The tax is also levied upon profits earned from any business, regardless of its nature -- legal or illegal - and from interest, dividends, rents and the like. In short, the term "gross income" means all income from whatever source specifically excluded by law.

Authority:

26 U.S.C. § 61; <u>Commissioner v. Wilcox</u>, 327 U.S. 404 (1946). <u>United States v. Hairston</u>, 819 F.2d 97 1,974 (1 0th Cir. 1987) (tax due is an element of the distinct offense of tax evasion, 26 U.S.C. § 7201).

1

COURT'S INSTRUCTION NO. ____

2

GOVERNMENT'S PROPOSED INSTRUCTION NO. 48

3

<u>WILLFULLY--DEFINED</u>

4      An act is done willfully if done voluntarily and intentionally and with the specific

5  intent to do something the law forbids; that is to say with a purpose either to disobey or

6  disregard the law.  Conduct is not willful if it is based upon accident, mistake, inadvertence

7  or due to a good faith misunderstanding as to the requirements of the law. While good faith

8  has no precise meaning, it encompasses, among other things, an honest belief, an absence of

9  malice and an honest intention to abstain from taking any unconscientious advantage of

10  another. As a general rule, ignorance of the law is no defense to a criminal prosecution.

11      In order to convict the defendant, you must find that the government has proven that

12  the law imposed a duty on the defendant, that the defendant knew of this duty, and that he

13  voluntarily and intentionally violated that duty.

14      In determining the issue of willfulness, you are entitled to consider anything done or

15  omitted to be done by the defendant and all facts and circumstances in evidence which may

16  aid in the determination of his state of mind. It is obviously impossible to ascertain or prove

17  directly the operations of the defendant's mind; but a careful and intelligent consideration of

18  the facts and circumstances shown by evidence in any case enables one to infer what

19  another's intentions were in doing or not doing things.

20

21

22

23

24

25

26

27  Authority:

28  See <u>United States v. Hilneford</u>, 7 F.3d 1340, 1342 (7th Cir. 1993).