JOSEPH P. RUSSONIELLO  (CSBN 44332)
United States Attorney
BRIAN STRETCH (CABN 163973)
Chief, Criminal Division
CYNTHIA STIER (DCBN 423256)
Assistant United States Attorney
Chief, Tax Division
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6935

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> DIANA LU, <br> a/k/a Diana Jing Jing Hojsak <br> a/k/a Jing Jing Lu <br> a/k/a Diana Hojsak <br>     Defendant. | NO. CR-07-0325-PJH <br><br> UNITED STATES' <br> <u>PRETRIAL CONFERENCE STATEMENT</u> |

    The United States submits this pretrial conference statement pursuant to Local Rule 17-1.

<u>INTRODUCTION</u>

    Defendant Diana Lu, a/k/a Diana Jing Jing Hojsak, Jing Jing Lu, Diana Hojsak ("Hojsak") is charged with two counts of tax evasion with respect to her personal income for 2000 and 2001 tax years and two counts of making and subscribing false federal tax returns with respect to her corporation's (Allied Telecom International, Inc.) 2000 and 2001 tax years.  The trial is scheduled to commence on May 19, 2008.  The government's case-in-chief is estimated to last three to four days.

//

//

//

II

STATEMENT OF FACTS

On April 20, 1998, Hojsak, alias Diana Lu, incorporated Allied Telecom International, Inc. ("ATI") as a "C" corporation in the State of California. Hojsak was named president and sole shareholder of ATI. Government's Exhibit 4.

On July 24, 1998 and January 21, 2000, ATI entered into agreements with Yantze Optical Fibre and Cable Co. Ltd ("YOFC") to sell fiber optics to Chinese businesses exclusively within the People's Republic of China. Government's Exhibits 5 and 6.

From 1998 and 2001, Hojsak owned and operated ATI from her residences in Soquel, California and San Francisco, California. In a declaration by Hojsak in a lawsuit later filed between ATI and YOFC in San Francisco County, she stated that most of ATI's business activities were performed in the state of California and that approximately seventy percent of ATI's contacts with Chinese companies in performance of the contract were conducted from ATI's Northern California headquarters. Government's Exhibit 192.

In the same civil litigation, Hojsak stated under penalty of perjury that she received approximately $3,000,000 dollars in commission payments from the contract between ATI and YOFC from 1998 to 2001. Government's Exhibit 193.

During this period Hojsak maintained a business bank account at Wells Fargo Bank in the name of ATI and a personal bank account with Hong Kong and Shanghai Banking Corporation Limited ("HSBC"), held in her name Jing Jing Lu. For the tax years 2000 and 2001, Hojsak instructed YOFC to wire approximately $1,810,322 to her personal bank account at HSBC, and $1,547,452 to ATI's business account at Wells Fargo Bank in California. Government's Exhibit 194.

For preparation of her 2000 and 2001 tax returns, Hojsak provided her return preparer bank statements from eleven personal and business bank accounts. The return preparer relied upon the provided bank statements to determine ATI's gross receipts in preparation of ATI's 2000 and 2001 corporate tax returns. Included in the bank statements Hojsak provided her return preparer

were the monthly bank statements for the Wells Fargo account she held in ATI's name. However, Hojsak did not provide any bank statements nor notify her return preparer of the existence of her personal bank account at HSBC, where $1,904,566 of ATI's gross receipts had been deposited. Government's Exhibits 149, 150, 151 and 152.

By concealing the $1,904,566 of ATI's gross receipts diverted into her personal bank account at HSBC from her return preparer, Hojsak caused ATI to under report gross receipts of that amount for the tax years of 2000 and 2001.  Further, Hojsak did not report the diverted funds in her personal income tax returns for the years in question, thus evading a personal income tax liability of approximately $567,616 for the 2000 tax year and $23, 460 for the 2001 tax year. Government's Exhibit 198.

The evidence will show that Diana Hojsak caused the filing of fraudulent 2000 and 2001 corporate tax returns with the Internal Revenue Service that she knew to be false as to the amount of income reported. Additionally, the evidence will show that Diana Hojsak willfully attempted to evade personal taxation of income she made from ATI's contract with YOFC for tax years 2000 and 2001.

## III

## APPLICABLE STATUTES AND THEIR CONSTRUCTION

A. <u>Hojsak violated 26 U.S.C. § 7206(1) for her 2000 and 2001 corporate returns</u>

Title 26, United States Code, section 7206(1), provides in pertinent part:

> Any person who willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter . . . shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000.00 . . . or imprisoned not more than 3 years, or both, together with the costs of prosecution.

To establish a violation of Section 7206(1), the government must prove the following three elements beyond a reasonable doubt: (1) the defendant made and signed an income a tax return for the calendar year that she knew contained false information as to a material matter;  (2) the return contained a written declaration that it was being signed subject to the penalties of perjury;

*US v. Hojsak*,
US Trial Brief,
Case NO. CR-07-0325-PJH

1  and (3) in filing the false return, the defendant acted willfully.  **United States v. Bishop**, 412

2  U.S. 346, 350 (1973); **United States v. Marabelles**, 724 F.2d, 1374, 1380 (9th Cir. 1984).

3      1.   Made And Subscribed Income Tax Returns

4      Section 7206(1) expressly applies to "any return, statement, or other document" signed under

5  penalties of perjury.  To meet its burden that the defendant made and subscribed a return, the

6  United States must prove that the return was filed with the IRS.  United **States v. Hanson** , 2

7  F.3d 942, 945 (9th Cir. 1993).

8      2.   The Returns Are False As To A Material Matter

9      In order to sustain a conviction under Section 7206(1), the government must establish that the

10  relevant documents were false as to a material matter.  Materiality may be established under one

11  of two tests.  First, any item required on an income tax return that is necessary for a correct

12  computation of the tax is a material matter.  **United States v. Strand**, 617 F.2d 571, 574 (10th

13  Cir. 1980); **United States v. Null**, 415 F.2d 1178, 1181 (4th Cir. 1969); **Siravo v. United States**,

14  377 F.2d 469, 472 (1st Cir. 1967).  Second, a false item is material if it has a natural tendency to

15  influence or impede the IRS in ascertaining the correctness of the tax declared or in verifying or

16  auditing the returns of the taxpayer. See **United States v. Fawaz**, 881 F.2d 259, 264 (6th Cir.

17  1989); **United States v. Greenberg**, 735 F.2d 29, 31 (2d Cir. 1984).  False statements and/or

18  omissions concerning income have been found to be material matters in violation of Section

19  7206(1), regardless of the amount of the discrepancy. See **United States v. Holland**, 880 F. 2d

20  1091, 1096 (9th Cir., 1989)

21      In this case, the evidence establishes that the corporate returns filed by Hojsak were false as

22  to a material matter because she substantially underreported ATI's gross receipts for the years in

23  question by approximately $1,276,824.00.  Government's Exhibit 197.

24      3.   The Documents Contained A Written Declaration That
          They Were Made Under Penalties Of Perjury

25

26      On ATI's 2000 and 2001 corporate federal income tax returns, Hojsak's signature appears

27  directly below jurats stating that the return is signed under penalties of perjury. Government's

28  

*US v. Hojsak*,
US Trial Brief,
Case NO. CR-07-0325-PJH

4

Exhibits 190 and 191.

    4.  Hojsak Did Not Believe That The Returns Were True As To A Material Matter And Acted Willfully

Willfulness in the context of tax crimes is defined as "voluntary, intentional violation of a known legal duty." **United States v. Bishop**, 412 U.S. 346, 360-61 (1973); see also **Cheek v. United States**, 498 U.S. 192 (1991); **United States v. Pomponio**, 429 U.S. 10, 12 (1976). As the definition implies, willfulness requires more than a showing of careless disregard for the truth. **Pomponio**, 429 U.S. at 12. To establish this element, the government must show that a taxpayer was aware of her obligation under the tax laws, **United States v. Conforte**, 624 F.2d 869, 875 (9th Cir. 1978), and intended the return to be false when she subscribed to it. **United States v. Engle**, 458 F.2d 1017, 1019-20 (8th Cir. 1972). Knowledge of the falsity of a return's contents can be established by a defendant's signature on the return once the return has been shown to be false. **United States v. Drape**, 668 F.2d 22, 26 (1st Cir. 1974); **United States v. Romanow**, 509 F.2d 26 (1st Cir. 1975). Willfulness is typically established by circumstantial evidence. **United States v. Marabelles**, 724 F.2d 1374, 1379 (9th Cir. 1984); **United States v. Clairborne**, 765 F.2d 784, 798 (9th Cir. 1985).

Hojsak violated section 7206(1) if, knowing her duty to file true and correct tax returns when due, she voluntarily and intentionally failed to do so. **Cheek v. United States**, 498 U.S. 192, 201-04 (1991).

B.  Hojsak violated 26 U.S.C. §7201 for her 2000 and 2001 personal income tax returns

Title 26, United States Code, section 7201, provides in pertinent part:

> Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 . . . or imprisoned not more than 5 years, or both, together with the costs of prosecution.

To establish a violation of Section 7201, the government must prove the following three elements beyond a reasonable doubt: (1) that an additional tax is due and owing; (2) the defendant made an affirmative attempt to evade or defeat a tax; and (3) the defendant acted

1  willfully.  **Sansone v. United States**, 380 U.S. 343 (1965); **Spies v. United States**, 317 U.S. 492
2  (1943); **United States v. Nichols**, 9 F. 3d 1420, 1422 (9th Cir., 1993).
3      1.  An Additional Tax is Due and Owing
4      In order to show a tax deficiency exists, the government need only show that there any tax is
5  due and owing for the years in question.  **United States v. Marashi**, 913 F. 2d 724, 734 (9th Cir.,
6  1990).  It does not matter if the unreported income amount could have somehow been made non-
7  taxable if the taxpayer had proceeded on a different course.  **United States v. Miller**, 545 F. 2d
8  1204, 1214 (9th Cir., 1976); see also **United States v. Boulware**, 470 F. 3d 931, 934 (9th Cir.,
9  2006), **United States v. Williams**, 875 F. 2d 846 (11th Cir., 1989). If the taxpayer assumes
10 control of diverted corporate funds and then fails to report such funds as income or to make any
11 adjustments in the corporate books the taxpayer has already violated the tax evasion statutes.
12 **United States v. Miller**, 545 F. 2d 1204, 1214 (9th Cir., 1976).
13     Hojsak did not report $1,904,566 of corporate funds deposited into her personal bank
14 account, resulting in $567,616 and $23,460 in personal income tax due and owing for the 2000
15 and 2001 tax years, respectively.  Government's Exhibit 198.
16     2.  Hojsak Made Affirmative Attempts to Evade Tax
17     Any conduct whose likely effect would be to mislead or conceal is sufficient to establish an
18 attempt.  **Spies v. United States**, 317 U.S. 492, 499 (1943).  Filing a false return is an affirmative
19 act of evasion.  **United States v. Habig**, 390 U.S. 222; **Sansone v. United States**, 380 U.S. 343
20 (1965).
21     3.  Hojsak's Attempt to Evade Tax was Willful
22     Willfulness can be inferred by conduct whose likely effect would be to mislead or conceal.
23 **Spies v. United States**, 317 U.S. 492, 499 (1943).  A consistent pattern of under reporting
24 income is sufficient to infer willfulness.  **United States v. Stone**, 770 F. 2d 842, 845 (9th Cir.,
25 1985); **United States v. Gardner**, 611 F. 2d 770, 776 (9th Cir., 1980).  A taxpayer's failure to
26 include all of her income in the records she provides to her preparer is also evidence of the
27 willful nature of the taxpayer's conduct.  **United States v. Pawlack,** 352 F. Supp. 794, 798
28 

*US v. Hojsak*,
US Trial Brief,
Case NO. CR-07-0325-PJH

1  (D.C.N.Y., 1972).  A taxpayer who relies on her bank records to reflect her income engages in a
2  deceptive practice, from which willfulness can be inferred, when the taxpayer fails to deposit
3  payments from the business customers. **United States v. Garavaglia,** 566 F. 2d 1056, 1059 (6th
4  Cir., 1977).

5  Hojsak's diversion of corporate funds to her personal bank account and subsequent conduct
6  constitute a strong indicia of the willful nature of her actions.

## IV

## CONTINUING MATTERS

The parties have discussed stipulations concerning facts and exhibits and hope to reach and file those stipulations prior to the May 19, 2008 pretrial conference.

                                                  Respectfully submitted,

                                                  JOSEPH P. RUSSONIELLO
                                                  United States Attorney

Date: April 24, 2008                        /s/ Cynthia Stier
                                                  CYNTHIA STIER
                                                  Assistant United States Attorney

*US v. Hojsak*,
US Trial Brief,
Case NO. CR-07-0325-PJH