CHRISTOPHER J. CANNON, State Bar No. 88034
Sugarman & Cannon
44 Montgomery Street, Suite 2080
San Francisco, CA 94104
Telephone: 415/362-6252
Facsimile: 415/677-9445

Counsel for DIANA HOJSAK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-07-0325 PJH |
| Plaintiff, ) | |
| v. ) | **DEFENDANT DIANA HOJSAK'S PRETRIAL MEMORANDUM** |
| DIANA HOJSAK ) a.k.a. Diana Lu, ) | |
| Defendant. ) | |

    Diana Hojsak is charged with two counts of evading taxes on her personal income for the 2000 and 2001 tax years and two counts of subscribing false federal tax returns for a corporation, Allied Telecom International, Inc. (ATI) for the same years. Until the government discloses a witness and exhibit list, it is impossible to estimate how long the defense case, if any, will take.

//

## BACKGROUND

The government contends Diana Lu was the president of ATI, a trading company during the relevant time period. ATI assisted Yantze Optical Fiber and Cable Co. Ltd. ("YOFC") in the sales of fiber optic cable in China.

YOFC failed to pay a large part of the commissions due and litigation followed between Hojsak and YOFC in San Francisco Superior Court. YOFC began feeding information to the Federal Government claiming that Hojsak had an unpaid United States tax liability in an attempt to intimidate her from pursuing her civil litigation. Almost as soon as the litigation between YOFC and Hojsak was settled, the government indicted Hojsak in this case. The heart of the government's case is a contention that funds paid into an account at HSBC in the name of Michael Yell were not legitimate and deductible business expenses, but were a diversion of income that would have been taxable to Hojsak.

## LEGAL STANDARDS

The elements of attempted income tax evasion under 26 U.S.C. § 7201 are: (1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax. Boulware v. United States, 128 S.Ct. 1168 (2008); Sansone v. United States, 380 U.S. 343, 351 (1965). A tax deficiency occurs when a defendant owes more federal income tax for the applicable tax year than was declared due on the defendant's income tax return.

## WILLFULNESS

"[W]illfulness is an element in all criminal tax cases." United States v. Bishop, 291 F.3d 1100, 1106 (9th Cir. 2002). "Willfulness ... requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that she voluntarily and intentionally violated that duty." Id. The burden is on the government to negate the defendant's claim that she had a good faith belief that she was not violating the tax law. Id. United States v. Moran, 493 F.3d 1002, 1012 -1013 (9th Cir. 2007); and Notaro v. United States, 363 F.2d 169, 174-175 (9th Cir. 1966)

## TAX DEFICIENCY

A defendant may negate the element of tax deficiency in a tax evasion case with evidence of unreported deductions or by arguing an alternative theory of tax liability. United States v. Kayser, 488 F.3d 1070, 1073 (9th Cir. 2007). In Kayser, the Ninth Circuit specifically rejected the government's claim that a defendant is bound by the theory of tax liability presented on her return. "When the Supreme Court held that a tax deficiency is a necessary element of tax evasion under section 7201, it made no exception for cases where the defendant owed no tax to the government but had improperly reported the underlying income and deductions that demonstrated this lack of a tax deficiency." See Lawn v. United States, 355 U.S. 339, 361 (1958); United States v. Sansone, 380 U.S. at 351, 354 (1964).

Despite the language of Kayser, in several cases, primarily United States v. Miller, 545 F.2d 1204 (1976) and United States v. Boulware, 470 F. 3d 931, 934 (9th Cir. 2006), the government was successful in convincing the Ninth Circuit that the defendant in a tax

case, somehow, was supposed to shoulder the burden of proof to show that he did not have a tax deficiency or that he had alternative calculations of his alleged tax deficiency. The Supreme Court, however, specifically overruled the Ninth Circuit opinion in <u>Miller</u> and in <u>Boulware v. United States</u>, 128 S.Ct. 1168 (2008), squarely holding that: "The question here is whether a distributee accused of criminal tax evasion may claim return-of-capital treatment without producing evidence that either he or the corporation intended a capital return when the distribution occurred. We hold that no such showing is required."

## **GOOD FAITH**

While ordinarily ignorance of the law or a good-faith misunderstanding of the law is not a defense to criminal prosecution, in criminal <u>tax</u> prosecutions, ignorance of the law or a good-faith misunderstanding of the law is a <u>complete</u> <u>defense</u>. See <u>Cheek v. United States</u>, 498 U.S. 192 at 202 (1991) ("carrying [the government's] burden requires negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any provision of the tax laws"). The Supreme Court in <u>Cheek</u> explained that "[t]his special treatment of criminal tax offenses is largely due to the complexity of the tax laws." <u>Id</u>. at 200. The Second Circuit has described federal taxation as "one of the most esoteric areas of the law … replete with full-grown intricacies, and it is rare that a simple direct statement of the laws can be made without caveat." <u>United States v. Regan</u>, 937 F.2d 823, 827 (2nd Cir. 1991) (citations and internal quotations omitted). Likewise, "new points of tax law" or novel theories of tax law cannot for the basis of criminal liability. <u>United States v. Pirro</u>, 212

F.3d 86, 91 (2nd Cir. 2000); see also United States v. Tranakos, 911 F.2d 1422 (10th Cir. 1990).

A conviction for tax fraud requires the violation of a known legal duty. Id. at 90-91. Where the law is unclear, there can be no violation of a known legal duty as a matter of law. See Pirro, 212 F.3d at 91. See also United States v. Harris, 942 F.2d 1125, 1131 (7th Cir. 1991)(cited in Pirro and stating that "new points of tax law may not be the basis of criminal tax convictions"); United States v. Mallas, 762 F.2d 361, 361 (4th Cir. 1985). (cited in Pirro and dismissing conviction of tax shelter promoters, stating that "[i]t is settled … that where the law is vague or highly debatable, a defendant – actually or imputably – lacks the requisite intent to violate it.")(internal citations omitted). See also United States v. Dahlstrom 713 F.2d 1423 at 1428 (1983)("We are convinced that the legality of the tax shelter program advocated by the [defendants] in this case was completely unsettled by any clearly relevant precedent on the dates alleged in the indictment. It is settled that when the law … is highly debatable, a defendant – actually or imputably – lacks the requisite intent to violate it." (Internal citations omitted.))

The leading case on this principle is United States v. Pirro. In that case, defendant Albert Pirro was charged with subscribing a false tax return in violation of section 7206(1). Pirro, 212 F.3d at 88. The § 7206(1) count alleged, in part, that Pirro had submitted a false income tax return for Distinctive Properties by failing to disclose the Chairman's ownership interest in the S corporation. Id. at 88. The district court dismissed that part of the § 7206(1) count because the question of whether Pirro had such a legal obligation to report the ownership interest of the Chairman was "debatable and thus should not supply

the predicate for criminal liability." Id. In affirming the district court, the Second Circuit found that the part of the count at issue did "not charge a violation of a known legal duty." Id. at 91. The Court reasoned that "the government has conceded that there was no statute or regulation that specifically stated that S corporations were required to report ownership interests on their corporate tax returns, nor has it provided Second Circuit or Supreme Court Authority that so states." Id. at 90.

Here the complicated nature of the international transactions in this case will prevent the government from establishing that Ms. Hojsak did not act in good faith.

## MATERIALITY

A statement is material if it has "a natural tendency to influence, or [be] capable of influencing, the decision of the decision making body to which it was addressed." United States v. Gaudin, 515 U.S. 506 at 509 (citing Kungys v. United States, 485 U.S. 759, 770 (1988)); United States v. Vaughn, 797 F.2d 1485 (9th Cir. 1986). See also United States v. Rodriguez-Rodriguez, 840 F.2d 697, 700 (9th Cir. 1988). The defense contends, as the government conceded in the Supreme Court in Boulware (see Boulware FN 9), that unless there is a tax deficiency, any alleged false information on a return is not material, because that allegedly false information could not effect the collection of the amount of tax owed, which would be zero.

The defense expects that the government will rely upon pre-Gaudin dicta, in United States v. Holland, 880 F. 2d 1091, 1096 (9th Cir. 1989), for the proposition that any failure to report income is material. This reliance is misplaced, however, and as the Ninth Circuit specifically recognized in United States v. Uchimura, 125 F.3d 1282, 1285 (9th Cir.

1997), materiality is a question for the jury and <u>Holland</u> should no longer be followed for its definition of materiality.

## OTHER ACTS

Federal Rule of Criminal Procedure 404(b) requires the government to provide pretrial notice of any other acts it seeks to introduce. No such notice has been provided, so the defense assumes the government does not intend to attempt to introduce any such other acts and seeks an order confirming its assumption.

## BRADY ISSUES

We are concurrently filing a motion for the disclosure of <u>Brady</u> information specifically including the SAR in this case.

We just received from the government a witness statement from Changkun Yan, a sales manager at YOFC. Attached as Exhibit A. That statement says that Yan, a YOFC employee was a "walk in informant" and requested a reward from the IRS for his information about Ms. Hojsak. Accordingly, we request all documents and information which may go to establish the bias and motive of Mr. Yan, specifically including any information regarding a potential reward.[1]

//

---

[1] Counsel is aware that at the time of this report, there was an IRS reward program specifically set out in Publication 733 (Attached as Exhibit B). That reward program was substantially enhanced in December 2006 by the enactment of 26 U.S.C. §7623, which requires rewards of 15% of the taxes collected and authorizes an appeal of unsatisfactory awards to the tax court.

## WITNESS STATEMENTS

To date, the government has only supplied witness statements from Ms. Hojsak and Changkun Yan and the defense has not yet seen a witness list, but assumes that many other witness statements exist. This matter has been discussed with government counsel and government counsel has agreed to turn over Memoranda of Interviews (hereinafter "MOI"s), but as of the date of this memo, neither the MOIs, nor the notes regarding those MOIs have been disclosed. We request an order that all MOIs be turned over.

## THEORY OF TAX LIABILITY

This court has ordered the government to turn over the tax calculations in this case. To date, the defense has received no such tax calculations and requests that they be turned over immediately or that an order preventing the government from establishing a tax deficiency based upon material not disclosed be entered.

## CONTINUING MATTERS

The parties have discussed stipulations concerning facts and exhibits and hope to reach and file those stipulations prior to the pretrial conference.

The parties will try to meet and confer regarding jury instructions as soon as possible.

DATE: April 25, 2008                    Respectfully submitted,

/s/Christopher J. Cannon
Christopher J. Cannon
Attorney for Diana Hojsak