UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. CR-07-0325 PJH |
| | ) | |
|     Plaintiff, | ) | **DEFENDANT'S PROPOSED** |
| | ) | **JURY INSTRUCTIONS** |
|     v. | ) | |
| | ) | |
| DIANA HOJSAK | ) | |
| a.k.a. Diana Lu, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

CHRISTOPHER J. CANNON, SBN 88034
Sugarman & Cannon
44 Montgomery Street, Suite 2080
San Francisco, CA 94104
Telephone:    415/362-6252
Facsimile:    415/677-9445

Counsel for DIANA HOJSAK

# REASONABLE DOUBT

I instruct you that you must presume the defendant to be innocent of the crime[s] charged. Thus the defendant, although accused of [a] crime[s] in the indictment, begins the trial with a "clean slate" - with no evidence against her. The indictment, as you already know, is not evidence of any kind. [The defendant is, of course, not on trial for any act or crime not contained in the indictment.] The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense -- the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that the defendant has

committed each and every element of the offense charged in the indictment, you must find the defendant not guilty of the offense.  If the jury views the evidence in the case as reasonably permitting either of two conclusions - one of innocence, the other of guilt -- the jury must, of course, adopt the conclusion of innocence.

In tax cases the government has the burden to prove that claimed deductions are not reasonable and has the duty to follow all reasonable leads which may support the tax payer's position.  The government's failure to disprove beyond a reasonable doubt a tax payer's claim of deduction requires the jury to consider that claim of deduction to be true.

Similarly, the government has the burden to prove beyond a reasonable doubt that there is a tax deficiency.  If the government does not prove that taxes were owed, you must acquit the defendant.

Section 12.10 Devitt and Blackmar Model Jury Instructions, Fourth Edition.  (Last two paragraphs added to include Holland's specification of the burden of proof in tax cases, and the requirement that the government prove the existence of a tax deficiency. Holland v. United States, 348 U.S. 121 (1954); Lawn v. United States, 355 U.S. 339, 361 (1958); Boulware v. United States, 128 S.Ct. 1168 (Mar. 3, 2008).)


GIVEN

NOT GIVEN

GIVEN AS MODIFIED

**EVIDENCE OF OTHER ACTS OF
DEFENDANT, OR ACTS AND STATEMENTS OF OTHERS**

You are here only to determine whether the defendant is guilty or not guilty of the charge[s] in the indictment.  Your determination must be made only for the evidence in the case.  The defendant is not on trial for any conduct or offense not charged in the indictment.  You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

Section 3.08 Ninth Circuit Manual of Model Jury Instructions.

GIVEN

NOT GIVEN

GIVEN AS MODIFIED

## CONSIDER EACH COUNT SEPARATELY

A separate crime is charged in each count.  You must decide each count separately.

Your verdict on one count should not control your verdict on any other counts.

Section 3.09 Ninth Circuit Manual of Model Jury Instructions.

GIVEN

NOT GIVEN

GIVEN AS MODIFIED

# CONSIDER ONLY CRIME CHARGED

The defendant is on trial only for the crime charged in the indictment, not for any other activities.

Section 3.12 Ninth Circuit Manual of Model Jury Instructions.

GIVEN

NOT GIVEN

GIVEN AS MODIFIED

## TESTIMONY UNDER GRANT OF IMMUNITY

You have heard testimony from _____, a witness who has received immunity. That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted; the witness' testimony will not be used in any case against the witness, etc.].

In evaluating _____'s testimony, you should consider whether that testimony may have been influenced by the government's promise of immunity given in exchange for it, and you should consider that testimony with greater caution than that of ordinary witnesses.

Section 4.09 Ninth Circuit Manual of Model Jury Instructions.


GIVEN

NOT GIVEN

GIVEN AS MODIFIED

# TESTIMONY OF INFORMER

You have heard testimony that _____, a witness, has received [benefits, compensation, favored treatment, etc.] from the government in connection with this case. You should examine _____ 's testimony with greater caution than that of ordinary witnesses.  In evaluating that testimony, you should consider the extent to which it may have been influenced by the receipt of [e.g., benefits] from the government.

Section 4.10 Ninth Circuit Manual of Model Jury Instructions.

GIVEN

NOT GIVEN

GIVEN AS MODIFIED

## SPECIAL INSTRUCTION RE: INFORMANTS

"The use of informants to investigate and prosecute persons engaged in clandestine criminal activity is fraught with peril. This hazard is a matter 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonable be questioned' and thus of which we can take judicial notice." [citation omitted] By definition, criminal informants are cut from untrustworthy cloth and must be managed and carefully watched by the government and the courts to prevent them from falsely accusing the innocent, from manufacturing evidence against those under suspicion of crime, and from lying under oath in the courtroom. As Justice Jackson said forty years ago, "The use of informers, accessories, accomplices, false friends, or any of the other betrayals which are 'dirty business' may raise serious questions of credibility."

United States v. Bernal-Obeso, 989 F.2d 331 (9th Cir. 1993), citing Lee v. United States, 343 U.S. 747, 757 (1952).

GIVEN

NOT GIVEN

GIVEN AS MODIFIED

# TESTIMONY OF ACCOMPLICE

You have heard testimony from a person who admitted being an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime. You should consider such testimony with greater caution than that of an ordinary witness.

§ 4.11 Ninth Circuit Manual of Model Jury Instructions.

GIVEN

NOT GIVEN

GIVEN AS MODIFIED

## PROOF OF TAX DUE DEDUCTIONS

The government must prove every element of each offense beyond a reasonable doubt.  The government bears the burden of proving a defendant's income and disproving deductions.  In calculating a defendant's income, the government must take into account those deductions to which the defendant is entitled.  The government has a duty to follow all reasonable leads which may establish a tax payer's position.  The government's failure to disprove a tax payer's claim of deduction requires the jury to consider that claim of deduction to be true.

Holland v. United States, 348 U.S. 121 (1954).


GIVEN

NOT GIVEN

GIVEN AS MODIFIED

# PROOF OF TAX DEFECIENCY

The government must prove every element of each offense beyond a reasonable doubt.  The government bears the burden of proving a defendant's income, disproving deductions and establishing that there was a tax liability.  In calculating a defendant's tax liability, the government must take into account those deductions to which the defendant is entitled.  The government has a duty to follow all reasonable leads which may establish a tax payer's position or lead to a conclusion that no taxes are owed.

Holland v. United States, 348 U.S. 121 (1954) Lawn v. United States, 355 U.S. 339, 361 (1958); Boulware v. United States, 128 S.Ct. 1168 (Mar. 3, 2008).

GIVEN

NOT GIVEN

GIVEN AS MODIFIED

# WILLFULNESS

Willfulness requires the government to prove that the law imposed a duty on Diana Hojsak, and that Diana Hojsak knew of this duty, and that she voluntarily and intentionally violated that duty.

The government has the burden of disproving beyond a reasonable doubt Diana Hojsak's belief that she was not violating any criminal provision of the tax laws. That belief need not have been reasonable; subjective good faith is sufficient for the defendants to prevail.

§ 9.35 Ninth Circuit Manual of Model Jury Instructions. (Comment); <u>Cheek v. United States</u>, 498 U.S. 192, 201 (1991).

GIVEN

NOT GIVEN

GIVEN AS MODIFIED

1

2

3

## BURDEN OF PROOF

The government must prove every element of each offense beyond a reasonable

doubt. It is a complete defense to this prosecution that Diana Hojsak believed that her

actions were not criminal. In order to find Diana Hojsak guilty, the government must

prove beyond a reasonable doubt that Diana Hojsak believed her actions were criminal at

the time she did them.

Holland v. United States, 348 U.S. 121 (1954); Cheek v. United States, 498 U.S.

192, 201 (1991); Jacobson v. United States, 503 U.S. 540 (1992); United States v.

Pierre, 254 F.3d 872 (9th Cir. 2001)

GIVEN

NOT GIVEN

GIVEN AS MODIFIED

# Proposed Jury Instructions
# Blind Copy

## REASONABLE DOUBT

I instruct you that you must presume the defendant to be innocent of the crime[s] charged. Thus the defendant, although accused of [a] crime[s] in the indictment, begins the trial with a "clean slate" - with no evidence against her. The indictment, as you already know, is not evidence of any kind. [The defendant is, of course, not on trial for any act or crime not contained in the indictment.] The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense -- the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offense charged in the indictment, you must find

the defendant not guilty of the offense. If the jury views the evidence in the case as

reasonably permitting either of two conclusions - one of innocence, the other of guilt -- the

jury must, of course, adopt the conclusion of innocence.

In tax cases the government has the burden to prove that claimed deductions are not

reasonable and has the duty to follow all reasonable leads which may support the tax

payer's position. The government's failure to disprove beyond a reasonable doubt a tax

payer's claim of deduction requires the jury to consider that claim of deduction to be true.

Similarly, the government has the burden to prove beyond a reasonable doubt that

there is a tax deficiency. If the government does not prove that taxes were owed, you must

acquit the defendant.


GIVEN

NOT GIVEN

GIVEN AS MODIFIED

## EVIDENCE OF OTHER ACTS OF
## DEFENDANT, OR ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the

charge[s] in the indictment.  Your determination must be made only for the evidence in the

case.  The defendant is not on trial for any conduct or offense not charged in the

indictment.  You should consider evidence about the acts, statements, and intentions of

others, or evidence about other acts of the defendant, only as they relate to this charge

against this defendant.

GIVEN

NOT GIVEN

GIVEN AS MODIFIED

## CONSIDER EACH COUNT SEPARATELY

A separate crime is charged in each count. You must decide each count separately.

Your verdict on one count should not control your verdict on any other counts.

GIVEN

NOT GIVEN

GIVEN AS MODIFIED

## CONSIDER ONLY CRIME CHARGED

The defendant is on trial only for the crime charged in the indictment, not for any other activities.

GIVEN

NOT GIVEN

GIVEN AS MODIFIED

## TESTIMONY UNDER GRANT OF IMMUNITY

You have heard testimony from _____, a witness who has received immunity. That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted; the witness' testimony will not be used in any case against the witness, etc.].

In evaluating _____'s testimony, you should consider whether that testimony may have been influenced by the government's promise of immunity given in exchange for it, and you should consider that testimony with greater caution than that of ordinary witnesses.


GIVEN

NOT GIVEN

GIVEN AS MODIFIED

### TESTIMONY OF INFORMER

You have heard testimony that _____, a witness, has received [benefits, compensation, favored treatment, etc.] from the government in connection with this case. You should examine _____ 's testimony with greater caution than that of ordinary witnesses. In evaluating that testimony, you should consider the extent to which it may have been influenced by the receipt of [e.g., benefits] from the government.

GIVEN

NOT GIVEN

GIVEN AS MODIFIED

## SPECIAL INSTRUCTION RE: INFORMANTS

"The use of informants to investigate and prosecute persons engaged in clandestine criminal activity is fraught with peril. This hazard is a matter 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonable be questioned' and thus of which we can take judicial notice." [citation omitted] By definition, criminal informants are cut from untrustworthy cloth and must be managed and carefully watched by the government and the courts to prevent them from falsely accusing the innocent, from manufacturing evidence against those under suspicion of crime, and from lying under oath in the courtroom. As Justice Jackson said forty years ago, "The use of informers, accessories, accomplices, false friends, or any of the other betrayals which are 'dirty business' may raise serious questions of credibility."


GIVEN

NOT GIVEN

GIVEN AS MODIFIED

**TESTIMONY OF ACCOMPLICE**

You have heard testimony from a person who admitted being an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime. You should consider such testimony with greater caution than that of an ordinary witness.

GIVEN

NOT GIVEN

GIVEN AS MODIFIED

## PROOF OF TAX DUE DEDUCTIONS

The government must prove every element of each offense beyond a reasonable doubt.  The government bears the burden of proving a defendant's income and disproving deductions.  In calculating a defendant's income, the government must take into account those deductions to which the defendant is entitled.  The government has a duty to follow all reasonable leads which may establish a tax payer's position.  The government's failure to disprove a tax payer's claim of deduction requires the jury to consider that claim of deduction to be true.


GIVEN

NOT GIVEN

GIVEN AS MODIFIED

## PROOF OF TAX DEFECIENCY

The government must prove every element of each offense beyond a reasonable doubt. The government bears the burden of proving a defendant's income, disproving deductions and establishing that there was a tax liability. In calculating a defendant's tax liability, the government must take into account those deductions to which the defendant is entitled. The government has a duty to follow all reasonable leads which may establish a tax payer's position or lead to a conclusion that no taxes are owed.

GIVEN

NOT GIVEN

GIVEN AS MODIFIED

# WILLFULNESS

Willfulness requires the government to prove that the law imposed a duty on Diana Hojsak, and that Diana Hojsak knew of this duty, and that she voluntarily and intentionally violated that duty.

The government has the burden of disproving beyond a reasonable doubt Diana Hojsak's belief that she was not violating any criminal provision of the tax laws. That belief need not have been reasonable; subjective good faith is sufficient for the defendants to prevail.


GIVEN

NOT GIVEN

GIVEN AS MODIFIED

**BURDEN OF PROOF**

The government must prove every element of each offense beyond a reasonable doubt. It is a complete defense to this prosecution that Diana Hojsak believed that her actions were not criminal. In order to find Diana Hojsak guilty, the government must prove beyond a reasonable doubt that Diana Hojsak believed her actions were criminal at the time she did them.

GIVEN
NOT GIVEN
GIVEN AS MODIFIED