1  JOSEPH RUSSONIELLO (CSBN 44332)
   United States Attorney
2  THOMAS MOORE (ASBN 4305-O78T)
   Assistant United States Attorney
3  Chief, Tax Division
   CYNTHIA STIER (DCBN 423256)
4  Assistant United States Attorney
   9th Floor Federal Building
5  450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
6  Telephone: (415) 436-7000

7  Attorneys for United States

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11  UNITED STATES OF AMERICA,      )    No. CR-07-0325-PJH
                                   )
12       Plaintiff,                )
                                   )
13       v.                        )    UNITED STATES' REVISED PROPOSED
                                   )    JURY INSTRUCTIONS
14  DIANA LU                       )
    a/k/a Diana Jing Jing Hojsak,  )
15  a/k/a Jing Jing Lu,            )    Date: May 19, 2008
    a/k/a Diana Hojsak,            )    Time: 8:30 a.m.
16                                 )
         Defendant.                )
17  _____)

18       The United States of America, by and through its counsel, Joseph Russoniello, United

19  States Attorney, and Cynthia Stier, Assistant U.S. Attorney, hereby requests that the following

20  jury instructions be given by the Court in this case. Furthermore, during the course of the trial,

21  the government requests leave to offer such other and additional instructions as may become

22  appropriate.

23       The government requests that the Court give the following Jury Instructions from the

24  Ninth Circuit Model Jury Instructions (2007):

25       Before the opening statement: 1.1 - 1.2, 1.13, 1.13A.

26       During the course of the trial: 2.6, 2.9.

27       At the close of the evidence and after argument: 3.1-3.12; 3.20, 4.3. 4.4, 4.17, 4.18, 4.19,

28  9.35, 9.37, 9.38.

1    The government also requests that the Court give the following additional jury

2    instructions:

3                                          Respectfully submitted,

4                                          JOSEPH RUSSONIELLO
                                           United States Attorney
5
                                           /s/ Cynthia Stier
6                                          CYNTHIA STIER
                                           Assistant United States Attorney
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

US' Revised Proposed Jury Instructions
No. CR-07-0325-PJH                        2

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

<u>The Superseding Indictment</u>

The Superseding Indictment set forth four counts or charges.  (Please read the
Superseding Indictment)

Given: _____

Given as Modified: _____

Not Given: _____

1    GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

2    Income Tax Evasion (26 U.S.C. § 7201)

3    The defendant is charged in Counts One and Two of the Superseding Indictment with

4    income tax evasion for the calendar years 2000 and 2001 in violation of Section 7201 of Title 26

5    of the United States Code.  In order for the defendant to be found guilty of those charges, the

6    government must prove each of the following elements beyond a reasonable doubt:

7    First, the defendant owed more federal income taxes for the years 2000 and 2001 than

8    were declared due on the defendant's income tax returns;

9    Second, the defendant knew that more federal income taxes were owed than were

10   declared due on the defendant's income tax returns;

11   Third, the defendant made an affirmative attempt to evade or defeat an income tax; and

12   Fourth, in attempting to evade or defeat such additional taxes, the defendant acted

13   willfully.

22   Ninth Circuit Manual of Model Jury Instructions, 2007 Edition, § 9.35 (modified).

26   Given: _____

27   Given as Modified: _____

28   Not Given: _____

US' Revised Proposed Jury Instructions
No. CR-07-0325-PJH                4

GOVERNMENT'S PROPOSED JURY INSTRUCTION NUMBER  3

<u>False Statement or Document – Statute Involved</u>

The defendant is charged in Counts Three and Four of the Superseding Indictment with willfully making and subscribing false federal income tax returns (Forms 1040), for the years 2000 and 2001 in violation of Section 7206(1) of Title 26 of the United States Code.  Section 7206(1) provides, in part, as follows:

> Any person who - - [w]illfully makes and subscribes any return,
> statement, or other document, which contains or is verified by a
> written declaration that it is made under the penalties of perjury,
> and which [s]he does not believe to be true and correct as to every
> material matter ... shall be guilty of [an offense against the laws of
> the United States].

26 U.S.C. § 7206(1).

Given: _____

Given as Modified: _____

Not Given: _____

1

GOVERNMENT'S PROPOSED JURY INSTRUCTION NUMBER  4

2

Making or Subscribing a False Statement or Document - - Elements

3

In order to establish that the defendant made or subscribed false tax return, the

4

government must prove each of the following elements beyond a reasonable doubt:

5

First, the defendant made and signed the tax returns for Allied Telecom International

6

("ATI") for the tax years 2000 and 2001 that she knew contained false information as to a

7

material matter;

8

Second, the returns contained a written declaration that it was being signed subject to the

9

penalties of perjury; and

10

Third, in filing the false tax returns, the defendant acted wilfully.

11

12

13

14

15

16

17    Ninth Circuit Manual of Model Jury Instructions, 2007 Edition, § 9.37 (modified); *see also*

18    United States v. Bishop, 412 U.S. 346, 359 (1973); United States v. Holland, 880 F.2d 1091, 1096 (9th Cir. 1989); United States v. Marabelles, 724 F.2d 1374, 1380 (9th Cir. 1984).

19

20

21

22

23

24

25

26    Given: _____

27    Given as Modified: _____

28    Not Given: _____

US' Revised Proposed Jury Instructions
No. CR-07-0325-PJH                          6

1    GOVERNMENT'S PROPOSED JURY INSTRUCTION NUMBER  5

2    Subscribing Defined and Proof of Signing Return

3         The word "subscribe" simply means the signing of one's name to a document.

4         The fact that an individual's name is signed to a document is prima facie evidence for all

5    purposes that the document was actually signed by her, which is to say that, unless and until

6    outweighed by evidence in the case which leads you to a different or contrary conclusion, you

7    may find that the document was in fact signed by the person whose name appears to be signed to

8    it.

17   Devitt and Blackmar, Federal Jury Practice and Instructions, (3rd Edition 1977), § 35.13; United

18   States v. Carrodeguas, 747 F.2d 1390, 1396 (11th Cir. 1984); United States v. Kim, 884 F.2d 189,

19   195 (5th Cir. 1989)

26   Given: _____

27   Given as Modified: _____

28   Not Given: _____

1    GOVERNMENT'S PROPOSED JURY INSTRUCTION NUMBER __6__

2    _____ Material Matter

3          A matter is "material" if it had a natural tendency to influence or was capable of

4    influencing or affecting the ability of the IRS to audit or verify the accuracy of the return or a

5    related return.

17    Manual of Model Jury Instructions for the Ninth Circuit (2003 Ed.), §9.37 Comment; United
      States v. Gaudin, 515 U.S. 506 (1995).

26    Given: _____

27    Given as Modified: _____

28    Not Given: _____

GOVERNMENT'S PROPOSED JURY INSTRUCTION NUMBER __7__

<u>Omission of Material Matter</u>

A document may be materially false not only because of a misstatement of a material

matter, but also because of an omission of a material matter.

<u>United States v. Taylor</u>, 574 F.2d 232, 235-36 (5th Cir. 1978), cert. denied, 439 U.S. 893 (1978);
<u>Siravo v. United States</u>, 377 F.2d 469, 472 (1st Cir. 1967).

Given: _____

Given as Modified: _____

Not Given: _____

1    GOVERNMENT'S PROPOSED JURY INSTRUCTION NUMBER  8

2    Willfulness - - Retroactivity and Prospectivity

3        You are reminded that, for each count in the Superseding Indictment, to determine guilt

4    you are required to find that the defendant's conduct was willful for the year charged in each

5    count.  However, if you find evidence that the defendant willfully attempted to evade or defeat

6    her income tax in one year, you may consider this as evidence of his willfulness with respect to

7    earlier or later years.

16   United States v. Fingado, 934 F.2d 1163, 1165 (10th Cir. 1991); United States v. Bowman, 602
     F.2d 160, 163 (8th Cir. 1979); United States v. Farris, 517 F.2d 226 (7th Cir.), cert. denied, 423
17   U.S. 892 (1975).

26   Given: _____

27   Given as Modified: _____

28   Not Given: _____

US' Revised Proposed Jury Instructions
No. CR-07-0325-PJH                    10

GOVERNMENT'S PROPOSED JURY INSTRUCTION NUMBER __9__

"Attempts in any Manner to Evade or Defeat any Tax" - - Explained

The phrase "attempts in any manner to evade or defeat any tax" in §7201 involves two things: first, the formation of an intent to evade or defeat a tax; and second, willfully performing some act to accomplish the intent to evade or defeat that tax.

The phrase "attempts in any manner to evade or defeat any tax" contemplates that the defendant, Diana Hojsak, knew and understood that during the calendar years 2000 and 2001, she owed more federal income tax than was declared on the defendant's federal tax returns for those years and that she then tried in some way to avoid that additional tax.

In order to show an "attempt in any manner to evade or defeat any tax," therefore, the government must prove beyond a reasonable doubt that the defendant intended to evade or defeat the taxes due, and that the defendant Hojsak also willfully did some affirmative act in order to accomplish this intent to evade or defeat the taxes.

Devitt and Blackmar, Federal Jury Practice and Instructions, 1990, Fourth Edition, § 56.04 (modified).

Given: _____

Given as Modified: _____

Not Given: _____

US' Revised Proposed Jury Instructions
No. CR-07-0325-PJH                11

1  GOVERNMENT'S PROPOSED JURY INSTRUCTION NUMBER __10__

2  Proof of Precise Amount of Tax Owed Not Necessary

3  One element of income tax evasion is a tax deficiency or, in other words, an amount of

4  federal income tax due and owing by the defendant over and above the amount of tax reported on

5  the defendant's tax return.  Each year must be considered separately.  In other words, the

6  defendant's tax obligation in any one year must be determined separately from her tax obligation

7  in any other year.

8  The defendant is charged with attempting to evade or defeat an income tax due for each

9  of the calendar years 2000 and 2001, as alleged in Counts One and Two in the Superseding

10  Indictment.  Although the government must prove a willful attempt to evade some additional

11  income tax, the government is not required to prove the precise amount of additional tax owed.

18  Devitt and Blackmar, Federal Jury Practice and Instructions, 1990, Fourth Edition, § 56.08
    (modified); United States v. Johnwon, 319 U.S. 503, 517-18 (1943); United States v. Marashi,
19  913 F.2d 724, 735-36 (9th Cir. 1990).

26  Given: _____

27  Given as Modified: _____

28  Not Given: _____

GOVERNMENT'S PROPOSED JURY INSTRUCTION NUMBER   11

<u>Gross Income</u>

Federal income taxes are levied upon income derived from compensation for personal services of every kind and in whatever form paid, whether as wages, commissions, or money earned for performing services.  The tax is also levied upon profits earned from any business, regardless of its nature, and from interest, dividends, rents and the like.  In short, the phrase "gross income" generally means all income from whatever source derived unless it is specifically excluded by law.

<u>Pattern Jury Instructions, Criminal Cases, Eleventh Circuit</u>, (1997 Ed.), Offense Instructions, No. 81.1 (modified); 26 U.S.C. § 61.

Given: _____

Given as Modified: _____

Not Given: _____

GOVERNMENT'S PROPOSED JURY INSTRUCTION NUMBER  12

<u>Specific Item Method of Proof - - Explained</u>

In order to establish the amount of unreported income on the defendant's personal income tax returns, the government has presented evidence under the "specific item" method of proof. The specific item method simply consists of offering evidence of particular specific amounts of taxable income received by the defendant during a particular tax period, with evidence that the defendant did not include such amounts on her tax returns for such period.

<u>United States v. Beck</u>, 59-2 U.S.ata.C. ¶ 9486, p. 73-115 (W.D. Wash. Feb. 19, 1959), *aff'd in part and rev'd in part on other grounds*, 298 F.2d 622 (9th Cir.), *cert. denied*, 370 U.S. 919 (1962).

Given: _____

Given as Modified: _____

Not Given: _____

GOVERNMENT'S PROPOSED JURY INSTRUCTION NUMBER  13

"On or About" - - Proof Of

You will note that the Superseding Indictment charges that the offense was committed "on or about" a certain date.  The proof need not establish with certainty the exact date of the alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

Devitt and Blackmar, Federal Jury Practice and Instructions, §13.05 (1992 Ed.).

Given: _____

Given as Modified: _____

Not Given: _____

GOVERNMENT'S PROPOSED JURY INSTRUCTION NUMBER __14__

_Willfully - - Defined_

To find the defendant guilty of the Counts charged in the Superseding Indictment, you must find that she acted willfully.

The word "willfully" as used in this statute means a voluntary, intentional violation of a known legal duty.  In other words, an act or a failure to act is "willfully" done if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with the specific intent to fail to do something that the law requires to be done; that is to say, with a purpose either to disobey or to disregard the law.  The government does not need to prove that the defendant entertained a bad motive or evil intent to prove that he acted willfully.

United States v. Cheek, 498 U.S. 192, 201-02 (1991); United States v. Pomponio, 429 U.S. 10, 12 (1976); United States v. Bishop, 412 U.S. 346, 360 (1973); Devitt and Blackmar, Federal Jury Practice and Instructions (3d Ed. 1977), §35.05 (modified as "bad purpose" and "evil motive" not necessary to definition of willfulness); see United States v. Powell, 936 F.2d 1056, 1060 (9th Cir. 1991); United States v. Kelley, 539 F.2d 1199, 1204 (9th Cir. 1976); Manual of Model Jury Instructions for the Ninth Circuit (1997 Ed.), §9.6.1 Comment; United States v. Exker, 1996 WL 9787 (S.D.N.Y. 1986).

Given: _____

Given as Modified: _____

Not Given: _____

GOVERNMENT PROPOSED JURY INST. NO. __15__

## Willfulness

To find the defendant guilty of tax evasion as alleged in Counts One and Two and filing a false return as alleged in Counts Three and Four of the Superseding Indictment, you must not only find that she did the acts of which she stands charged, but you must also find that the acts were done willfully by the defendant.

The word "willfully," as used in this statute, means a voluntary, intentional violation of a known legal duty. In other words, the defendant must have acted voluntarily and intentionally and with the specific intent to do something she knew the law prohibited, that is to say, with intent either to disobey or to disregard the law.

In determining the issue of willfulness, you are entitled to consider anything done or omitted to be done by the defendant and all facts and circumstances in evidence that may aid in the determination of her state of mind. It is obviously impossible to ascertain or prove directly the operations of the defendant's mind; but a careful and intelligent consideration of the facts and circumstances shown by the evidence in any case may enable one to infer what another's intentions were in doing or not doing things. With the knowledge of definite acts, we may draw definite logical conclusions.

We are, in our daily affairs, continuously called upon to decide from the acts of others what their intentions or purposes are, and experience has taught us that frequently actions speak more clearly than spoken or written words. To this extent, you must rely in part on circumstantial evidence in determining the guilt or innocence of the defendant.

In this regard, there are certain matters that you may consider as pointing to willfulness, if you find such matters to exist in this case. Examples of such conduct include concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, a consistent pattern of under reporting income, and failure to include all of one's income in the records provided to a taxpayer's return preparer.

Other examples of affirmative acts of evasion of payment of tax include placing assets in the name of others, causing debts to be paid through and in the name of others, and using bank

accounts in the names of others.

I give you these instances simply to illustrate the type of conduct you may consider in determining the issue of willfulness. I do not by this instruction mean to imply that the defendant did engage in any such conduct. It is for you as the trier of the facts to make this determination as to whether the defendant did or did not.

Devitt and Blackmar, **Federal Jury Practice and Instructions** (4th Ed. 1992), Section 17.07 (modified and supplemented)

Devitt and Blackmar, **Federal Jury Practice and Instructions** (4th Ed. 1990), Section 56.20 (modified)

**Pattern Jury Instructions**, Fifth Circuit (1990 Ed.), Section 2.88 (Note)

**Federal Criminal Jury Instructions of the Seventh Circuit** (1980 Ed.), Section 6.03 (modified)

**Manual of Model Jury Instructions for the Ninth Circuit** (1992 Ed.), Section 5.05 (Comment)

**Pattern Jury Instructions, Criminal Cases**, Eleventh Instruction No. 9.1, p. 22 (modified) Circuit (1985 Ed.), Basic Instructions,

**Cheek v. United States**, 498 U.S. 192, 201 (1991)

**United States v. Pomponio**, 429 U.S. 10, 12 (1976)

**United States v. Bishop**, 412 U.S. 346, 360 (1973)

**Spies v. United States**, 317 U.S. 492, 499 (1943)

**United States v. Ashfield**, 735 F.2d 101, 105 (3d Cir.), cert. denied sub nom., **Storrn v. United States**, 469 U.S. 858 (1984)

**United States is Conforte**, 624 F.2d 869, 875 (9th Cir. 1980), cent. denied, 449 U.S. 1012 (1980)

**United States v. Rafnsdell**, 450 F.2d 130, 133-134 (10th Cir. 1971)

**United States v. Spinelli**, 443 F.2d 2, 3 (9th Cir. 1971)
Authority:

**United States v. Daniel**, 956 F.2d 540. 543 (6th Cir. 1992)

**United States v. Masat**. 896 F.2d 88.97 (5th Cir 1990)

**United States v. Stone**, 770 F. 2d 842.845 (9th Cir. 1985)

1  **United States v. Pawlack**, 352 F. Supp. 794,798 (D.C.N.Y. 1972)

2  **United States v. Garavaalia**, 566 F. 2d 1056, 1059 (6th Cir. 1977)

26  Given: _____

27  Given as Modified: _____

28  Not Given: _____

US' Revised Proposed Jury Instructions
No. CR-07-0325-PJH                    19

# PROPOSED JURY INSTRUCTIONS

## BLIND COPY

1

JURY INSTRUCTION NO. 1

2

<u>The Superseding Indictment</u>

3

The Superseding Indictment set forth four counts or charges.  (Please read the

4

Superseding Indictment)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Given: _____

27

Given as Modified: _____

28

Not Given: _____

1    JURY INSTRUCTION NO. 2

2    Income Tax Evasion (26 U.S.C. § 7201)

3        The defendant is charged in Counts One and Two of the Superseding Indictment with

4    income tax evasion for the calendar years 2000 and 2001 in violation of Section 7201 of Title 26

5    of the United States Code.  In order for the defendant to be found guilty of those charges, the

6    government must prove each of the following elements beyond a reasonable doubt:

7        First, the defendant owed more federal income taxes for the years 2000 and 2001 than

8    were declared due on the defendant's income tax returns;

9        Second, the defendant knew that more federal income taxes were owed than were

10   declared due on the defendant's income tax returns;

11       Third, the defendant made an affirmative attempt to evade or defeat an income tax; and

12       Fourth, in attempting to evade or defeat such additional taxes, the defendant acted

13   willfully.

26   Given: _____

27   Given as Modified: _____

28   Not Given: _____

JURY INSTRUCTION NUMBER   3

<u>False Statement or Document – Statute Involved</u>

The defendant is charged in Counts Three and Four of the Superseding Indictment with willfully making and subscribing false federal income tax returns (Forms 1040), for the years 2000 and 2001 in violation of Section 7206(1) of Title 26 of the United States Code.  Section 7206(1) provides, in part, as follows:

> Any person who - - [w]illfully makes and subscribes any return,
> statement, or other document, which contains or is verified by a
> written declaration that it is made under the penalties of perjury,
> and which [s]he does not believe to be true and correct as to every
> material matter ... shall be guilty of [an offense against the laws of
> the United States].

Given: _____

Given as Modified: _____

Not Given: _____

JURY INSTRUCTION NUMBER   4

<u>Making or Subscribing a False Statement or Document - - Elements</u>

In order to establish that the defendant made or subscribed false tax return, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made and signed the tax returns for Allied Telecom International ("ATI") for the tax years 2000 and 2001 that she knew contained false information as to a material matter;

Second, the returns contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax returns, the defendant acted wilfully.

Given: _____

Given as Modified: _____

Not Given: _____

JURY INSTRUCTION NUMBER  5

<u>Subscribing Defined and Proof of Signing Return</u>

The word "subscribe" simply means the signing of one's name to a document.

The fact that an individual's name is signed to a document is prima facie evidence for all purposes that the document was actually signed by her, which is to say that, unless and until outweighed by evidence in the case which leads you to a different or contrary conclusion, you may find that the document was in fact signed by the person whose name appears to be signed to it.

Given: _____

Given as Modified: _____

Not Given: _____

JURY INSTRUCTION NUMBER __6__

## Material Matter

A matter is "material" if it had a natural tendency to influence or was capable of influencing or affecting the ability of the IRS to audit or verify the accuracy of the return or a related return.

Given: _____

Given as Modified: _____

Not Given: _____

1    JURY INSTRUCTION NUMBER   7

2    Omission of Material Matter

3    A document may be materially false not only because of a misstatement of a material

4    matter, but also because of an omission of a material matter.

26    Given: _____

27    Given as Modified: _____

28    Not Given: _____

1

JURY INSTRUCTION NUMBER   8

2

<u>Willfulness - - Retroactivity and Prospectivity</u>

3

You are reminded that, for each count in the Superseding Indictment, to determine guilt

4

you are required to find that the defendant's conduct was willful for the year charged in each

5

count.  However, if you find evidence that the defendant willfully attempted to evade or defeat

6

her income tax in one year, you may consider this as evidence of his willfulness with respect to

7

earlier or later years.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Given: _____

27

Given as Modified: _____

28

Not Given: _____

US' Revised Proposed Jury Instructions
No. CR-07-0325-PJH                     28

JURY INSTRUCTION NUMBER __9__

<u>"Attempts in any Manner to Evade or Defeat any Tax" - - Explained</u>

The phrase "attempts in any manner to evade or defeat any tax" in §7201 involves two things: first, the formation of an intent to evade or defeat a tax; and second, willfully performing some act to accomplish the intent to evade or defeat that tax.

The phrase "attempts in any manner to evade or defeat any tax" contemplates that the defendant, Diana Hojsak, knew and understood that during the calendar years 2000 and 2001, she owed more federal income tax than was declared on the defendant's federal tax returns for those years and that she then tried in some way to avoid that additional tax.

In order to show an "attempt in any manner to evade or defeat any tax," therefore, the government must prove beyond a reasonable doubt that the defendant intended to evade or defeat the taxes due, and that the defendant Hojsak also willfully did some affirmative act in order to accomplish this intent to evade or defeat the taxes.

Given: _____

Given as Modified: _____

Not Given: _____

JURY INSTRUCTION NUMBER __10__

Proof of Precise Amount of Tax Owed Not Necessary

One element of income tax evasion is a tax deficiency or, in other words, an amount of federal income tax due and owing by the defendant over and above the amount of tax reported on the defendant's tax return.  Each year must be considered separately.  In other words, the defendant's tax obligation in any one year must be determined separately from her tax obligation in any other year.

The defendant is charged with attempting to evade or defeat an income tax due for each of the calendar years 2000 and 2001, as alleged in Counts One and Two in the Superseding Indictment.  Although the government must prove a willful attempt to evade some additional income tax, the government is not required to prove the precise amount of additional tax owed.

Given: _____

Given as Modified: _____

Not Given: _____

1

JURY INSTRUCTION NUMBER   11

2

<u>Gross Income</u>

3           Federal income taxes are levied upon income derived from compensation for personal

4    services of every kind and in whatever form paid, whether as wages, commissions, or money

5    earned for performing services.  The tax is also levied upon profits earned from any business,

6    regardless of its nature, and from interest, dividends, rents and the like.  In short, the phrase

7    "gross income" generally means all income from whatever source derived unless it is specifically

8    excluded by law.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   Given: _____

27   Given as Modified: _____

28   Not Given: _____

1

JURY INSTRUCTION NUMBER __12__

2

Specific Item Method of Proof - - Explained

3

      In order to establish the amount of unreported income on the defendant's personal income

4

tax returns, the government has presented evidence under the "specific item" method of proof.

5

The specific item method simply consists of offering evidence of particular specific amounts of

6

taxable income received by the defendant during a particular tax period, with evidence that the

7

defendant did not include such amounts on her tax returns for such period.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Given: _____

27

Given as Modified: _____

28

Not Given: _____

1

JURY INSTRUCTION NUMBER  13

2

<u>"On or About" - - Proof Of</u>

3       You will note that the Superseding Indictment charges that the offense was committed

4   "on or about" a certain date.  The proof need not establish with certainty the exact date of the

5   alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt

6   that the offense was committed on a date reasonably near the date alleged.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   Given: _____

27   Given as Modified: _____

28   Not Given: _____

1

JURY INSTRUCTION NUMBER  14

2

Willfully - - Defined

3       To find the defendant guilty of the Counts charged in the Superseding Indictment, you

4   must find that she acted willfully.

5       The word "willfully" as used in this statute means a voluntary, intentional violation of a

6   known legal duty.  In other words, an act or a failure to act is "willfully" done if done voluntarily

7   and intentionally, and with the specific intent to do something the law forbids, or with the

8   specific intent to fail to do something that the law requires to be done; that is to say, with a

9   purpose either to disobey or to disregard the law.  The government does not need to prove that

10  the defendant entertained a bad motive or evil intent to prove that he acted willfully.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  Given: _____

27  Given as Modified: _____

28  Not Given: _____

US' Revised Proposed Jury Instructions
No. CR-07-0325-PJH                        34

JURY INST. NO.  15

<u>Willfulness</u>

To find the defendant guilty of tax evasion as alleged in Counts One and Two and filing a false return as alleged in Counts Three and Four of the Superseding Indictment, you must not only find that she did the acts of which she stands charged, but you must also find that the acts were done willfully by the defendant.

The word "willfully," as used in this statute, means a voluntary, intentional violation of a known legal duty. In other words, the defendant must have acted voluntarily and intentionally and with the specific intent to do something she knew the law prohibited, that is to say, with intent either to disobey or to disregard the law.

In determining the issue of willfulness, you are entitled to consider anything done or omitted to be done by the defendant and all facts and circumstances in evidence that may aid in the determination of her state of mind. It is obviously impossible to ascertain or prove directly the operations of the defendant's mind; but a careful and intelligent consideration of the facts and circumstances shown by the evidence in any case may enable one to infer what another's intentions were in doing or not doing things. With the knowledge of definite acts, we may draw definite logical conclusions.

We are, in our daily affairs, continuously called upon to decide from the acts of others what their intentions or purposes are, and experience has taught us that frequently actions speak more clearly than spoken or written words. To this extent, you must rely in part on circumstantial evidence in determining the guilt or innocence of the defendant.

In this regard, there are certain matters that you may consider as pointing to willfulness, if you find such matters to exist in this case.  Examples of such conduct include concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, a consistent pattern of under reporting income, and failure to include all of one's income in the records provided to a taxpayer's return preparer.

Other examples of affirmative acts of evasion of payment of tax include placing assets in the name of others, causing debts to be paid through and in the name of others, and using bank

accounts in the names of others.

I give you these instances simply to illustrate the type of conduct you may consider in determining the issue of willfulness. I do not by this instruction mean to imply that the defendant did engage in any such conduct. It is for you as the trier of the facts to make this determination as to whether the defendant did or did not.

Given: _____

Given as Modified: _____

Not Given: _____