CHRISTOPHER J. CANNON, State Bar No. 88034
Sugarman & Cannon
44 Montgomery Street, Suite 2080
San Francisco, CA 94104
Telephone: (415) 362-6252
Facsimile: (415) 677-9445

Attorney for DIANA HOJSAK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-07-0325-PJH |
| | ) | |
| Plaintiff, | ) | **MOTION IN LIMINE TO** |
| | ) | **EXCLUDE EVIDENCE OF** |
| v. | ) | **OTHER ACTS OUTSIDE OF** |
| | ) | **THE TIME PERIOD** |
| DIANA HOJSAK | ) | **ALLEGED IN THE** |
| a.k.a. JING JING LU, | ) | **INDICTMENT** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## I.    INTRODUCTION.

Diana Hojsak is charged with two counts of tax evasion in violations of 26 § U.S.C. § 7201, and two counts of subscribing false corporate tax returns in violation of 26 U.S.C. § 7206(1). The indictment alleges these crimes occurred in connection with tax returns for Ms. Hojsak and Allied Telecom International (ATI) for the tax years 2000 and 2001. Late on Friday, the government provided the defense with an exhibit list and copies of many of the exhibit it intends to introduce at trial. The majority of these documents are financial

records, many of which are relevant to Ms. Hojsak's income and alleged tax liability for the years charged. Many of the documents, however, concern tax years which are not charged in the indictment, particularly 1998, 1999 and 2004. There is no reason for the government to admit financial documents or other testimony concerning Ms. Hojsak's finances for years other than 2000 and 2001, the years charged in the indictment.[1]

## II.     ARGUMENT.

Rules 403 and 404(b) of the Federal Rules of Evidence create a general ban against character evidence, and prohibit the introduction of irrelevant or unduly prejudicial evidence. The first sentence of Rule 404(b) restates the elementary principle that evidence of prior or subsequent bad acts or crimes cannot be admitted when they are used to show disposition or propensity to commit crimes or to commit the particular kind of crime which the defendant is charged: "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Fed. R. Evid. 404(b). See Michelson v. United States, 335 U.S. 469, 475-76 (1948); United States v. McKoy, 771 F.2d 1207, 1213 (9th Cir. 1985); United States v. Alfonso, 759 F.2d 728, 739 (9th Cir. 1985); United States v. Bailleaux, 685 F.2d 1105, 1109 (9th Cir. 1982).

---

[1] We concede that if Ms. Hojsak claims she had a substantial cash horde, prior to the years charged, the government would be entitled to attempt to rebut that claim. Rebuttal of a claim that Michael Yell owed her money, however, is not an excuse for the admission of financial records for years other than those charged in the indictment.

DIANA HOJSAK'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER ACTS OUTSIDE OF THE TIME PERIOD ALLEGED IN THE INDICTMENT
CR-07-0325-PJH                                                                                                                              2

The Ninth Circuit has "emphasized that extrinsic acts evidence 'is not looked upon with favor'" <u>United States v. Hodges</u>, 770 F.2d 1475, 1479 (9th Cir. 1985), <u>citing</u> <u>United States v. Herrera-Medina</u>, 609 F.2d 376, 379 (9th Cir. 1979); <u>United States v. Aims Back</u>, 588 F.2d 1283, 1287 (9th Cir. 1979), "and that its use must be narrowly circumscribed and limited." <u>Id</u>., <u>quoting</u> <u>United States v. Bailleaux</u>, 685 F.2d at 1109 (9th Cir. 1982).

In determining whether to admit other acts, the trial court must first find that the proffered evidence is relevant to a material issue in the case other than the defendant's criminal character. <u>United States v. McKoy</u>, 771 F.2d at 1214 (9th Cir. 1985), <u>citing</u> <u>United States v. Bailleaux</u>, 685 F.2d at 1109-10; <u>United States v. Rocha</u>, 553 F.2d at 616 (9th Cir. 1977). The government bears the burden of establishing that the evidence of other acts is relevant to prove a fact within one of Rule 404(b)'s exceptions. <u>United States v. Hernandez-Miranda</u>, 601 F.2d 1104, 1108 (9th Cir. 1979).

Even if evidence of other acts is relevant to an issue other than character, however, before it is admitted the evidence must meet a four-part test under Rule 404(b): (1) the evidence must help prove a material point at issue; (2) the evidence must not be too remote in time; (3) the evidence must be sufficiently persuasive to allow a reasonable jury to conclude the defendant committed the other act; and (4) where knowledge, intent, or identity is at issue, the other act must be similar to the charged act. <u>United States v. Vizcarra-Martinez</u>, 66 F.3d 1006, 1013 (9th Cir. 1995); <u>United States v. Luna</u>, 21 F.3d 874, 878 (9th Cir. 1994).

Rule 403 provides an additional hurdle for the introduction of other acts evidence. In addition to showing relevancy and meeting the four-part test, the government must also

show that the probative value of the bad acts evidence is not "substantially outweighed by the danger of unfair prejudice." United States v. Mehrmanesh, 689 F.2d at 830 (9th Cir. 1982). Rule 403 requires the court to weigh the probative value of evidence against the potential the evidence has for unfairly prejudicing the jury against the defendant. Id. See United States v. Riggins, 539 F.2d 682, 683 (9th Cir. 1976). Unfair prejudice is that prejudice to the defendant which:

> [R]esults from an aspect of the evidence other than its tendency to make the existence of a material fact more or less probable, e.g., that aspect of the evidence which makes conviction more likely because it provoked an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged. United States v. Bailleaux, 685 F.2d at 1111 (emphasis in original). See also United States v. Hodges, 770 F.2d at 1480; Old Chief v. United States, 519 U.S. 172 (1997).

### III. THE FINANCIAL TRANSACTIONS OUTSIDE THE PERIOD OF THE INDICTMENT ARE NOT PROBATIVE OF ANY MATERIAL ISSUE

Rule 401 defines relevant evidence as having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. Rule Evid. 401. Evidence of financial transactions outside the period of the indictment is irrelevant under the definition of Rule 401, and will not assist in the determination of any fact that is of consequence in this case. In United States v. Stahl, 616 F.2d 30, 31-33 (2d Cir.1980), the Second Circuit reversed a conviction where the prosecution made repeated references to the defendant's wealth and lifestyle. Similarly, in United States v. Unruh 855 F.2d 1363 (9th Cir. 1987)

the Ninth Circuit criticizes the admission of a fur coat and wealth and ordered that evidence barred from a retrial. The charges alleged in this case cover only two tax years. The government should not be allowed to introduce evidence of other financial transactions allegedly entered into by Diana Hojsak both before and after the dates of the crimes charged.

Dated: April 28, 2008                           Respectfully submitted,

                                          /s/Christopher Cannon___
                                          Christopher J. Cannon,
                                          Attorney for Diana Hojsak