1 | JOSEPH RUSSONIELLO (CSBN 44332)
United States Attorney
2 | THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
3 | Chief, Tax Division
CYNTHIA STIER (DCBN 423256)
4 | Assistant United States Attorney
  9th Floor Federal Building
5 |  450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
6 |  Telephone: (415) 436-7000

7 | Attorneys for United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR-07-0325-PJH |
|---|---|---|
| Plaintiff, | ) | |
| | ) | UNITED STATES' RESPONSE TO |
| v. | ) | DEFENDANT'S MOTION IN LIMINE TO |
| | ) | COMPEL DISCLOSURE OF BRADY |
| DIANA LU | ) | MATERIAL |
| a/k/a Diana Jing Jing Hojsak, | ) | |
| a/k/a Jing Jing Lu, | ) | |
| a/k/a Diana Hojsak, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**INTRODUCTION**

Defendant Diana Hojsak a/k/a Diana Lu has filed a Motion in Limine seeking the disclosure of the Internal Revenue Service Special Agent Report ("SAR") and "any other Brady material in this case" on the grounds that these materials may contain exculpatory or impeachment material. Defendant's Motion in Limine, p. 10: 15-16; p. 6: 12 - 15.

In support of her Motion, Defendant relies on United States v. Doerr, 886 F.2d 944, 965 - 66 (7th Cir. 1989) and United States v. Sternstein, 596 F.2d 528 (2nd Cir. 1979). In response, the government alleges that the Defendant is not entitled to the SAR because (1) the SAR does not contain exculpatory material and disclosure of the SAR is not authorized by Rule 16 (a)(2) of the Fed.R.Crim.P.; (2) the government has provided open discovery to the defense; and (3) impeachment evidence has been produced with the possible exception of documents pertaining to

Michael Jon Yell.[1]

1.   **The SAR does not contain exculpatory material**.

Rule 16 (a)(2)of the Federal Rules of Criminal Procedure provides as follows:

Information Not Subject to Disclosure Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. §3500.

The SAR is an internal report by the IRS Special Agent in connection with the investigation of the Defendant in this case. The SAR is simply the Special Agent's review of the evidence pertaining to these charges. In that regard, the SAR is an analysis but not evidence. Nor is the SAR impeachment evidence as the author, IRS Special Agent Bryan Wong, is not testifying. To the extent that the SAR contains any exculpatory material, all documents upon which the SAR are based have been provided to the defense. To the extent that the SAR may contain impeachment material for its author, Special Agent (Bryan Wong) is not a witness for trial. To the extent that the SAR is reviewed by attorneys for the government, those internal review documents are protected by Rule 16(a)(2) as well as the attorney client privilege and work product doctrine. Additionally, the decision to prosecute a case is made by the US Attorney's office and not the Special Agent who prepared the SAR.

In support of her position, Defendant relies on the case of United States v. Sternstein, 596 F.2d 528 (2nd Cir. 1979). In that case, the defendant was charged with fraudulently filling out income tax returns. Defendant sought the IRS Agent's reports for those clients for whom he

---

[1] The United States has documents from the Australian Taxing Authority responsive to its request for documents relative to Michael Jon Yell. Counsel for the United States was authorized to disclose that information at a conference call with the Australian Taxing Authorities on April 23, 2008. The information contains financial information for Mr. Yell. Counsel for the government provided a Stipulation for Protective Order to defense counsel to protect disclosure of Mr. Yell's financial information outside of this case. Counsel for the government is attempting to provide that Stipulation to Mr. Yell to provide him an opportunity to object to disclosure on or before May 7, 2008. To the extent that these documents may contain exculpatory evidence they will be provided to the defense on May 7, 2008, absent objection by Mr. Yell.

US v. Hojsak, US Response to
Defendant's Motion in Limine,
Case No. 07-0325-PJH                         2

1 prepared tax returns but was not charged.  Defendant argued that those reports could show that
2 his errors were careless rather than intentional since they only occurred in a few clients returns
3 and the majority of clients for whom he prepared returns contained no such errors.  The district
4 court denied defendant's discovery request to disclose IRS agent reports for those clients who
5 were not named in the indictment.[2]  The Circuit Court remanded the case for the district court to
6 review the evidence to determine whether a substantial number of the unindicted tax returns
7 contained errors.

The Sternstein case is distinguishable from the case at bar.  Whereas Sternstein's defense *could* be supported by factual evidence in the SAR, Defendant Hojsak does not seek exculpatory *factual* evidence.  Rather, Defendant Hojsak seeks to discover the government's legal analysis of the evidence by requesting reports and supplemental reports by IRS District Counsel and the Department of Justice.  See Defendant's Motion in Limine to Compel Brady Material, p. 3 through 5.  The government's analysis of the evidence is protected by the attorney-client privilege, the work product doctrine and the deliberative process privilege.  Moreover, it is specifically not subject to disclosure pursuant to Rule 16(a)(2) of the Fed.R.Crim.P.  To the extent that Defendant Hojsak seeks factual support for the charges against her, the government has provided her all documents upon which the SAR is based.  See Declaration of Bryan Wong, Exhibit A.  Here, the Defendant can only be seeking the analysis in the SAR because she has all of the underlying evidence

In United States v. Boykoff, 67 Fed.Appx. 15, 21 (2nd Cir. 2003), the Defendant relied upon United States v. Sternstein to request production of the SAR as *Brady* material.  The Second Circuit affirmed the trial court's decision denying defendant's request because the trial court had conducted an in camera review of the evidence and found no exculpatory material.  "The firsthand appraisal of the judge is essential in determining the materiality of withheld evidence."  See Sternstien, 596 F.2d at 531 (citing United States v. Agurs, 427 U.S. 97, 114

---

[2] The district court did not conduct an in camera appraisal of the value of the IRS agent's reports on the unindicted clients.

US v. Hojsak, US Response to
Defendant's Motion in Limine,
Case No. 07-0325-PJH                                3

(1976).  As previously stated, the government has provided the documents upon which the SAR is based to the defense.  Accordingly, any potential exculpatory material has been produced.  In the event that this Court has any question regarding the contents of the SAR, the United States is willing to submit the SAR to this Court for an inspection.

Defendant also relies on United States v. Doerr, 886 F.2d 944, 965-966 (7th Cir. 1989), as further support to disclose the SAR.   The SAR at issue in Doerr involved *another* criminal investigation for failure to file tax returns.  That investigation was terminated.  The court ordered to government to produce any portion of that SAR which contained exculpatory material.  Here, there are no other investigations.  The SAR sought in this case is the Special Agent's assessment of the evidence.  The underlying documentation upon which the SAR is based has been provided to the Defendant and the analysis of that evidence is exactly the information protected from disclosure pursuant to Rule 16(a)(2), as well as the attorney-client privilege, work product doctrine and deliberative process privilege.

2.    **The United States has provided full discovery**.

Defendant has received not only a detailed set of charges in the form of a superseding indictment explaining the theory and nature of charges against her, but also substantial discovery consisting of, among other items: (1) financial records documenting the invoices from Allied Telecom International ("ATI") to Yangtze Fibre Optical and Cable Company ("YOFC"); (2) bank records including wire transfers from YOFC to Defendant's Hong Kong Shanghai Bank Account; (3) the bank records including wire transfers from YOFC to ATI's Wells Fargo account; (4) the bank records including wire transfers from Defendant's HSBC account to her Wells Fargo bank accounts; (5) all Memoranda of Interviews including documentation provided by YOFC; and (6) the workpapers of her CPA.  The documents provided to Defendant encompass all documents upon which the SAR is based.  See Declaration of Bryan Wong, Exhibit A.

3.    **Impeachment evidence has been produced.**

As Defendant correctly states, handwritten notes by investigators, agents, or attorneys

US v. Hojsak, US Response to
Defendant's Motion in Limine,
Case No. 07-0325-PJH                         4

1  which contain exculpatory or impeachment materials must be disclosed.  The Memoranda of
2  Interview of Mr. Yan from YOFC, along with all other individuals interviewed, have been
3  provided to the defense.  Special Agent Bryan Wong has compared his written notes of those
4  interviews with the Memoranda and the typewritten memorandum contain all material
5  information in the underlying handwritten notes.  Agent Wong has provided his notes to counsel
6  for the Defendant.  See Wong Declaration, Exhibit A.
7     All possibly exculpatory materials known to the prosecutor and unknown to the defense
8  have been produced.

## CONCLUSION

10     For the reasons set forth above, this Court should deny Defendant's Motion to Compel
11 Disclosure of *Brady* materials, including the SAR.

Respectfully submitted,

JOSEPH RUSSONIELLO
United States Attorney

/s/ Cynthia Stier
CYNTHIA STIER
Assistant United States Attorney

US v. Hojsak, US Response to
Defendant's Motion in Limine,
Case No. 07-0325-PJH                    5