1  JOSEPH P. RUSSONIELLO
United States Attorney
2  BRIAN STRETCH
Chief, Criminal Division
3  CYNTHIA STIER (DCBN 423256)
Assistant United States Attorney
4  THOMAS M. NEWMAN (CTSBN 422187)
Assistant United States Attorney
5   9th Floor Federal Building
   450 Golden Gate Avenue, Box 36055
6   San Francisco, California 94102
   Telephone: (415) 436-7000
7
Attorneys for United States
8
UNITED STATES DISTRICT COURT
9
NORTHERN DISTRICT OF CALIFORNIA
10
SAN FRANCISCO DIVISION
11

12  UNITED STATES OF AMERICA,            )     No. CR-07-0325-PJH
                                         )
13         Plaintiff,                    )
                                         )
14         v.                            )     UNITED STATES' RESPONSE TO
                                         )     DEFENDANT'S MOTION IN LIMINE TO
                                         )     EXCLUDE EVIDENCE OF OTHER ACTS
15  DIANA LU                             )     OUTSIDE OF THE PERIOD OF THE
    a/k/a Diana Jing Jing Hojsak,        )     INDICTMENT
16  a/k/a Jing Jing Lu,                  )
    a/k/a Diana Hojsak,                  )
17                                       )
           Defendant.                    )
18  _____  )

19                             **INTRODUCTION**

20        Defendant Diana Hojsak a/k/a Diana Lu has filed a Motion in Limine seeking to exclude

21  evidence "of other acts outside the period of the indictment."  Without specifying what particular

22  evidence is the object of this motion, Defendant contends that "Many of the documents [] 

23  concern tax years which are not charged in the indictment, particularly 1998, 1999 and 2004."

24  Br. at 2.  Defendant argues that "there is no reason" for the government to admit evidence from

25  years preceding, or subsequent to, the charges years unless such documents are offered for

26  rebuttal or impeachment purposes.  Defendant is incorrect and her motion to exclude these

27  documents should be denied.

28

U.S.' Response to Defendant's
Motion in Limine
Case No. CR-07-325-PJH

**I. FACTUAL BACKGROUND**

Defendant is charged with two counts of subscribing to a false income tax return and two count of income tax evasion for 2000-2001, in violation of IRC §§ 7206(1) and 7201. The false return charges under IRC § 7206(1) relate to Allied Telecom International's ("ATI") corporate income tax returns. The evasion charges are directed at Defendant's personal income tax liability, but the conduct and evidence related to these offenses have some overlap.

From 1998 through 2001, ATI received more than $3,000,000 of income related to an agreement with Yantze Optical Fibre and Cable Co. Ltd ("YOFC") to sell fiber optics to Chinese businesses.[1] Defendant received invoices for related to this agreement, which was reported on ATI's income tax return for 1998 and 1999. Defendant failed to report this same contract income on ATI's corporate income tax returns for 2000 and 2001, the years charged in the indictment.

Moreover, Defendant maintained a business bank account at Wells Fargo Bank in the name of ATI and a personal bank account with Hong Kong and Shanghai Banking Corporation Limited ("HSBC") during this period. In 2000 and 2001, Defendant instructed YOFC to diverted approximately $1,810,322 to her personal bank account at HSBC, and requested a wire transfer of the remaining $1,547,452 to ATI's business account at Wells Fargo Bank.

Defendant provided her income tax return preparer all of her personal and business account information to calculate ATI's income with one exception. Defendant concealed the HSBC account in which $1,904,566 of ATI's gross receipts had been divert, at her request. Consequently, Defendant knowingly under-reported ATI's gross receipts for 2000-2001. Moreover, Defendant failed to report these proceeds, deposited in her bank account, on her own individual income tax returns. As late as 2004, Defendant concealed these funds in offshore accounts, which were at times held in the name of a nominee.

The documents that the government intends to introduce at trial relates to the aforementioned transactions. Specifically, the (1) 1998-1999 payment invoices to ATI from

---

[1]Defendant testified that ATI received this income during civil litigation with YOFC.

U.S.' Response to Defendant's
Motion in Limine
Case No. CR-07-325-PJH                    2

1  YOFC, (2) ATI's corporate income tax returns for 1998-1999, and (3) wire transfers from

2  Defendant's bank accounts related to the diverted funds and income.  A review of the

3  government exhibit list and underlying document reveals no other potential evidence that is

4  "outside of the period of the indictment."  The government contends that the final category (3) is

5  intrinsic to the crime of tax evasion and does not require Fed. R. Evid. 404(b) analysis.

6  Nonetheless, in of an abundance of caution the government will address each of these

7  documents.

8  **II. ARGUMENT**

9  **A.    Legal Background**

10     Federal Rule of Evidence 404(b), requires, upon defendant's request, that the Government

11  provide "reasonable notice . . . of the general nature" of evidence of other crimes, wrongs, or acts

12  that it intends to introduce at trial. The notice requirement (like Rule 404(b) itself) does not

13  extend "to evidence of acts which are "intrinsic" to the charged offense." Committee Note, Fed.

14  R. Evid. 404(b). The Court also may excuse the notice requirement on the showing of good

15  cause. Fed. R. Evid. 404(b).  Rule 404(b) provides in part:

16      Evidence of other crimes, wrongs, or acts is not admissible to prove the
        character of a person in order to show action in conformity therewith. It may,
17      however, be admissible for other purposes, such as proof of motive, opportunity, intent,
        preparation, plan, knowledge, identity, or absence of mistake or accident. . . Id.
18

19     The decision whether to admit 404(b) evidence is committed to the district court's

20  discretion, and is reviewed only for abuse of that discretion. United States v. Sitton, 968 F.2d

21  947, 958 (9th Cir.1992); United States v. Hadley, 918 F.2d 848, 850 (9th Cir. 1980).

22     The Ninth Circuit has construed Rule 404(b) as a "rule of inclusion" and has held that

23  evidence of other acts is admissible "except where it tends to prove only criminal disposition."

24  United States v. Ayers, 924 F.2d 1468, 1472-73 (9th Cir. 1991).  In that regard, Rule 404(b)

25  specifically provides for the admissibility of such evidence to establish "proof of [the

26  defendant's] opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

27  accident." Id.  Contrary to Defendant's assertion, the evidence at issue is being offered

28  exclusively for the purpose of demonstrating her intent, knowledge, and absence of mistake.

1    In that regard, the Ninth Circuit has set out a four-part test for analyzing the admissibility

2  of 404(b) evidence introduced to show intent. Evidence is admissible under that test when: (1)

3  sufficient proof exists for the jury to find that the defendant committed the other acts; (2) the

4  other acts are offered to prove a material issue in the case; (3) the other acts were not too remote

5  in time; and (4) the other acts are sufficiently similar to the charged conduct. United States v.

6  Bracy, 67 F.3d 1421, 1432 (9th Cir. 1995), citing United States v. DeSalvo, 41 F.3d 505, 509

7  (9th Cir.1994); Hadley, 918 F.2d at 850-51.  These factors favor admissibility.

8    First, the bank records at issue all demonstrate the business relationship between ATI and

9  YOFC.  ATI's income tax returns for 1998-1999 report that income, which is was received in

10  2000-2001, but is not reflected on those returns.  The only other evidence relates to transfers of

11  the same funds from Defendant's offshore accounts, to nominees, and can again be proven

12  through bank records.

13    Second, both 26 U.S.C. 7201 and 7206(1) requires that the government prove that a

14  particular defendant acted willfully.  The second factor is met because each document tends to

15  prove a material issue in the case.  Willfulness in the context of tax crimes is defined as

16  "voluntary, intentional violation of a known legal duty."  United States v. Bishop, 412 U.S. 346,

17  360-61 (1973).  To establish this element, the government must show that a taxpayer was aware

18  of his or her obligation under the tax laws, United States v. Conforte, 624 F.2d 869, 875 (9th Cir.

19  1978).[2]  While the documents relate both relate to willfulness, each category is probative of that

20  element when viewing the crimes separately.  With regard to the false return charges, Defendant

21  reported the same contract income from YOFC on ATI's corporate returns.  Starting in 2000,

22  Defendant failed to report the YOFC payments that she diverted to her personal bank account. In

23  fact, this is the same transaction from received from the same source but the income diverted to

24  Defendant's personal accounts is omitted in 2000-2001.  Defendant's differing treatment of this

25

26    [2]United States v. Middleton, 246 F.3d 825, 835, 836 (6th Cir. 2001) (affirming District
Court's admission pursuant to 404(b)of last tax return filed by Defendant because the "tax return
27  was probative of [defendant's] awareness of 'the contents of the personal to file returns'"); see
also United States v. Shields, 642 F.2d 230, 231 (8th Cir. 1981) (holding that defendant's "prior
28  filing and tax paying history" probative of willfulness.)

U.S.' Response to Defendant's
Motion in Limine
Case No. CR-07-325-PJH                                    4

1   income is probative of her willfulness.

2       Third, all of the proposed other acts evidence occurred in relative proximity to the start

3   and end of the charged years. In other cases, the Ninth Circuit has approved of spans of several

4   years between the other acts and the charged offense. See United States v. Spillone, 879 F.2d

5   514, 519 (9th Cir. 1989) (citing numerous cases admitting prior acts that are ten years or older);

6   United States v. Ross, 886 F.2d 264, 267 (9th Cir. 1989)(admission of improper use of social

7   security number which occurred 13 years before charged offense); Hadley, 918 F.2d at 851

8   (approving admission of acts of sodomy and sexual molestation lasting until ten years before

9   charged offense). As more fully developed below, the temporal proximity of the proposed other

10  acts to the charged offenses supports their admissibility in this case.

11      Fourth, the evidence is relates to the charged offense.  For the preceding years, both the

12  invoices and the corporate tax returns are offered as Defendant's statement regarding the tax

13  treatment of the *same* transaction.  As previously noted, Defendant's concealment of the

14  unreported proceeds is part of the crime of evasion and is admissible on that basis.

15      **B.      Fed. R. Evid 403**

16      Pursuant to Federal Rule of Evidence 403, the court can exclude other acts evidence

17  on the ground that the probative value is substantially outweighed by the danger of unfair

18  prejudice, as part of the standard inquiry common to all the Court's evidentiary decisions.

19  However, the evidence the government seeks to admit raises few prejudicial concerns under

20  Rule 404(b) when compared to evidence the Ninth Circuit has previously found admissible

21  under Rule 404(b) and 403. See United States v. Hinton, 31 F.3d at 817, 823-24 (9th Cir.

22  1994 (prior evidence of brutal physical assaults of victim in assault with intent to murder

23  prosecution admissible on element of intent); Hadley, 918 F.2d at 850 (prior evidence of

24  sexual molestation of minors admissible in aggravated sexual abuse prosecution).

25      Each of the other acts evidence detailed below is probative of Defendant's willfulness

26  and intent to defraud. Indeed, if the evidence is damaging, it is precisely because of its probative

27  value in showing Defendant's intent and willfulness. See United States v. Simas, 937 F.2d 459,

28  464 (9th Cir. 1991)("although this testimony may have been damaging, Simas does not indicate

U.S.' Response to Defendant's
Motion in Limine
Case No. CR-07-325-PJH                    5

1    how the evidence resulted in unfair prejudice"). Thus, the proposed other acts evidence is proper

2    under Rule 403 as well as under Rule 404(b), and should be admitted.

3                                          **CONCLUSION**

4          For the reasons set forth above, this Court should deny Defendant's Motion to in Limine

5    to exclude this evidence.

6
                                              Respectfully submitted,
7
                                              JOSEPH RUSSONIELLO
8                                             United States Attorney

9                                             /s/ Cynthia Stier
                                              CYNTHIA STIER
10                                            THOMAS M. NEWMAN
                                              Assistant United States Attorney
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S.' Response to Defendant's
Motion in Limine
Case No. CR-07-325-PJH                         6