UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                                              No. CR 07-0325 PJH

    v.                                                    **FINAL PRETRIAL ORDER**

DIANA HOJSAK,
a.k.a. DIANA LU,

    Defendant.

_____/

This matter came before the court for a pretrial conference on May 7, 2008. At the hearing, the court ruled on several motions and other pretrial issues as stated on the record and summarized below. Additionally, the court rules on the motion in limine that it took under submission as set forth below.

**I.    Defendant's Motions in Limine**

    **A.    Defendant's Motion to Exclude Evidence of Other Acts Outside the Time Period of the Indictment**

Defendant's motion to exclude evidence pertaining to tax years 1999, 2000, and 2004 under Federal Rules of Evidence 401, 403, and 404(b) is DENIED as the evidence is relevant to defendant's knowledge and willfulness, is not prohibited as "other bad acts" evidence, and is not unduly prejudicial.

    **B.    Defendant's Motion for *Brady* Material**

At the hearing, defendant clarified that she was seeking the special agent report or "SAR" under *Brady v. Maryland*, 373 U.S. 83 (1963), which the government refused to disclose, contending that the SAR is privileged and also that it does not contain any

*Brady* material.  Following the hearing, the court conducted an *in camera* review of the SAR and concludes that it does not contain exculpatory or impeachment material, and therefore need not be disclosed to the defendant under *Brady*.  The court also finds, though, that the government has not established a claim of privilege sufficient to overcome defendant's need for the report under *Brady* in the event that the SAR had indeed contained exculpatory or impeachment material.  Furthermore, having reviewed the SAR, the court is at a loss as to why the government has refused to disclose the seemingly innocuous report, which appears to be the agent's simple summary of the underlying evidence already produced to defendant.

Nevertheless, because the SAR does not contain *Brady* material, defendant's motion for disclosure is DENIED.

## II.     Pretrial Conference Statements

As noted on the record, in their pretrial statements, the parties appear to disagree regarding the admissibility of an unreported deduction or an alternative theory of tax liability in conjunction with the tax deficiency element to be proved under 26 U.S.C. § 7201.  *See* Govt's Pretrial Conf. Statement at 6; Def. Pretrial Conf. Statement at 3-4.  The authority cited by the government, two Ninth Circuit cases, *United States v. Miller*, 545 F.2d 1204 (9th Cir. 1976) and *United States v. Boulware*, 470 F.3d 931, 934 (9th Cir. 2006), were overruled and reversed, respectively, by the United States Supreme Court on March 3, 2008, after it granted certiorari in *Boulware*.  *See United States v. Boulware*, 128 S.Ct 1168 (2008).  In *Boulware*, the Supreme Court held that a controlling shareholder accused of criminal tax evasion could argue for nontaxable return-of-capital treatment for corporate distributions without producing evidence that when the distributions occurred, either he or the corporation had intended a return of capital.  *Id.* at 1177-78.  Additionally, in *United States v. Kayser*, the Ninth Circuit held that a defendant could negate the element of tax deficiency in a tax evasion case with evidence of unreported deductions.  488 F.3d 1070, 1073 (9th Cir. 2007).

Accordingly, the court concludes, contrary to the government's argument otherwise,

that Hojsak is entitled to introduce evidence regarding the admissibility of an unreported deduction or an alternative theory of tax liability to rebut the government's evidence of a tax deficiency under 26 U.S.C. § 7201.

### III.  Jury Instructions

The court approves and will give the following instructions at trial:

- Govt. 1, Superceding Indictment
- Govt. 2, Income Tax Evasion
- Govt. 6, Material Matter
- Def. 2, Evidence of Other Acts
- Def. 3, Consider Each Count Separately
- Def. 4, Consider Only Crime Charged

The court will give the following instructions only if supported by the evidence:

- Def. 5, Testimony under Grant of Immunity
- Def. 6, Testimony of Informer
- Def. 8, Testimony of Accomplice

The court DECLINES to give the following instructions because the supporting authority relied on by the proffering party is outdated and/or the parties are relying on authority outside the Ninth Circuit:

- Govt. 5, Subscribing Defined and Proof Signing Return
- Govt. 7, Omission of Material Matter
- Govt. 8, Willfulness - Retroactivity and Prospectivity
- Govt. 9, Attempts in Any Manner to Evade or Defeat any Tax
- Govt. 10, Proof of Precise Amount of Tax Owed not Necessary
- Govt. 11, Gross Income
- Govt. 13, "On or about" Proof
- Def. 1, Reasonable Doubt

Additionally, the court DECLINES to give Def. 7, Special Instruction re: Informants, because it is not a proper jury instruction, and Def. 12, Burden of Proof.

The parties are required to meet and confer regarding the following instructions as set forth on the record:

- **Willfulness Instructions** (Govt. 14, Govt. 15, Def. 11) - The parties are ORDERED to meet and confer and agree upon **one** willfulness instruction, based upon **Ninth Circuit** authority.  As currently submitted, the court finds defendant's proffered instruction no. 11 preferable to either instruction submitted by the government.

- **Govt. 12, Specific Method of Proof; Def. 9, Proof of Tax Deductions; Def. 10, Proof of Tax Deficiency** - As stated on the record, the parties disagree as to the above instructions, and the court will reserve ruling on them until the parties have met and conferred and submitted joint instructions.

Finally, the government is required to combine its proffered instructions 3 and 4, False Statement or Document (Statute Involved) and Making or Subscribing a False Statement or Documents, respectively.  The court is inclined to give the Ninth Circuit model instruction, and fails to understand the need for an additional instruction based on the statute.

As noted on the record, the parties are ORDERED to meet and confer in accordance with the guidance set forth above and submit an amended **JOINT** set of instructions **no later than Wednesday, May 14, 2008.**

**IV.   Voir Dire**

The court will utilize the voir dire submitted by the government with a couple of exceptions, and will incorporate the additional voir dire question proffered by the defendant on the record at the pretrial hearing.

**V.   Additional Rulings**

A.   The government noted on the record that it would be seeking leave to file an additional motion in limine to exclude the declarations of Jon Michael Yell submitted in conjunction with the parties' motions to depose Yell.  However, because the defendant represented that she does not seek to admit the Yell declaration, no motion in limine will be

4

necessary.

  B. The government also noted that it will seek to have defendant's deposition from a prior civil case admitted at trial as a prior admission. The defendant represented that she has no objection. Accordingly, no additional motion on the issue is necessary.

**IT IS SO ORDERED.**

Dated: May 9, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge