JOSEPH RUSSONIELLO (CSBN 44332)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
CYNTHIA STIER (DCBN 423256)
Assistant United States Attorney
THOMAS M. NEWMAN (CTSBN 422187)
 9th Floor Federal Building
  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102
  Telephone: (415) 436-7000

Attorneys for United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-07-0325-PJH |
| Plaintiff, | |
| v. | PROPOSED JOINT JURY INSTRUCTIONS |
| DIANA LU a/k/a Diana Jing Jing Hojsak, a/k/a Jing Jing Lu, a/k/a Diana Hojsak, | Date: May 19, 2008 Time: 8:30 a.m. |
| Defendant. | |

The parties, United States of America and Defendant, Diana Lu a/k/a Diana Hojsak, request that the following jury instructions be given by the Court in this case. Furthermore, during the course of the trial, the parties request leave to offer such other and additional instructions as may become appropriate.

The government requests that the Court give the following Jury Instructions from the Ninth Circuit Model Jury Instructions (2003):

Before the opening statement: 1.13, 1.13A.

During the course of the trial: 2.9.

At the close of the evidence and after argument: 3.20, 4.3. 4.18, 4.19.

///

1

   The parties also request that the Court give the following additional jury instructions:

2
                                                Respectfully submitted,

3
                                                JOSEPH RUSSONIELLO
                                                United States Attorney
4
                                                /s/ Cynthia Stier
5                                               CYNTHIA STIER
                                                THOMAS M. NEWMAN
6                                               Assistant United States Attorney

7
                                                 /s/ _____
8                                               CHRISTOPHER CANNON
                                                Counsel for Defendant
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED JURY INSTRUCTION NO. _____

<u>THE SUPERSEDING INDICTMENT</u>

The Superseding Indictment set forth four counts or charges.  (Please read the Superseding Indictment)

Given: _____

Given as Modified: _____

Not Given: _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED JURY INSTRUCTION NO. ____

<u>CONSIDER EACH COUNT SEPARATELY</u>

A separate crime is charged in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other counts.

Section 3.09 of the Ninth Circuit Manual of Model Jury Instructions.

Given: _____

Given as Modified: _____

Not Given: _____

4

1

PROPOSED JURY INSTRUCTION NO. _____

2

<u>CONSIDER ONLY CRIME CHARGED</u>

3

4

The defendant is on trial only for the crime charged in the superseding indictment, not

5

for any other activities.

6

7

8

Section 3.12 Ninth Circuit Manual of Model Jury Instructions.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Given: _____

27

Given as Modified: _____

28

Not Given: _____

PROPOSED JURY INSTRUCTION NO. _____

EVIDENCE OF OTHER ACTS OF
DEFENDANT, OR ACTS AND STATEMENTS OF OTHER

You are here only to determine whether the defendant is guilty or not guilty of the charge[s] in the superseding indictment.  Your determination must be made only for the evidence in the case.  The defendant is not on trial for any conduct or offense not charged in the superseding indictment.  You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

Ninth Circuit Manual of Model Jury Instructions, 2003 Edition, § 3.10

Given: _____

Given as Modified: _____

Not Given: _____

PROPOSED JURY INSTRUCTION NO. _____

<u>REASONABLE DOUBT - DEFINED</u>

(Parties Agree on Text - Defendant prefers the Devitt and Blackmar instruction previously submitted but will not further argue with the Court's ruling)

The government has the burden of proving that the defendant has committed each and every element of the offense charged beyond a reasonable doubt.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.  A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

<u>Ninth Circuit Manual of Model Jury Instructions</u>, 2003 Edition, § 3.5

Given: _____

Given as Modified: _____

Not Given: _____

1    PROPOSED JURY INSTRUCTION NO. _____

2    <u>INCOME TAX EVASION (26 U.S.C. § 7201)</u>

3    (The government objects to the good faith instruction absent evidence of good faith.
     Should defendant present evidence of good faith, this element should be *defined* by a
4    separate good faith instruction for clarification, just like the other elements are defined in
     the following instructions)

5    The defendant is charged in Counts One and Two of the Superseding Indictment with

6    income tax evasion for the tax years 2000 and 2001 in violation of Section 7201 of Title 26 of

7    the United States Code.  In order for the defendant to be found guilty of income tax evasion, the

8    government must prove each of the following elements beyond a reasonable doubt:

9    First, the defendant owed more federal income tax for the tax year than was declared due

10   on her income tax return for that same year;

11   Second, the defendant knew that more federal income tax was owed than was declared

12   due on her income tax return for that same year;

13   Third, the defendant made an affirmative attempt to evade or defeat an income tax; and

14   Fourth, in attempting to evade or defeat such additional tax, the defendant acted willfully.

15   Fifth, the defendant did not have a good faith belief that she was complying with the

16   provisions of the tax laws.  A belief may be in good faith even if it is unreasonable.

22   <u>Ninth Circuit Manual of Model Jury Instructions</u>, 2003 Edition, § 9.35 (modified).

26   Given: _____

27   Given as Modified: _____

28   Not Given: _____

8

PROPOSED JURY INSTRUCTION NO. _____

**INTENT TO DEFRAUD—DEFINED**

(The government objects to this instruction as the requisite mens rea in Title 26 offenses is  "willfulness" which is defined in criminal tax cases as follows:  the Government must prove    that "the law imposed a duty on the defendant, that defendant knew of this duty, and that he   "voluntarily and intentionally violated that duty."  <u>Cheek v. United States</u>, 498 U.S. 192, 201    (1991); <u>United States v. Pomponio</u>, 429 U.S. 10, 12 (1976); <u>United States v. Bishop</u>, 412 U.S.    346, 359-60 (1973); <u>United States v. Gilbert</u>, 266 F.3d 1180, 1185 (9th Cir. 2001)(individual       who fails to perform one of the required duties is subject to conviction.) <u>Ninth Circuit Manual of Model Jury Instructions</u>, §9.35 (Comment).

An intent to defraud is an intent to deceive or cheat.

Authority:  <u>Ninth Circuit Manual of Model Jury Instructions</u>, 2003 Edition, § 3.17

Given: _____

Given as Modified: _____

Not Given: _____

9

PROPOSED JURY INSTRUCTION NO. _____

PROOF OF PRECISE AMOUNT OF TAX OWED NOT NECESSARY

(Defendant objects as argumentative, impermissibly shifts the burden of proof; and based on pre-Boulware outdated authority)

The government must prove beyond a reasonable doubt that defendant willfully attempted to evade or defeat a substantial portion of the tax owed.

Although the government must prove a willful attempt to evade a substantial portion of tax, the government is not required to prove the precise amount of (additional) tax owed.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 2000, Fifth Edition, § 67.08 (modified).

Given: _____

Given as Modified: _____

Not Given: _____

PROPOSED JURY INSTRUCTION NO. _____

<u>ATTEMPTS IN ANY MANNER TO EVADE OR DEFEAT</u>

(Defendant objects as argumentative, impermissibly shifts the burden of proof; and based on pre-Boulware outdated authority)

The phrase "attempts in any manner to evade or defeat any tax" in §7201 involves two things: first, the formation of an intent to evade or defeat a tax; and second, willfully performing some act to accomplish the intent to evade or defeat that tax.

The phrase "attempts in any manner to evade or defeat any tax" contemplates and charges that Defendant knew and understood that during the calendar years 2000 and 2001, she owed more federal income tax than was declared on her federal tax income returns for those years and that she then tried in some way to avoid that additional tax.

In order to show an "attempt in any manner to evade or defeat any tax," therefore, the government must prove beyond a reasonable doubt that defendant intended to evade or defeat the tax due, and that defendant also willfully did some affirmative act in order to accomplish this intent to evade or defeat that tax.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, 2000, Fifth Edition, § 67.04 (modified).

Given: _____

Given as Modified: _____

Not Given: _____

11

PROPOSED JURY INSTRUCTION NO. _____

<u>WILLFULLY -- DEFINED</u>

Willfulness, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that she voluntarily and intentionally violated that duty.

§ 9.35 Comment, <u>Ninth Circuit Manual of Model Jury Instructions</u>, 2003 Edition.

Given: _____

Given as Modified: _____

Not Given: _____

1

PROPOSED JURY INSTRUCTION NO. ____

2

FALSE STATEMENT OR DOCUMENT – STATUTE INVOLVED

3

(The government objects that the good faith instruction should not be given absent evidence of good faith; that should defendant present evidence of good faith, this element should be *defined* by a separate good faith instruction, just like the other elements are defined in the following instructions)

4

5

The defendant is charged in Counts Three and Four of the Superseding Indictment with filing

6

false federal income tax returns for Allied Telecom International for the tax years 2000 and 2001

7

in violation of Section 7206(1) of Title 26 of the United States Code.

8

In order for the defendant to be found guilty of each charge, the government must prove

9

each of the following elements beyond a reasonable doubt:

10

First, the defendant made and signed a tax return of Allied Telecom International that she

11

knew contained false information as to a material matter;

12

Second, the return contained a written declaration that it was being signed subject to the

13

penalties of perjury; and

14

Third, in filing the false tax return, the defendant acted willfully.

15

Fourth, the defendant did not have a good faith belief that she was complying with

16

the provisions of the tax laws.  A belief may be in good faith even if it is unreasonable.

17

18

19

Ninth Circuit Manual of Model Jury Instructions, 2003 Edition, § 9.37 (modified).

20

21

22

23

24

25

Given: _____

26

Given as Modified: _____

27

Not Given: _____

28

13

PROPOSED JURY INSTRUCTION NO. ____

<u>MATERIAL MATTER</u>

(Approved by Court)

(Defendant objects and both parties will submit a memorandum on materiality)

A matter is "material" if it had a natural tendency to influence or was capable of influencing or affecting the ability of the IRS to audit or verify the accuracy of the return or a related return.

<u>Manual of Model Jury Instructions for the Ninth Circuit</u> (2003 Ed.), §9.37 Comment; <u>United States v. Gaudin</u>, 515 U.S. 506 (1995).

Given: _____

Given as Modified: _____

Not Given: _____

PROPOSED JURY INSTRUCTION NO. _____

PROOF OF SIGNING OF RETURN AS PROOF OF

(Declined based on outdated authority)

(Defendant objects as burden shifting under Sandstrom v. Montana, 442 U.S. 510 (1979) and Old Chief v. U.S., 519 U.S. 172 (1997) because defendant will stipulate she signed the returns)

Section 6064 of Title 26 of the United States Code provides, in part, that:

"That fact that an individual's name is signed to a return ... shall be prima facie evidence for all purposes that the return ... was actually signed by [her]."

In other words, you may infer and find that a tax return was, in fact, signed by the person whose name appears to be signed to it. You are not required, however, to accept any such inference or to make any such finding.

26 U.S.C. § 6064; O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 2000, Fifth Edition, § 67.22 (modified).

Given: _____

Given as Modified: _____

Not Given: _____

15

PROPOSED JURY INSTRUCTION NO. _____

WILLFULLY – GOOD FAITH

(The government contends that the good faith instruction should only be given in the event that defendant presents evidence of a good faith belief and should be given as a definition of the element of good faith.)

(Defendant objects as argumentative, inaccurate and unnecessary. The government is not entitled to an instruction on its theory of the case.)

An act is done "willfully" if done voluntarily and intentionally with the purpose of avoiding a known legal duty. A defendant does not act willfully if she believes in good faith that she is acting within the law or that her actions comply with the law. The grounds on which the defendant bases her claim of good faith in a belief that her conduct was lawful may be considered in deciding whether she in fact acted in good faith, or whether she intended and willfully attempted to evade or defeat the tax or to file false tax returns for Allied Telecom International. Such belief need not be reasonable; subjective good faith is sufficient for the defendant to prevail.

A defendant's disagreement with the law, no matter how earnestly held, does not constitute a defense of good faith misunderstanding or mistake. It is the duty of all citizens to obey the law whether they agree with it or not. In considering the defendant's claim that in good faith she did not believe that the law required her to report the commission income from Yangtze Optical Fibre and Cable Co. Ltd. , the question is, whether or not she truly held such a belief. Your determination of this question must be made after the examination of all the evidence.

**Authority:**

§ 9.35, Ninth Circuit Manual of Model Jury Instructions (Comment); United States v. Cheek, 3 F.3d 1057, 1062 (7th Cir. 1993); United States v. Schiff, 801 F.2d 108, 111 n.1 (2d Cir. 1986), cert. denied, 480 U.S. 945 (1987)

Given _____

Not Given _____

Given as Modified _____

16