CHRISTOPHER J. CANNON, State Bar No. 88034
Sugarman & Cannon
44 Montgomery Street, Suite 2080
San Francisco, CA 94104
Telephone: 415-362-6252
Facsimile: 415-677-9445

Attorney for Defendant DIANA JING JING HOJSAK,
a/k/a JING JING LU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-0325-PJH |
| | **MEMORANDUM RE JURY INSTRUCTIONS AND MATERIALITY** |
| DIANA JING JING HOJSAK, a/k/a JING JING LU, | |

## I.    INTRODUCTION

The government has submitted several argumentative and misleading jury instructions that seek to write out the elements of willfulness and materiality from the crimes charged.  The authority submitted in support on these instructions, mainly consists of pre Gaudin, see United States v. Gaudin, 515 U.S. 506 (1995), cases which allowed a district court to make a finding of materiality as a matter of law.  These cases have been additionally undermined by the recent Supreme Court case of Boulware v. United States, 128 S.Ct. 1168 (2008) which directly overruled the Ninth Circuit's continuation of the line

of reasoning begun in <u>United States v. Marashi</u>, 913 F.2d 724, 736 (9th Cir. 1990) and

<u>United States v. Marabelles</u>, 724 F.2d 1374, 1380 (9th Cir. 1984).  The government's

proposed instructions on the elements of Section 7206[1] and materiality would allow a jury

to find a statement material based on that statement's hypothetical ability to effect the

IRS, rather than upon that statement's actual effect on the tax deficiency, what ever that

tax deficiency may be, in this case.  The government's proposed instruction on the specific

items of proof is argumentative and misleading and could lead to a conviction based upon

a non material incorrect statement on the return.

## II.    WILLFULNESS IS A REQUIRED ELEMENT OF SECTION 7206

In <u>United States v. Brooksby</u>[2], the Ninth Circuit stated: "There can be no doubt that

the term "willful" in Section 7206 requires proof of a specific intent to do something

which the law forbids; more than a showing of careless disregard for the truth is required.

The Supreme Court has defined the term willfully to mean a "voluntary, intentional

violation of a known legal duty." <u>United States v. Brooksby</u>,  668 F.2d 1102, 1104 (9th

Cir.1982), <u>citing</u> <u>United States v. Pomponio</u>, 429 U.S. (1976); <u>United States v. Bishop</u>,

412 U.S. 346 (1973).

<u>Brooksby</u>, like this case alleged a Section 7206 violation, and the Ninth Circuit

reversed the conviction due to inadequate instruction on the element of willfulness, even

though the district court gave an instruction generically defining willfulness stating:

---

[1]  The government seeks to eliminate the element of willfullness from the definition of the elements of Sections 7206 and substitute a generic willfully instruction.

[2] While Brooksby, is more than 20 years old, it was recently discussed and approved in <u>United States v. Smith</u>, 520 F.3d 1097 (9th Cir. 2008)

> For the Government to meet its burden of proving that the defendant acted willfully and with the specific intent to disobey or to disregard the law the Government must prove willfulness by evidence independent of the understatement of income. That is to say, willfulness cannot be inferred merely from the understatement of income on the Forms 1040 for 1973 and 1974.

Id at 1104.

The effect of the government's proposed instruction on the elements of Section 7206, which eliminates the element of willfulness would be even worse than the instructions leading to reversal in Brooksby because the government is also seeking a special and misleading instruction "explaining" the specific item of proof method, which could lead a jury to find that proof of one false specific item of proof is sufficient to sustain a conviction. It is not. The false statement must be material to the calculation of the tax deficiency owed in the year charged. If there is no deficiency, there can not be a material false statement.

**III.    THE PROPOSED INSTRUCTIONS ON MATERIALITY ELIMINATE THE REQUIREMENT THAT THE UNDERSTAMENT BE TIED TO A CALCULATION OF A DEFICIENCY IN THIS CASE**

The proposed instruction on materiality:

> A matter is "material" if it had a natural tendency to influence or was capable of influencing or affecting the ability of the IRS to audit or verify the accuracy of the return or a related return;

allows a finding of materiality on a theoretical basis. Almost any false statement on a return could affect the ability of the IRS to audit or verify the return. The question is this case, however, is narrower, did the alleged underreporting of income, have an effect on the calculation of the tax deficiency in this case? As United States v. Uchimura, 125 F.3d

1282, 1285 (9th Cir.1997) indicates, unless there is a tax deficiency an underreporting of income simply is not material.

In Uchimura, the Ninth Circuit specifically stated that: "As a more cogent example, if one's legitimate deductions exceed one's true gross income, taxable income will be zero. Failure to report all income will thus have no effect on taxes owed, at least for that year, and unreported income therefore may not be necessary to a determination of whether income tax is owed" Id.  Accordingly, an understatement of income may not be material in the face of understated deductions.

Although, the Uchimura panel did not overrule the other pre Gaudin Ninth Circuit panels that decided United States v. Marashi, 913 F.2d 724, 736 (9th Cir. 1990) and United States v. Marabelles, 724 F.2d 1374, 1380 (9th Cir. 1984), we would submit that under the facts of this case, and in light of the Supreme Court's decision in Boulware v. United States, 128 S.Ct. 1168 (2008), this Court should be reluctant to follow the government's proposed instructions that attempt to write out the elements of willfulness and materiality.

Other cases on materiality support our contention, that underreporting of income is not material unless the government first proves a tax deficiency.

In United States v. Alferhin, 433 F.3d 1148, 1160 (9th Cir.2006) the government attempted to argue that an immigration applicant's false statement about his prior marital status was material because the government had introduced unrefuted evidence claiming information about an alien spouse's previous marriages was material because the agency would have to determine whether those previous marriages had been terminated and

whether the alien's present marriage to a United States citizen--on which his application

for permanent residence depended--was valid.  The Ninth Circuit held that the false

information regarding marital status must not only have a tendency to influence, or be

capable of influencing, the government's decision in order to be material; but as Justice

Brennan's explained in Kungys and the Ninth Circuit explained in United States v. Puerta,

982 F.2d 1297 (9th Cir.1992) in order for the false statement to be material, the

government must also provide evidence "giving rise to a 'fair inference' of ineligibility."

United States v. Alferhin, 433 F.3d 1148, 1160 (9th Cir. 2006) quoting Puerta, 982 F.2d at

1304, and Kungys, 485 U.S. at 783, 108 S.Ct. 1537.) (Brennan, J., concurring)

      Just as in an immigration case, where a false statement is not material unless that

government can prove the converse of that statement would render the applicant ineligible

for citizenship, in a Section 7206 tax case, the government may not show that a statement

is material simply by showing that it could have a tendency to influence the government's

tax calculations in the abstract.  The government must show that under the facts of this

case the alleged false statement made a difference in the calculation of an alleged tax

deficiency owed by Ms. Hojsak.

      In United States v. Martinez, 855 F.2d 621, 624 (9th Cir. 1988), the defendant was

charged with a violation of §1623 for giving a false name to a magistrate conducting a

financial inquiry to determine whether he was entitled to appointed counsel. Id.  Because

the purpose of the hearing in Martinez was limited to determining the defendant's

financial status, the defendant's identity was irrelevant.  Under those circumstances,

providing a false name was simply not material to the court's inquiry and could not

support a conviction under §1623.  Martinez, 855 F.2d at 624.  Similarly, in this case, as

the Court recognized in Uchimura, a failure to report all income may not be material if

there were also unreported deductions.

In Chein v. Shumsky, 373 F.3d 978 (9th Cir. 2004), the Ninth Circuit held that a

doctor's testimony that he was a specialist in orthopedics, even if false[3] could not be

material in a California perjury prosecution.  The Court stated that:

> Put another way, the Lopez jury could not "probably" have determined a
> dispute regarding the relative credibility of two medical experts testifying
> about the need for future surgery based on the difference between Chein's
> actual credentials and his testimony concerning the nature of his residency
> training.  Rather, with or without Chein's embellishment, the opposing
> expert, with many years of practice as an orthopedic surgeon, was much
> better qualified if, but only if, expertise in performing surgeries were
> deemed pertinent by the Lopez jury.

Chein, 373 F.3d at 987 -988.

In Chein, the Court assumed that the credibility of the doctor could have been an

issue for the jury and the doctor's credentials could have impacted that credibility.

Nevertheless, the false statement regarding credentials was not material.  In this case, a

false statement regarding a specific item of income may not be material unless the

government first proves the existence of a tax deficiency.

---

[3]  There was testimony that the doctor had studied orthopedics, but that he had never
performed orthopedic surgery, however, he had been given a credential from a non
mainstream orthopedic society.  In any event, the Court assumed the testimony that the
doctor was an orthopedic specialist was false for the purpose of its analysis.

**IV.    CONCLUSION**

The proposed instruction on materiality is insufficient because it does not require the government to relate the alleged underreporting to an alleged tax deficiency in this case.  The proposed instruction on Section 7206 is insufficient because it dies not list willfulness as an element.  The proposed instruction on specific item of proof is argumentative and emphasizes conduct that may be insufficient to constitute a crime. Accordingly we request that the instructions originally proposed by the defense on these subjects be given.

DATED:                                              Respectfully submitted,

                                                            /s/ Christopher Cannon
                                                            Christopher Cannon