1  JOSEPH RUSSONIELLO (CSBN 44332)
   United States Attorney
2  THOMAS MOORE (ASBN 4305-O78T)
   Assistant United States Attorney
3  Chief, Tax Division
   CYNTHIA STIER (DCBN 423256)
4  Assistant United States Attorney
    9th Floor Federal Building
5   450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
6   Telephone: (415) 436-7000

7  Attorneys for United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR-07-0325-PJH |
|---|---|---|
| Plaintiff, | ) | |
| | ) | UNITED STATES' MEMORANDUM |
| v. | ) | RE: JURY INSTRUCTIONS |
| | ) | |
| DIANA LU | ) | |
| a/k/a Diana Jing Jing Hojsak, | ) | |
| a/k/a Jing Jing Lu, | ) | |
| a/k/a Diana Hojsak, | ) | |
| | ) | |
| Defendant. | ) | |

INTRODUCTION

Defendant contends that the jury instructions are misleading because they attempt to eliminate materiality and willfulness from the crime of filing a false tax return under 26 U.S.C. §7206(1). Specifically, Defendant argues that the government must establish a tax deficiency as an element of filing a false tax return under 26 U.S.C. §7206(1). Defendant argues that without a deficiency, there can be no material false statement under §7206(1). See Defendant's Memorandum Re: Jury Instructions and Materiality, p. 3, lines 14-15. Defendant further contends that the proposed instruction on materiality is insufficient because it does not require the government to relate the alleged underreporting to an alleged tax deficiency. Defendant's Memorandum, p. 7, lines 2-3.

1   In response, the government contends that although materiality is a factual question for
2   the jury, the government is not required to show an additional tax is owed to satisfy materiality.
3   **United States v. Rosco**, 215 F.3d 1335 (9th Cir. 2000); **United States v. Marashi**, 913 F.2d 724,
4   736 (9th Cir. 1990); **United States v. Uchimura**, 125 F.3d 1282, 1285 fn 5.  (9th Cir. 1997).
5   Defendant also requests that the Court instruct the jury that "an intent to defraud is an
6   intent to deceive or cheat."  Ninth Circuit Model Criminal Jury Instructions §3.17.  The
7   government objects to this instruction because an "intent to deceive" is not an element of tax
8   evasion that the government must prove at trial.

9   <u>Willfulness and Materiality -26 U.S.C. §7206(1)</u>

10  Section 7206(1) of the Internal Revenue Code (26 U.S.C.) requires willfulness as an
11  element.  Defendant contends that without a deficiency there can be no material false statement.
12  That is simply not a correct statement of the law.  The Ninth Circuit has specifically addressed
13  this issue in **United States v. Rosco**, 215 F.3d 1335 (9th Cir. 2000), and held that the government
14  does not have to show an actual tax loss.  In fact, the Court held that it was proper to instruct the
15  jury that the government need not establish a tax loss:

> We held, in United States v. Uchimura, 125 F.3d 1282 (9th Cir. 1997), that "information is material if it is necessary in a determination of whether income tax is owed."  This was the substance of the first instruction given here.  It is explained that a statement was material if "necessary to determine whether income tax was owed."  In *United States v. Marashi*, 913 F.2d 724, 736 (9th Cir. 1990), we reaffirmed that "it is irrelevant whether there was an actual tax deficiency."  Another instruction, following this precedent, stated that the government "does not have to prove that there was a tax due and owing" or that the government suffered a loss. These instructions do not directly conflict with each other as one instruction points to the government's burden to show that a misstatement affected the calculation of tax owed while the other instruction properly relieved the government of the burden to show an actual loss.  These instructions gave an accurate statement of the law.

23  Although materiality is a factual question for the jury, the government is not required to
24  show an additional tax is owed to satisfy materiality.  **United States v. Rosco**, 215 F.3d 1335 (9th
25  Cir. 2000); **United States v. Marashi**, 913 F.2d 724, 736 (9th Cir. 1990); **United States v.**
26  **Uchimura**, 125 F.3d 1282, 1285 fn 5.  (9th Cir. 1997).
27  ///
28  ///

US Memorandum
re: Jury Instructions,
<u>US v. Hojsak</u>, CR 07-325-PJH            2

1 | Defendant's Requested Instruction Re: Intent to Defraud

2 | Defendant has requested a jury instruction presumably relating to the evasion charges. The requested instruction states "an intent to defraud is an intent to deceive or cheat." Ninth Circuit Model Criminal Jury Instructions § 3.17. The government objects that the instruction is misleading and an incorrect statement of the government's burden to establish "willfulness." To prove willfulness in criminal tax cases, the Government must prove that "the law imposed a duty on the defendant, that defendant knew of this duty, and that he "voluntarily and intentionally violated that duty." **Cheek v. United States**, 498 U.S. 192, 201 (1991); **United States v. Pomponio**, 429 U.S. 10, 12 (1976); **United States v. Bishop**, 412 U.S. 346, 359-60 (1973); . **United States v. Gilbert**, 266 F.3d 1180, 1185 (9th Cir. 2001)(individual who fails to perform one of the required duties is subject to conviction.) Ninth Circuit Manual of Model Jury Instructions, §9.35 (Comment).

The Supreme Court held, in **United States v.Pomponio**, 429 U.S. 10, 12 (1976), that evil motive or bad purpose is not an independent element of willfulness in criminal tax offenses; rather, "'evil motive' is merely a 'convenient shorthand expression to distinguish liability based on conscious wrongdoing from liability based on mere carelessness or mistake.'" Id. (quoting **United States v. Boardman**, 419 F.2d 110, 114 (1st Cir.1969)). Willfulness under the criminal tax statutes "simply means a voluntary, intentional violation of a known legal duty." **Pomponio**, 429 U.S. at 12.

The requested instruction on Intent to Defraud intends to confuse the jury to believe that the government must show that the defendant had evil intentions to deceive or cheat the government in evading her taxes. This is not the law as stated above.

///
///
///
///
///
///
///

Conclusion

In conclusion, the government respectfully submits that this Court give the jury instruction on materiality as set forth in the Ninth Circuit Model Criminal Jury Instructions, Comment §9.37; and that the Court deny Defendant's proposed Instruction on Intent to Defraud, Ninth Circuit Model Criminal Jury Instructions, Comment §3.17.

Respectfully submitted,

JOSEPH RUSSONIELLO
United States Attorney

/s/ Cynthia Stier
CYNTHIA STIER
Assistant United States Attorney
Attorneys for the United States