JOSEPH P. RUSSONIELLO
United States Attorney
BRIAN STRETCH
Chief, Criminal Division
CYNTHIA STIER (DCBN 423256)
Assistant United States Attorney
THOMAS M. NEWMAN (CTSBN 422187)
Assistant United States Attorney
 9th Floor Federal Building
  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102
  Telephone: (415) 436-7000

Attorneys for United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-07-0325-PJH |
| ) | |
| Plaintiff, ) | |
| ) | UNITED STATES' BRIEF IN RESPONSE |
| v. ) | TO DEFENDANT'S MOTION TO |
| ) | EXCLUDE GOVERNMENT WITNESSES |
| DIANA LU ) | |
| a/k/a Diana Jing Jing Hojsak, ) | |
| a/k/a Jing Jing Lu, ) | |
| a/k/a Diana Hojsak, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On May 19, 2008, Defendant requested the exclusion of IRS Revenue Agent Nick Connors based sole on Fed. R. Evid. 615. The United States opposes Defendant's request and now files this response.

This present controversy no doubt arises because Revenue Agent Connors is not offered exclusively to provide testimony under Fed. R. Evid. 1006. To the contrary, Revenue Agent Connors will also proffer an opinion testimony related to the tax loss for the tax evasion charges. Connors's testimony regarding any tax testimony computations necessarily depends on his review of the evidence and testimony adduced at trial.[1] For that same reason, his attendance at

---

[1] United States v. Esser, 520 F.2d 213, 218 (7th Cir. 1975) (IRS "summary witness relied only upon the evidence received during the trial and that he was available for full cross-examination.")

trial is necessary to offer that opinion.[2]  Revenue Agent Connors would be required not only to see written documents, but also to hear the parties' treatment of those payments to determine the taxability of that particular item.  In that regard, numerous Court's have allowed such testimony in tax cases and recognized that "the line between summary testimony and expert testimony is indistinct."[3]

## I. ARGUMENT

Defendant's request to have Revenue Agent Connors's excluded should be denied. Revenue Agent Connors's testimony is admissible, and his testimony would assist the trier of fact in understanding a fact at issue.  Such testimony, based on the witness's evaluation of evidence and testimony adduced at trial, is commonplace and in no way prejudices Defendant.

Contrary to Defendant's assertions, the use of summary expert witnesses in criminal tax cases has long been approved by the courts, including the Ninth Circuit. See United States v. Johnson, 319 U.S. 503, 519-20 (1942) (concluding that summary witness's testimony was admissible in a tax evasion prosecution).  That testimony is based on the government's witness having "having heard the testimony of previous witnesses and having reviewed the government's exhibits." United States v. Marchini, 797 F.2d 759, 765 (9th Cir. 1986); United States v. Clardy, 612 F.2d 1139, 1153 (9th Cir. 1980).  In order to offer such evidence himself, Revenue Agent Connors will need to be present at trial.[4]

Indeed, testimony by IRS agents in criminal tax cases regarding the amount of tax due has long been considered admissible. Rose v. United States, 128 F.2d 622, 625-26

---

[2] The Government notes that the Defendant has been provided with Revenue Agent Connors expected testimony, in addition to his preliminary tax loss computations.

[3] United States v. Pree, 408 F.3d 855, 869 (7th Cir. 2005) ("Given the assistance such an individual can provide to the jury, it has not been unusual previous cases for an IRS agent to testify as an 'expert summary witness.'" citing United States v. Bosch, 914 F.2d 1239, 1242 (9th Cir. 1990).

[4] United States v Mohney, 949 F.2d 1397, (6th Cir. 1991) (In prosecution for filing false tax returns both corporate and individual, court did not abuse its discretion in refusing to sequester IRS agent who testified as to defendant's individual returns since calculations of individual returns depended on calculations of corporate returns and it thus would be beneficial for agent to hear other agent's testimony about corporate returns.)

(10th Cir. 1942) (revenue agent testimony on amount of tax due did not invade province of jury). "As a summary witness, an IRS agent may testify as to the agent's analysis of the transaction which may necessarily stem from the testimony of other witnesses. The agent may also explain his analysis of the facts based on his special expertise." United States v. Pree, 408 F.3d 855, 870 (7th Cir. 2005) (quoting United States v. Moore, 997 F.2d 55, 58 (5th Cir. 1993)).  As a summary witness, "an IRS agent's 'opinion as to the proper tax consequences of a transaction is admissible evidence.' 'Similarly, ... an IRS expert's analysis of the transaction itself, which necessarily precedes his or her evaluation of the tax consequences, is also admissible evidence.'" Id. (citing United States v. Windfelder, 790 F.2d 576, 581 (7th Cir. 1986)).

Here, Revenue Agent Connors will testify concerning the tax consequences of the Government's evidence, including the amount of tax due. Although such opinions may necessarily based on an aspect of the tax laws, the Ninth Circuit has ruled that "a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible.  Aside from the admissibility of his testimony, Revenue Agent Connors's attendance at trial is necessary in order to compute a tax liability and offer that testimony.

Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." Hangarter v. Provident Life and Acc. Ins. Co., 373 F.3d 998, 1017 (9th Cir. 2004); See also United States v. Mikutowicz, 365 F. 3d 65, 72 (1st Cir. 2004) (testimony of government's tax computation witness which "provided the jury with a summary of why the IRS determined that the deductions claimed by [defendant] and his companies were improper" was properly admitted and noting that "it is well established in several circuits that "[e]xpert testimony by an IRS agent which expresses an opinion as to the proper tax consequences of a transaction is admissible evidence"

Lastly, the Defendant has offered no reason for excluding Revenue Agent Connors from trial.  However, his attendance would be necessary in order to compute a final tax loss figure based on both the documents and testimony adduced at trial.  It is inconceivable that Revenue Agent Connors's summary testimony would be altered in any respect by attending trial, but his

tax loss computations depend on his attendance. For that reason, it is inconceivable that Revenue Agent Connors would alter his testimony after hearing witnesses testify except to the extent his final tax loss due may change – or their may be alternative tax loss to assist the trier of fact. For that exactly that reason, and the absence of any prejudice offered by defendant, his attendance should be allowed.[5] In fact, there does not appear to be any rational reason to exclude him other than to preclude the government from offering tax loss computations based on trial evidence.

                         Respectfully submitted,

                         JOSEPH RUSSONIELLO
                         United States Attorney

                         */s/ Thomas M. Newman*
                         CYNTHIA STIER
                         THOMAS M. NEWMAN
                         Assistant United States Attorney

---

[5] United States v Lussier, 929 F.2d 25 (1st Cir. 1995) (District Court did not err in failing to sequester IRS agent who testified at end of government's case to his calculation of taxes due and owing by defendant based on testimony and documents in evidence since witness' testimony was based on, summarized, and consistent with evidence presented at trial and there would have been little if any reason to sequester him.);

4