CHRISTOPHER J. CANNON, State Bar No. 88034
Sugarman & Cannon
44 Montgomery Street, Suite 2080
San Francisco, CA 94104
Telephone: 415-362-6252
Facsimile: 415-677-9445

Attorney for Defendant DIANA JING JING HOJSAK,
a/k/a JING JING LU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DIANA JING JING HOJSAK,<br>a/k/a JING JING LU,<br><br>　　　　　Defendant. | No. CR 07-0325-PJH<br><br>**MOTION TO EXCLUDE WITNESS UNDER FEDERAL RULE OF EVIDENCE 615 AND TO EXCLUDE EXPERT TESTIMONY** |

The government has provided the defense with two inconsistent tax calculations. The current version is at proposed exhibits 197-199[1]. The government hopes to submit these bane calculations through the testimony of Agent Conners by declaring him an expert without complying with the requirements of Rule 16(G). The government has not submitted any narrative explanation of the basis and reasons for the calculation opinion it hopes to introduce. The government has likewise failed to supply the defense with a

---

[1] At this time, the defense renews its request for disclosure of the SAR as <u>Brady</u> information if that SAR contains any discussion of inconsistent tax calculations, or potential defenses to the calculations presented either in the SAR or by Agent Conners.

statement of the qualifications of Agent Conners.[2] It is too late to turn Agent Conners, a summary witness, into an expert witness and he should not be allowed to testify as an expert.

There is no necessity for Agent Conners, as a summary witness, to sit through the trial because the documents he has sought to summarize are invoices and bank records and there is no requirement that his summaries of those documents be based on live testimony. Even if the government convinces this Court that Agent Conners is an expert, allowing him to sit through the testimony of the other witnesses will allow precisely the vice Rule 615 is designed to avoid, by allowing Agent Conners to shift his testimony, like the winds on the Bay on a summer day, sculpting his calculations as the evidence is introduced and requiring the defense to defend against a moving target in violation of Ms. Hojsak's Fifth Amendment right to reasonable notice of the charges. See In re Oliver, 333 U.S. 257 (1948). Accordingly, we request that the Court limit Agent Conner's testimony to summary testimony and, as a summary witness, there is no need for him to sit through the trial.

The issue on the use of "expert summary" witnesses is not as clear as the government would contend and we renew our request for the exclusion of the witness, Agent Conner, during the testimony of other witnesses. This exclusion is particularly appropriate given Agent Conners' recalculation of the alleged tax loss in this case,

---

[2] Even though the field of tax expertise in the country is very wide, counsel doubts that sitting through a trial is the method of data gathering "reasonably relied upon by experts in the [tax] field in forming opinions." See Fed.R.Evid. 703

MOTION TO EXCLUDE WITNESS UNDER FEDERAL RULE OF EVIDENCE 615 AND TO EXCLUDE EXPERT TESTIMONY
CR-07-0325-PJH

following the government's realization that a tax loss was a required element of tax evasion. Prior to that realization, Agent Conner's calculations indicated that there was no tax loss in the tax year 2000.

As the Ninth Circuit noted in United States v. Baker, 10 F.3d 1374, 1411 (9th Cir. 1993), "[a]lthough this circuit has often allowed the use of summary charts and summary witness testimony based on testimonial evidence (most commonly in tax cases), there is scant analysis on the authority for this practice." See, e.g., United States v. Poschwatta, 829 F.2d 1477, 1481 (9th Cir. 1987), cert. denied, 484 U.S. 1064 (1988). In Baker, the Ninth Circuit criticized the Fifth Circuit case of United States v. Winn, 948 F.2d 145, 158 (5th Cir. 1991), which arguably allowed one witness to "summarize" the testimony of others. Since Winn was decided, however, even the Fifth Circuit has reconsidered and criticized the prosecutorial practice of allowing "one prosecution witness merely to repeat or paraphrase the in-court testimony of another as to ordinary, observable facts, and to do so other than in the context of rendering or explaining the basis of or matters considered in reaching an expert opinion." United States v. Castillo, 77 F.3d 1480, 1500 (5th Cir. 1996).

The introduction of summary witness testimony in a tax case led to a reversal in United States v. Marsh, 144 F.3d 1229 (9th Cir. 1998). In Marsh, after the first trial resulted in a hung jury, the government presented an IRS summary witness to testify regarding a complaint letters found in a search of the defendant's offices, event though the government contended that this material was not offered for its truth, but only to show the defendant's state of mind, i.e. that they were aware of contrary opinions and therefore did

not act in good faith. The Ninth Circuit reversed the conviction in <u>Marsh</u> finding that the use of the summary witness was a confrontation violation.

It seems that the important issue in analyzing the issue of the admissibility of summary witness testimony is that it is perfectly permissible under Federal Rule of Evidence 1006 to summarize voluminous documents through charts, summaries or calculations, as long as the underlying documents are available for examination and copying. In this case, it would be permissible to introduce a chart, summarizing the independently admissible invoices or bank records. What the government seeks here, however, is not simply the summation of otherwise admissible evidence, but rather, it seeks to present an undisclosed expert witness without complying with F.R.Crim P. 16's requirement that before such testimony is presented, the defense must receive a summary of the witnesses' opinions, the bases and reason for those opinions, and the witnesses' qualifications.

The government is free to prepare summaries of evidence to help organize the numerous transactions in this case. Allowing an IRS agent to sit through the trial, listen to the witnesses, and give his opinion on their testimony, however, goes far beyond the permissible borders of summary testimony, and may violate Ms. Hojsak's rights to adequate notice and the charges against her; to confront and cross-examine the witnesses against her; and may invade the province of the jury. Accordingly, we request that Agent

//

1  Conners be excluded from the trial, and that his testimony be limited to an actual summary
2  of other admissible evidence.

DATED: May 21, 2008                          Respectfully submitted,

/s/ Christopher Cannon
Christopher J. Cannon
Attorney for Diana Hojsak