UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>DIANA HOJSAK<br>a.k.a. Diana Lu,<br><br>Defendant. | No. CR-07-0325 PJH<br><br>**DEFENDANT'S PROPOSED GOOD FAITH INSTRUCTIONS and RESUBMISION OF TAX DEFICIENCY AND INFORMER INSTRUCTIONS** |

CHRISTOPHER J. CANNON, SBN 88034
Sugarman & Cannon
44 Montgomery Street, Suite 2080
San Francisco, CA 94104
Telephone: 415/362-6252
Facsimile: 415/677-9445

Counsel for DIANA HOJSAK

**GOOD FAITH**

The government has the burden of negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, she had a good-faith belief that she was not violating any of the provisions of the tax laws. Such a belief need not be reasonable; subjective good faith is sufficient for Ms Hojsak to prevail.

AUTHORITY

§ 9.35 Ninth Circuit Manual of Model Jury Instructions. (Comment) (The proposed language modifies the comment language by omitting the quotation marks and personalizing the language for this case.); Cheek v. United States, 498 U.S. 192, 201 (1991); United States v. Powell, 955 F.2d 1206, 1208 (9th Cir.1991)

**RELIANCE UPON PROFESSIONAL ADVICE**

As I have explained, one element which the government must prove beyond a reasonable doubt is that defendant had the unlawful intent to evade her income taxes. The burden is on the government to negate the defendant's claim that she acted in good faith by relying upon her accountants.

AUTHORITY

The first sentence is from Ninth Circuit Instruction 5.9, Advice of Counsel. The second sentence is drawn from United States v. Moran, 493 F.3d 1002, 1012 -1013 (9th Cir. 2007), relying upon United States v. Bishop, 291 F.3d 1100, 1106 (9th Cir. 2002) which states: “Willfulness ... requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty.” Id. The burden is on the government to negate the defendant's claim that he had a good faith belief that he was not violating the tax law. Id. “Good faith reliance on a qualified accountant has long been a defense to willfulness in cases of tax fraud.” Moran at 1013, quoting Bishop.

“A defendant is entitled to an instruction concerning his [or her] theory of the case if it is supported by law and has some foundation in the evidence.” United States v. Zuniga, 6 F.3d 569, 570 (9th Cir. 1993).

**TESTIMONY OF INFORMER**

You have heard testimony that Mr. Yan, a witness, sought a reward from the government in connection with this case. You should examine Yan's testimony with greater caution than that of ordinary witnesses. In evaluating that testimony, you should consider the extent to which it may have been influenced by the receipt of [e.g., benefits] from the government.

AUTHORITY

Section 4.10 Ninth Circuit Manual of Model Jury Instructions.

## PROOF OF TAX DEFICIENCY

The government must prove every element of each offense beyond a reasonable doubt. The government bears the burden of proving a defendant's income, disproving deductions and establishing that there was a tax liability. In calculating a defendant’s tax liability, the government must take into account those deductions to which the defendant is entitled. The government has a duty to follow all reasonable leads which may establish a tax payer’s position or lead to a conclusion that no taxes are owed.

AUTHORITY

Holland v. United States, 348 U.S. 121 (1954); Lawn v. United States, 355 U.S. 339, 361 (1958); Boulware v. United States, 128 S.Ct. 1168 (Mar. 3, 2008); Cheek v. United States, 498 U.S. 192, 201 (1991); Jacobson v. United States, 503 U.S. 540 (1992); United States v. Pierre, 254 F.3d 872 (9th Cir. 2001)

**GOOD FAITH**

The government has the burden of negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, she had a good-faith belief that she was not violating any of the provisions of the tax laws. Such a belief need not be reasonable; subjective good faith is sufficient for Ms Hojsak to prevail.

**RELIANCE UPON PROFESSIONAL ADVICE**

As I have explained, one element which the government must prove beyond a reasonable doubt is that defendant had the unlawful intent to evade her income taxes. The burden is on the government to negate the defendant's claim that she acted in good faith by relying upon her accountants.

**TESTIMONY OF INFORMER**

You have heard testimony that Mr. Yan, a witness, sought a reward from the government in connection with this case. You should examine Yan's testimony with greater caution than that of ordinary witnesses. In evaluating that testimony, you should consider the extent to which it may have been influenced by the receipt of [e.g., benefits] from the government.

**PROOF OF TAX DEFICIENCY**

The government must prove every element of each offense beyond a reasonable doubt. The government bears the burden of proving a defendant's income, disproving deductions and establishing that there was a tax liability. In calculating a defendant’s tax liability, the government must take into account those deductions to which the defendant is entitled. The government has a duty to follow all reasonable leads which may establish a tax payer’s position or lead to a conclusion that no taxes are owed.