CHRISTOPHER J. CANNON, State Bar No. 88034
Sugarman & Cannon
44 Montgomery Street, Suite 2080
San Francisco, CA 94104-6702
Telephone: 415/362-6252
Facsimile: 415/677-9445

Attorney for Defendant DIANA JING JING HOJSAK LU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. CR 07-0325-PJH |
| ) | |
| Plaintiff, ) | **OPPOSITION TO THE** |
| ) | **UNITED STATES' MOTION** |
| v. ) | **TO MODIFY RELEASE** |
| ) | **ORDER** |
| DIANA JING JING HOJSAK, ) | |
| a/k/a JING JING LU, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

The United States seeks to modify the conditions of release to require Ms. Hojsak to remain in the Northern District of California pending appeal on the ground that it now believes she is a flight risk. This Court should deny the government's motion. The Court has even more evidence before it now, than when Ms. Hojsak was first arraigned, that she is not a flight risk. It is time to loosen the conditions for release, not tighten them.

On June 7, 2007, Ms. Hojsak was released from custody on the condition that she post a $250,000.00 bond secured by property located at 111 Chestnut Street; that she

surrender her passport and remain in the Northern District of California; and that a portion of the proceeds of a civil settlement payable to her be held by counsel while the prosecution against her was pending.

Shortly after her release, Ms. Hojsak's conditions of release were modified to allow domestic and international travel. Although Ms. Hojsak's business is based here in the United States, that business requires both domestic and international travel. While the case against her has been proceeding, Ms. Hojsak has traveled in the United States and internationally without incident, and there is no reason for the Court to grant the government's motion to modify the conditions of her release to require that she remain in the Northern District.

Over the course of the past year, Ms. Hojsak has traveled domestically and internationally without incident. She has fully complied with all conditions imposed upon her by the Court; she has made all of her court appearances and cooperated fully with pretrial and the Court. She has done nothing to indicate that she is a flight risk.

As the defense informed the Court at the time of the request for modification over a year ago, Ms. Hojsak is a talented business woman, who over the years has leveraged her knowledge of both China and the West into a variety of lucrative positions. She currently occupies, with success, two professional roles, both of which are based in San Francisco.

In one capacity, her job is to connect the United States and Chinese markets. She is the CEO of Image Global Impact, an international firm engaging in cross-cultural business consulting. IGI specializes in global market strategic planning, market penetration, operations implementation and brand recognition for Western companies to initiate and

build sustainable business in China's market. IGI also helps premier Chinese enterprises expand their markets and build their brand in the West. While this case has been ongoing, Ms. Hojsak has continued to invest in her business and strengthen her substantial ties to the United States.

Just over a year ago, IGI launched an upscale fashion line inspired by the best influences from the West and East. That fashion line develops seasonal clothing lines, including business attire, evening gowns, separates, handbags and accessories. That business requires travel to China to arrange for the production and manufacturing of the articles. These hands-on meetings with suppliers are vital to the production of the clothing, and without the personal meetings and inspections of the goods, it would be impossible to insure quality production.

As anyone who has watched any of the recent Olympic broadcasts, ventured into a Walmart, or reads the financial pages can tell, China has vast production resources. The utilization of those resources for the fabrication of a high-end clothing line, however, requires person-to-person selection of fabric, inspection of manufacturing locations, review of samples and periodic inspection of the manufacturing process, to insure that the final product meets the high-end expectations of customers from American upper market retailers, including individual boutiques and retailers like Neiman Marcus, Saks, and Nordstrom.

The government claims that Ms. Hojsak's receipt of funds since her indictment somehow makes her a flight risk. In fact, the opposite is true – these funds were used by Ms. Hojsak in her business, increasing her ties to the United States and the Bay Area. Her

financial commitment to the development of the business and her efforts to continue that business provide additional proof that was not available at the time of the indictment that she is not a flight risk.

Moreover, just last week, Ms. Hojsak[1] learned that her father's diabetes has led to kidney failure and that there are only two treatment options: dialysis or a kidney transplant. Ms. Hojsak believes that UCSF has one of the best kidney transplant programs in the world and she is actively investigating the potential that her father may be treated here in San Francisco. That treatment would require a United States visa, and Ms. Hojsak would never endanger her father's chance for a visa and restoration of health by fleeing from the consequences of this case. If ultimately the family decides to treat the problems in China, Ms. Hojsak will need to travel to support her father.

Although Ms. Hojsak has been convicted, she will appeal and has good grounds for that appeal.[2] Moreover, this is a tax case, which does not carry a lengthy minimum sentence. There is simply no reason for Ms. Hojsak to flee the country, destroy her business and jeopardize any ability to remain in this country and earn a living here.

Moreover, Ms. Hojsak knew that she was under investigation for a year before she was indicted. She retained counsel prior to indictment and voluntarily surrendered when she was indicted. Her presence is guaranteed by her home and the $250,000.00 currently held by counsel; her entire business investment and her entire business plan and years of

---

[1] Although she is not currently practicing as a physician, Ms. Hojsak graduated from medical school in China and worked as a medical professor before she became an entrepreneur.
[2] We are attaching to this motion as an exhibit a copy of our motion for a new trial. Although that motion was denied by the district court, the arguments in that motion are substantial and may lead to reversal on appeal.

effort, not to mention her father's health, require her to stay in the United States. She is simply not a flight risk.

Ms. Hojsak's business, as detailed in her autobiography, her work with IGI and her current venture in the fashion business, all depend upon Ms. Hojsak's ability to use her knowledge of Chinese and American societies to combine their features for profit. Ms. Hojsak is unlikely to permanently return to China because such a return, with the accompanying inability to come back to the United States, would devastate her business, which depends upon access to both China and the United States.

Ms. Hojsak is neither a flight risk nor a danger, as demonstrated by her surrender in this case, the posting of her home, and her return to the United States following permitted overseas travel. Accordingly, she respectfully requests that the Court deny the government's motion to modify the conditions of her release and continue to permit Ms. Hojsak to travel domestically and internationally, as needed, under the same conditions that have applied for the past year, and we would again renew our request for the release of the funds presently held by counsel.[3]

Date: August 18, 2008                             /s/
                                      _____
                                      Christopher J. Cannon
                                      Counsel for Diana Jing Jing Hojsak Lu

/ / /

---

[3] As indicated in the past, we would be happy to provide Ms. Hojsak's bank records to the Court, under seal.

OPPOSITION TO THE UNITED STATES' MOTION TO MODIFY RELEASE ORDER
No. CR 07-0325-PJH

SO ORDERED.

Date: _____