JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney
BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division
CYNTHIA STIER (DCBN 423256)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7000
    FAX: (415) 436-7234

Attorneys for United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>     Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> ) <br> DIANA JING JING HOJSAK, ) <br> a/k/a JING JING LU, ) <br> ) <br>     Defendant. ) <br> ) <br> _____) | No. CR 07- 0325 - PJH <br><br> **APPEAL OF ORDER ALLOWING TRAVEL TO CHINA OR ALTERNATIVELY MOTION FOR REVIEW OF RELEASE ORDER** <br><br> Date:  August 22, 2008 <br> Time:  2:00 p.m. |

COMES NOW the Plaintiff, United States of America, and files this motion to appeal the Magistrate's Order Allowing Travel to China or alternatively, pursuant to 18 U.S.C. §3145(a)(1), to amend the conditions of release to restrict the Defendant's travel to the Northern District of California.

### **Legal Standard for Motion to Amend Conditions of Release**

Title 18, United States Code, Section 3145(a)(1) provides in pertinent part that: If a person is ordered released by magistrate judge, ... the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment

of the conditions of release... 18 U.S.C. 3145 (a)(1). The district court reviews the magistrate judge's decision de novo. United States v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990). In conducting its review, the district court may hold additional evidentiary hearings, but is not required to do so. Id.

**Pertinent Procedural History**

On June 4, 2008, the Defendant was convicted of tax evasion and to subscribing to false income tax returns. Defendant's sentencing is scheduled for October 29, 2008. The United States requested that the Defendant's release conditions be modified to prohibit her from international travel on the grounds that she is a flight risk. The government based it's request on the fact that the Defendant is not a citizen of the United States and may be subject to removal from the United States for having been convicted of an aggravated felony as defined in §101(a)(43)(M) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(M)(ii) (offense under §7201 (relating to tax evasion) in which the revenue loss to the government exceeds $10,000); **Evangelista v. Ashcroft**, 359 F.3d 145, 151-52 (2nd Cir. 2004); see also, **Kawashima v. Makasey**, 530 F.3d 1111 (9th Cir. 2008). Accordingly, the United States contends that the Defendant, who is subject to deportation to China, should not be allowed to travel internationally prior to serving any sentence imposed by this Court on October 29, 2008. The United States specifically requested that the Defendant's travel be restricted to the Northern District of California.

**Defendant is a flight risk**

18 U.S.C. §3142(c) mandates the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required. United States v. Motamedi, 767 F.2d 1403, 1405 (9th Cir. 1985). The United States contends that this condition was satisfied by the conditions of release prior to trial which allowed the Defendant to travel, both nationally and internationally, in return for adequate financial conditions including a $250,000 bond secured by her condominium and her attorney's retention

US v. Hojsak,
CR- 07- 0325 - PJH, Appeal of Order
Allowing Travel to China or Alternatively
Motion for Review of Release Order        2

of over $1,000,000 that was payable to her from a civil settlement from YOFC. [1]

The United States argues that these conditions are no longer adequate to ensure the Defendant's appearance at sentencing. The government urges the Court to modify the conditions for release to restrict the Defendant's travel to the Northern District of California.

The United States urges this Court to consider, among other things, that the Defendant's family is in China, that she has business affairs in China, and that her federal tax liability exceeds the value of her property in the United States. In addition to obtaining monies through refinancing her property, the Magistrate returned approximately $800,000 from the YOFC settlement proceeds between May 2007 and trial in May 2008.

The United States further urges the Court to consider that Defendant Hojsak has now been convicted by a jury of two counts each of tax evasion (26 U.S.C. §7201) and making and subscribing false corporate income tax returns (26 U.S.C. §7206(1)) and is scheduled for sentencing on October 29, 2008. Because she is not a US citizen, Defendant may be subject to removal from the United States for having been convicted of an aggravated felony as defined in §101(a)(43)(M) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(M)(ii) (offense under §7201 (relating to tax evasion) in which the revenue loss to the government exceeds $10,000); **Evangelista v. Ashcroft**, 359 F.3d 145, 151-52 (2nd Cir. 2004); see also, **Kawashima v. Makasey**, 530 F.3d 1111 (9th Cir. 2008). The Defendant should not be permitted to travel to China prior to serving her sentence. Rather, the Defendant should remain in the United States to serve the sentence imposed by this Court on October 29, 2008. Defendant has little incentive to return from China to the United States to serve a sentence, pay her federal tax liability and any

---

[1] Prior to her conviction, Defendant's counsel agreed to retain $1,000,0000 of the civil settlement proceeds, plus a $250,000 bond secured by her condominium. Those terms were agreeable to the government in order to allow the Defendant to travel internationally prior to trial. However, the Magistrate has returned all but $200,000 of the civil settlement proceeds to the Defendant on motions opposed by the government.

US v. Hojsak,
CR- 07- 0325 - PJH, Appeal of Order
Allowing Travel to China or Alternatively
Motion for Review of Release Order            3

criminal fines, only to face possible deportation after the sentence is served.

### Conclusion

FOR THE REASONS SET FORTH ABOVE, the United States seeks to modify the conditions of release to require the Defendant to remain in the Northern District of California.

DATED: August 22, 2008     /s/ Cynthia Stier
                           CYNTHIA STIER
                           Assistant United States Attorney

US v. Hojsak,
CR- 07- 0325 - PJH, Appeal of Order
Allowing Travel to China or Alternatively
Motion for Review of Release Order     4

US v. Hojsak,
CR- 07- 0325 - PJH, Appeal of Order
Allowing Travel to China or Alternatively
Motion for Review of Release Order          5