UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

No. CR 07-0325 PJH

    v.

**ORDER RE: SUPPLEMENTAL BRIEFING**

DIANA HOJSAK,
a.k.a. DIANA LU,

    Defendant.
_____/

        This matter came before the court for sentencing on December 10, 2008. At the hearing, the court ordered supplemental briefing on the issue of proof of tax loss under United States Sentencing Guidelines § 2T1.1. The court issues this order to clarify the issues that the parties are required to address in their supplemental briefs.

        First, the parties are ORDERED to address the standard of proof regarding the tax loss finding. Hojsak contends that the standard is one of clear and convincing evidence, while the government contends that the standard remains proof by a preponderance of the evidence. In support, Hojsak cites to *United States v. Hopper*, 177 F.3d 824, 833 (9th Cir. 1999), for the proposition that a sentencing factor that results in an increase in the offense level by four points, shifts the government's burden of proof from preponderance of the evidence to clear and convincing evidence. *Hopper*, however, does not say that, and actually appears to imply that an increase in the offense level by two to four points is *insufficient* to shift the burden. *Id.* Additionally, although Hojsak cites to a case that appears to be on point, *United States v. Jordan*, 256 F.3d 922 (9th Cir. 2001), she has nevertheless provided the court with an inaccurate and incomplete citation. *See* Def.

Sentencing Memorandum at 4 (citing to *Jordan* at "*9*56 F.3d").

Hojsak also cites to Ninth Circuit cases that indeed provide that "when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction," the district court "must . . . find the facts by a clear and convincing evidence of proof." *United States v. Kilby*, 443 F.3d 1135, 1140 (9th Cir. 2006); *see also United States v. Staten*, 466 F.3d 708, 718 (9th Cir. 2006). However, those cases must be reconciled with the Ninth Circuit's recent decision in *United States v. Garro,* in which the Ninth Circuit held that the heightened evidentiary standard is not required where "the sentencing enhancement for amount of loss was not based on uncharged or unacquitted conduct." 517 F.3d 1163, 1169 (9th Cir. 2008); *see also United States v. Armstead*, 546 F.3d 1097, 1104 (9th Cir. October 15, 2008) (sentencing enhancements "based on criminal activity for which the defendant has already been convicted" need only be proven by a preponderance of the evidence).

In their supplemental briefs, the parties should specifically discuss not only the applicable standard of proof, but also how to reconcile the above two lines of cases.[1]

Second, the parties are ORDERED to address *how* the amount of tax loss is to be proven for sentencing purposes where, in a case like this one, the jury was not asked nor did it find the amount of loss. This includes the *procedure* to be followed by the court in calculating the tax loss. For example, is an evidentiary hearing required given that Hojsak has not had an opportunity to attempt to refute a specific amount of claimed loss? Additionally, is the government bound by the evidence presented at trial upon which the jury found some unspecified loss, or can it introduce additional evidence? In answering these questions, the parties should cite to *controlling* case law where available, and ensure

---

[1] Additionally, the court further notes that in an unpublished 2006 case, the Ninth Circuit specifically addressed the standard for proving tax loss under U.S.S.G. § 2T1.1, and, based on *Jordan*, and *United States v. Riley*, 335 F.3d 919, 926 (9th Cir. 2003), held that the district court erred in requiring clear and convincing evidence regarding the tax loss. *United States v. Weakley*, 175 Fed Appx. 847, 850-51 (9th Cir. 2006); *see also United States v. Montano*, 250 F.3d 709, 713 (9th Cir. 2001) (holding amount of tax loss properly proved by a preponderance of the evidence).

that they are providing the court with accurate, up-to-date citations.

The court notes that the Ninth Circuit has held, in an unpublished decision, that this court is not required to hold an evidentiary hearing in determining tax loss, but that it is sufficient for the court to simply consider the parties' sentencing memoranda, the presentence report, and any objections.  *See United States v. Suzuki*, 180 Fed.Appx. 751, 752 (9th Cir. 2006).  The court further notes that the Ninth Circuit's published decision in *United States v. Bishop*, 291 F.3d 1100, 1115-1116 (9th Cir. 2002), appears to be instructive on the method for proving tax loss, and regarding objections to the government's tax loss calculation.

The government's supplemental brief is due no later than **Friday, December 19, 2008.**  Defendant's supplemental brief is due no later than **Friday, January 9, 2009.** Following its review of the parties' briefs, the court will notify the parties regarding the date of the rescheduled sentencing hearing.

**IT IS SO ORDERED.**

Dated: December 11, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge